1 | **SUSAN K. HATMAKER 172543**
**Email: susan@hatmakerlaw.com**
2 | **ROBERT W. BRANCH 154963**
**Email: robert@hatmakerlaw.com**
3 | **HATMAKER LAW GROUP**
7522 N. Colonial Avenue, Suite 105
4 | Fresno, California 93711
Telephone: (559) 374-0077
5 | Facsimile: (559) 374-0078

6 | Attorneys for Defendants:
RAISIN CITY ELEMENTARY SCHOOL DISTRICT; and
7 | FRESNO COUNTY SUPERINTENDENT OF SCHOOLS

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **EASTERN DISTRICT OF CALIFORNIA**

11 | * * *

12 | BRENDA J. WEIL, an individual,        )   Case No.
                                        )
13 |            Plaintiff,                )   [Removal from Superior Court of California,
                                        )   County of Fresno, Case No. 21CECG00307]
14 | v.                                   )
                                        )
15 |                                      )   **DEFENDANT RAISIN CITY**
   RAISIN CITY ELEMENTARY SCHOOL        )   **ELEMENTARY SCHOOL DISTRICT'S**
16 | DISTRICT; FRESNO COUNTY             )   **NOTICE OF REMOVAL OF CIVIL**
   SUPERINTENDENT OF SCHOOLS; and       )   **ACTION FROM STATE COURT**
17 | DOES 1 through 100, inclusive,       )
                                        )   **[FLSA JURISDICTION]**
18 |            Defendants.              )
                                        )
19 |                                      )   Complaint Filed:  February 2, 2021
                                        )   Trial Date:       None Set
20 |                                      )
                                        )
21 |                                      )
                                        )
22 |                                      )
                                        )
23 | _____      )

24 |

25 |

26 |

27 |

28 |

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION:

PLEASE TAKE NOTICE THAT, the notice of removal by Defendant RAISIN CITY ELEMENTARY SCHOOL DISTRICT ("Raisin City" and "Defendant"), respectfully shows:

1.      Plaintiff BRENDA J. WEIL ("Plaintiff" and "Weil") filed a complaint against Raisin City and the Fresno County Superintendent of Schools in the Superior Court of the State of California for the County of Fresno, Case No. 21CECG00307 ("Complaint").   A true and correct copy of the Complaint is attached hereto as **Exhibit A** along with the other documents making up the file of the State Court**.**

2.      The Complaint alleges that Defendants failed to compensate Plaintiff for all hours worked, including payment of minimum wages and overtime, meal periods and/or rest breaks. Plaintiff pleads thirteen causes of action based upon such alleged conduct. The Eighth Cause of Action alleges that Defendants failed to pay overtime wages to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the remaining twelve causes of action are pleaded as violations of California law, including the common law, Labor Code and Education Code. Plaintiff prays for remedies including damages, penalties, restitution, attorney fees and costs.

3.      This Court has original federal question jurisdiction under 28 U.S.C. section 1331 because the Eighth Cause of Action of the Complaint for violation of the FLSA, claiming unpaid overtime wages, arises under the laws of the United States.

4.      Because the Complaint includes causes of action which would be subject to the Court's federal question jurisdiction, the Court has removal jurisdiction pursuant to 28 U.S.C. section 1441(a). (*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (removal of action claiming violation of FLSA.)

5.      In addition to its jurisdiction over the Eighth Cause of Action as arising under the laws of the United States, as set forth more fully below, this Court has supplemental jurisdiction over the remaining state law causes of action pursuant to its supplemental jurisdiction under 28 U.S.C. section 1367.

*///*

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

**Defendant Raisin City Elementary School District's Notice of Removal of Civil Action from State Court**

6.     The Court has supplemental jurisdiction of the causes of action based on state law because they are so related to claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The issues raised in the causes of action based on state law overlap and are intertwined with those of the claims for unpaid overtime under the FLSA and are primarily grounded in the allegation that the Plaintiff's employment status was misclassified.

7.     All of the causes of action in the Complaint are derived from a common nucleus of operative facts, including the Eighth Cause of Action alleging violation of the FLSA. Specifically, the allegation that the Plaintiff's employment status was misclassified serves as the basis for the entire Complaint. (Complaint, ¶¶ 1 and 2.)

8.     Because all of the causes of action are derived from the same nucleus of operative facts, they are so related to the claims within the original jurisdiction of the court that they form the same case or controversy under Article III of the United States Constitution and therefore supplemental jurisdiction applies pursuant to 28 U.S.C. section 1367 and should be exercised by the Court as a result of this removal to retain all claims based on state law.

9.     Removal to this Court is proper as the Fresno County Superior Court is in the Eastern District of California, Fresno Division. See, 28 U.S.C. §1446(a).

10.    Each other named defendant – FRESNO COUNTY SUPERINTENDENT OF SCHOOLS – has consented to this removal.

11.    Unknown defendants sued as "DOES" need not join in a Notice of Removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

12.    Filed herewith is a copy of all process, pleadings, and orders in the entirety of the State Court Action are filed herewith, including all those served on RAISIN CITY ELEMENTARY SCHOOL DISTRICT.

13.    A Notice of Notice of Removal with a copy of this Notice of Removal attached will be promptly served on counsel for parties and filed with the Clerk of the Fresno County Superior Court in the State Court Action. A certificate of service and filing will be filed with this Court.

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of California, County of Fresno, be removed therefrom to this Court.

DATED:  March 24, 2021                           HATMAKER LAW GROUP
                                                               A Professional Corporation


                                                   By:  ___/s/ Susan K. Hatmaker_____
                                                               SUSAN K. HATMAKER
                                                               ROBERT W. BRANCH
                                                               Attorney for Defendants RAISIN CITY
                                                               ELEMENTARY SCHOOL DISTRICT; and
                                                               FRESNO COUNTY SUPERINTENDENT
                                                               OF SCHOOLS

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

Defendant Raisin City Elementary School District's Notice of Removal of Civil Action from State Court

# EXHIBIT "A"

**WANGER JONES HELSLEY PC**
265 East River Park Circle, Suite 310
Fresno, California 93720
Telephone:   (559) 233-4800
Facsimile:   (559) 233-9330

Scott D. Laird #190122
slaird@wjhattorneys.com
Amanda G. Hebesha #234214
ahebesha@wjhattorneys.com
Benjamin C. West #322293
bwest@wjhattorneys.com

Attorneys for Plaintiff BRENDA J. WEIL

E-FILED
2/2/2021 10:02 PM
Superior Court of California
County of Fresno
By: A. Ramos, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

### UNLIMITED CIVIL DIVISION

| | |
|---|---|
| BRENDA J. WEIL, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>RAISIN CITY ELEMENTARY SCHOOL DISTRICT; FRESNO COUNTY SUPERINTENDENT OF SCHOOLS; and DOES 1 through 100, inclusive,<br><br>    Defendants. | **Case No.** 21CECG00307<br><br>**COMPLAINT FOR:**<br><br>(1)  **Breach of Contract;**<br>(2)  **Statutory Indemnity;**<br>(3)  **Implied Contractual Indemnity;**<br>(4)  **Equitable Indemnity;**<br>(5)  **Negligence;**<br>(6)  **Failure to Pay Minimum Wages;**<br>(7)  **Failure to Pay Wages, Including Overtime Wages;**<br>(8)  **Failure to Pay Overtime Wages;**<br>(9)  **Failure to Provide Meal Periods;**<br>(10) **Failure to Provide Rest Periods;**<br>(11) **Failure to Provide Accurate Itemized Wage Statements;**<br>(12) **Failure to Reimburse for Employment-Related Expenses; and**<br>(13) **Declaratory Relief**<br><br>**JURY TRIAL DEMANDED** |

{8329/004/01197750.DOCX}{8329/004/01197750.DOCX}

**EXHIBIT A**

Plaintiff, BRENDA J. WEIL, an individual ("Plaintiff" or "Ms. Weil"), hereby alleges as follows:

## I.

## **NATURE OF THE ACTION**

1.      This case involves defendant-employers' deliberate scheme to misclassify Plaintiff. Defendant-Employers treated Plaintiff as an independent contractor, and purposefully mislead Plaintiff to believe she was an independent contractor to her great detriment, denying her the fundamental protections due to employees under California and Federal law and the applicable collective bargaining agreement, if any. This action seeks to obtain restitution of wages, including but not limited to, employee benefits, improperly denied by Defendant-Employers to Plaintiff and other damages, under the California Labor Code, the California Industrial Welfare Commission's Wage Orders, the California Education Code, any applicable collective bargaining agreement, the Fair Labor Standards Act, and other statutes and regulations applicable to non-exempt employees in the State of California, and California Tort Claims Act, Government Code section 910, *et seq.*, and contract clause of the State Constitution.

2.      The result of Employer-Defendants' misclassification of Plaintiff, is that she was routinely denied payment of all earned wages, including employee benefits, in the form of: (i) the minimum-wage compensation required under California law for each hour worked; (ii) payment of overtime compensation; (iii) the premium wages earned by employees for each day they are deprived a meal break; (iv) the premium wages earned by employees for each day they are deprived a rest break; (v) payment of significant employment benefits including paid medical or vacation leaves, paid holidays, pension and retirement funds, health, dental and disability insurance, bonuses, and other benefits employer-defendants provide to employees properly classified as such; (vi) failing to reimburse Plaintiff for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of her duties; and (vii) provision of Workers Compensation protection in the event of work-related injuries or sicknesses. Instead, Defendant-Employers took such compensation earned by, and owed to, Plaintiff and unlawfully converted the funds for Employer-Defendants' own use and benefit. Said misclassification also caused Plaintiff to suffer other damages, including but not limited to having

{8329/004/01197750.DOCX} {8329/004/01197750.DOCX}       1

**EXHIBIT A**

1    to reimburse the overpayment of retirement benefits in the amount of $365,737.60 resulting from her

2    reinstatement from retirement for the period of April 1, 2015 through September 30, 2019; incur tax

3    liability and penalties; loss of retirement funds from September 24, 2019, to present, having to sell her

4    home to pay for daily living expenses, incur significant attorney's fees and suffering extreme emotional

5    distress all as a result of Defendant-Employers' unlawful acts and omissions.

6                                                    **II.**

7                                               **PARTIES**

8          3.     Plaintiff is, and at all times relevant herein was, an individual residing in the County of

9    Fresno, State of California.

10         4.     Plaintiff is informed and believes, and thereon alleges, that Defendant RAISIN CITY

11   ELEMENTARY SCHOOL DISTRICT ("Defendant RCESD") is a public school district and political

12   subdivision operating in the County of Fresno, State of California.

13         5.     Plaintiff is informed and believes, and thereon alleges, Defendant FRESNO COUNTY

14   SUPERINTENDENT OF SCHOOLS ("Defendant FCSS") is a duly elected decision-making body for

15   the County of Fresno, State of California. Plaintiff is further informed and believes, and thereon alleges,

16   that Defendant FCSS is considered the employer of all Fresno County school districts, including, but

17   not limited to, Defendant RCESD, and is the joint employer of Plaintiff. Defendant FCSS and Defendant

18   RCESD are sometimes collectively referred to herein as "Defendant-Employers".

19         6.     Plaintiff is currently ignorant of the true names and capacities of the Defendants sued

20   herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious names

21   pursuant to section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes,

22   and thereon alleges, that each of the fictitiously named Defendants is in some manner responsible for

23   the damages suffered by Plaintiff as alleged herein. Plaintiff will therefore amend this Complaint to

24   allege their true names and capacities when ascertained, together with any appropriate charging

25   allegations. Whenever the terms "Defendant RCESD," "Defendant FCSS," "Defendant-Employers", or

26   "Defendants" are used herein, said terms shall be construed as including Defendants DOES 1 through

27   25, inclusive.

28         7.     Plaintiff is informed and believes, and thereon alleges that Defendant RCESD, Defendant

**EXHIBIT A**

1 | FCSS, and Defendants DOES 1 through 25, and each of them, were, at all times relevant herein, acting
2 | as the agents, servants, partners, assignees, successors in interest, joint venturers, employees, joint-
3 | employers, and/or representatives of each of the remaining defendants, and in doing the things alleged,
4 | were acting in the scope of said agency, partnership, assignment, succession in interest, employment,
5 | and/or representation, or in the alternative, ratified and approved the conduct of the other defendants.

6 | **III.**

7 | **JURISDICTION AND VENUE**

8 | 8. Jurisdiction is proper in this Court as the amount in controversy exceeds $25,000.00.

9 | 9. Venue is proper in this Court as: all causes of action arose in the County of Fresno, State
10 | of California; and all parties conduct business in and/or reside in the County of Fresno, State of
11 | California.

12 | **IV.**

13 | **PROCEDURAL ALLEGATIONS/COMPLIANCE RELATING TO PLAINTIFF'S**
14 | **GOVERNMENT TORT CLAIMS**

15 | 10. Juan R. Sandoval ("Superintendent Sandoval") is Defendant RCESD's current
16 | superintendent. Pursuant to section 35035, subdivision (a) of the Education Code, and Superintendent
17 | Sandoval's July 1, 2017 Employment Agreement with Defendant RCESD, Superintendent Sandoval's
18 | duties include "[s]erving as the Chief Executive Officer of the Board," "[a]cting as the Secretary of the
19 | Board and perform[ing] all necessary clerical duties in that capacity." (See (Educ. Code § 35035(a);
20 | see *Fleming v. Superior Court* (2010) 191 Cal.App.4th 73, 88 [as "the 'CEO' of their districts,"
21 | superintendents have been given "relatively broad authority . . . by the Legislature"]; see also Ed. Code
22 | §§ 35020, 35026, 35250.)

23 | 11. Prior to the filing of this complaint, Plaintiff presented a claim to Defendant FCSS and
24 | Defendant RCESD in substantial compliance of the California Tort Claims Act, Government Code
25 | section 910, *et seq.* Defendant FCSS and Superintendent Sandoval—as the Secretary of Defendant
26 | RCESD—were expressly listed as carbon copy or cc recipients of Plaintiff's Government Tort Claim.
27 | (See Ex. "A"; cf. Gov. Code, § 915, subd. (e)(1), emphasis added [providing that a misdirected
28 | government claim against a local public entity shall be deemed in substantial compliance with the

**EXHIBIT A**

1  California Tort Claims Act if the claim is "actually received by the clerk, **secretary**, auditor, or board
2  of the local public entity"].)

3      12.    On January 7, 2020, Plaintiff received a preliminary draft of Defendant RCESD's
4  January 13, 2020 Board Meeting Agenda confirming Superintendent Sandoval—and thus the Governing
5  Board of Defendant RCESD—had received Plaintiff's Government Tort Claim against Defendant
6  RCESD and Defendant FCSS, the agenda listed the following as a topic of discussion for the closed
7  session portion of the Meeting: "Conference with Legal Counsel: Potential Litigation (Government
8  Code section 54956.9(b)) Number of Potential Cases: 1 December 19, 2019 Government Claim of
9  [Plaintiff] against [Defendant RCESD]."

10     13.    On or about January 17, 2020, counsel for Defendant FCSS acknowledged his client's
11 receipt of Plaintiff's Government Tort Claim against each Defendant-Employer.

12     14.    Plaintiff is informed and believes, and thereon alleges, that both Defendant RCESD and
13 Defendant FCSS failed to act on or otherwise formally respond to Plaintiff's Government Tort Claim
14 within the time limits specified under Government Code section 910, *et seq.*

15     15.    On or about April 17, 2020, Plaintiff provided to Defendant RCESD and Defendant
16 FCSS a supplemental written notification which, among other things, reminded Defendants of Plaintiff's
17 Government Tort Claim against the entities, although Plaintiff in good faith was pursuing an alternate
18 remedy.

19     16.    On or about May 14, 2020, Defendant RCESD Board rejected Plaintiff's Government
20 Tort Claim for purported untimeliness.  However, Defendant RCESD's "rejection" of Plaintiff's
21 Government Code claims was untimely as it was made more than forty-five (45) days after Plaintiff's
22 claims were presented.  (See Gov. Code, § 911.3, subds. (a)-(b); *Alliance Financial v. City and County*
23 *of San Francisco* (1998) 64 Cal.App.4th 635, 644; *Perez v. Golden Empire Transit. Dist.* (2012) 209
24 Cal.App.4th 1228, 1234; *Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38; *Martinez v.*
25 *County of Los Angeles* (1978) 78 Cal.App.3d 242, 245; *Westcon Construction Corp. v. County of*
26 *Sacramento* (2007) 152 Cal.App.4th 183, 202.)  Similarly, on or about May 1, 2020, Defendant FCSS
27 rejected Plaintiff's Government Tort Claim for purported untimeliness.  However, Defendant FCC's
28 "rejection" of Plaintiff's Government Code claims was untimely as it was made more than forty-five

**EXHIBIT A**

1    (45) days after Plaintiff's claims were presented.

2       17.    To the extent Plaintiff's compliance with the California Tort Claims Act's claim

3 presentation requirements was deficient, Defendant RCESD and Defendant FCSS waived any

4 objections to such deficiency by failing to notify Plaintiff of same at any time prior to February 2, 2020.[1]

5 **V.**

6 **<u>TOLLING OF STATUTE OF LIMITATIONS AS TO ALL CAUSES OF ACTION</u>**

7       18.    Plaintiff is informed and believes, and thereon alleges, that all of Plaintiff's claims and

8 causes of action against Defendant-Employers and DOES 1-100 have been tolled.

9       19.    As amended through July 1, 2020, California Rules of Court, Emergency Rule 9(b)

10 provides that, "[n]otwithstanding any other law, the statutes of limitations . . . for all civil causes of

11 action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020." (Cal. Rules of

12 Court ["CRC"], Emergency Rule 9, subd. (b.).) In adopting Emergency Rule 9, the Advisory Committee

13 made the following Comment:

14            **Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause**

15            **of action.** The term "civil causes of action" includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code

16            (Of the Time of Commencing Civil Actions), is construed "as including a special proceeding of a civil nature"); special proceedings of a civil nature

17            include all proceedings in title 3 of the code, including mandamus actions under §§ 1085, 1088.5, and 1094.5-all the types of petitions for writ made

18            for California Environmental Quality Act (CEQA) and land use challenges]; see also Pub. Resources Code, § 21167(a)-(e) [setting

19            limitations periods for civil "action[s]" under CEQA].)

20            **The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure,**

21            including the limitations on causes of action found in, for example, the Family Code and Probate Code.

22

23 (CRC App I R. R. Emergency Rule 9, emphasis added.)

24 _____

25 1     .Despite Defendant RCESD having waived its right to assert a defense of untimeliness with respect to Plaintiff's Government Code claims, on June 25, 2020, Plaintiff—in full reservation of her rights—presented Defendant RCESD with an Application to Present a Late Government Tort Claim. On or about August 6, 2020, Defendant RCESD sent Plaintiff

26 Defendant RCESD's "rejection" of Plaintiff's Application to Present a Late Government Tort Claim. Despite having waived its right to assert a defense of untimeliness with respect to Plaintiff's Government Code claims, Defendant RCESD's

27 "rejection" was once again based upon Plaintiff's purported untimeliness in submitting her Government Tort Claim. Plaintiff denies her Government Tort Claim is defective or was untimely, but in full reservation of her rights will file a petition which

28 seeks relief from Defendant RCESD's improper rejection of Plaintiff's substantially compliant Government Tort Claim. (See Gov. Code, § 946.6.)

COMPLAINT FOR: (1) BREACH OF CONTRACT, ETC.; JURY TRIAL DEMANDED

**EXHIBIT A**

20. Plaintiff is informed and believes, and thereon alleges, that Emergency Rule 9 applies broadly to toll any statute of limitations included within the California Tort Claims Act, Government Code section 910, *et seq.*

21. Plaintiff has complied with all procedural and exhaustion requirements by timely filing and asserting claims sufficiently like or related to those set forth in Plaintiff's Government Tort Claim.

22. Further, Plaintiff is informed and believes, and thereon alleges, that equitable tolling has suspended the statute of limitations as to all of Plaintiff's claims and causes of action against Defendant-Employers and DOES 1-100 because: Plaintiff had alternative remedies; the decision to pursue those alternate remedies was reasonable and made a good faith; Plaintiff pursued those alternative remedies based on Defendant-Employers' representation to do so; and it only recently became necessary for Plaintiff to pursue remedies through this action. Any and all applicable statutes of limitation were equitably tolled because Plaintiff was relieved from the burden of pursuing duplicate and possibly unnecessary procedures in order to enforce the same rights or obtain the same relief. Furthermore, Defendant-Employers tricked Plaintiff thereby inducing Plaintiff to let the filing deadline to pass.

23. Plaintiff is informed and believes, and thereon alleges, that equitable tolling suspended or otherwise tolled the statute of limitations as to all of Plaintiff's claims and causes of action because: timely notice to Defendant-Employers of Plaintiff's claims was given during the statutory period; there is a lack of prejudice to Defendant-Employers in gathering and preserving evidence; and Plaintiff was reasonable and acted in good faith in pursuing the claim in the other forum.

## VI.

## FACTUAL BACKGROUND

24. From August 1985 to July 2003, Plaintiff was employed by Washington Union High School District. From July 2003 to July 2005, Plaintiff was employed by West Fresno Elementary School District. From September 2006 to April 8, 2010, Plaintiff served as the Chief Business Officer ("CBO") of Parlier Unified School District ("PUSD").

25. As an employee of various public school districts operating within Fresno County, Plaintiff paid into a pension and/or retirement fund managed by the Board of Administration of the California Public Employees' Retirement System ("CalPERS").

**EXHIBIT A**

26.     Membership in CalPERS is pursuant to the California Public Employees' Retirement Law, Government Code sections 20000, *et seq.* (the "PERL").  Until making the adverse determination referenced herein, Plaintiff was considered a member of CalPERS in good standing.

27.     On April 8, 2010, Plaintiff retired.  As a retiree, Plaintiff was entitled to—and thus began receiving—the pension and/or retirement benefits she accumulated during the course of her career as a dedicated public employee.

28.     On July 1, 2013, Anna Ramirez ("Ms. Ramirez") became Superintendent of Defendant RCESD.  Notably, prior to joining the employ of Defendant RCESD, Ms. Ramirez had served as the Director of Human Resources for Golden Plains Unified School District.

29.     At the request and/or direction of Ms. Ramirez, on October 8, 2014, Plaintiff was hired by and signed a consulting agreement with Defendant RCESD which. The Agreement did not have an end date.  Every year thereafter up through 2019, Defendant RCESD induced Plaintiff to enter into similar purported independent contract agreements.

30.     Ms. Ramirez, as the Superintendent of Defendant RCESD, expressly informed Plaintiff that the Agreement did not need an end date, as Plaintiff's services were to be performed as an independent contractor.

31.     While Ms. Ramirez, as the Superintendent of Defendant RCESD, continuously represented to Plaintiff and others that she had vast knowledge in Human Resources and/or employment-related issues, Ms. Ramirez admittedly had little to no experience when it came to school district financial reporting.  Accordingly, Ms. Ramirez specifically requested Plaintiff perform training and financial reporting work for Defendant-Employers, including but not limited to budget reports, payroll, requisitions, and purchase orders.  The services of Plaintiff were an integral part of and essential to Defendant-Employers' day-to-day business operations.

32.     Throughout the time relevant to this action, Plaintiff was regularly assigned work by her superiors, all of whom were managerial and/or supervisorial employees of Defendant-Employers. The nature, scope and extent of work assignments given to Plaintiff were determined by said managerial and/or supervisorial employees of Defendant-Employers. Pursuant to Defendant-Employers' work assignments, Plaintiff worked to gather information and write financial reports, and submitted the same

**EXHIBIT A**

1  to Defendant-Employers for review and approval, for eventual distribution to the school board and other
2  State entities. Exercising close control over Plaintiff's work, Defendant-Employers required Plaintiff to
3  comply with set hours and specific time schedules, and to be present and available at Defendant-
4  Employers' office location, where Plaintiff was provided with an email address, computers, and other
5  tools and equipment, and where Plaintiff could be readily accessible to receive instructions from
6  Defendant-Employers.

7      33.   Defendant-Employers held Plaintiff out as employee. In furtherance of this, Defendant-
8  Employers provided Plaintiff an email addresses, among other things, and required Plaintiff to keep
9  time-sheets and ran Plaintiff's pay through payroll.

10     34.   At all applicable times as alleged herein, Plaintiff was not engaged in a separate business
11  or profession. Plaintiff's work for Defendant-Employers was continuous and long term, rather than
12  periodic, and Plaintiff was dependent on Defendant-Employers for her livelihood. Defendant-Employers
13  also maintained the right to terminate Plaintiff at any time for any reason.

14     35.   Defendant-Employers willfully misclassified Plaintiff as an independent contractor, in
15  order to maximize their budgets at the expense of Plaintiff.

16     36.   As discussed herein, Defendant-Employers' unlawful conduct of misclassifying Plaintiff
17  further allowed Defendant-Employers to deprive her of fundamental employment rights, including the
18  right to be paid all compensation, including employee benefits, earned and accrued, the right to be paid
19  at least the minimum wage for all hours worked, the right to premium overtime wages, the right to
20  mandated meal breaks, the right to mandated rest breaks, the right to premium wages for missed meal
21  and rest breaks, the right to accurate itemized wage statements, the right to minimum call-in/call-back
22  time, scheduled salary increases, longevity compensation, working out of class compensation, the right
23  to health and welfare benefits – including but not limited to, health insurance, dental insurance, and
24  vision care benefits, term life insurance, holiday pay, vacation, personal illness and injury leave,
25  personal necessity leave, bereavement leave, no-tell days, family care and medical leave, the right to the
26  prompt payment of full wages within time limits designated by law, and the right to workers
27  compensation protection, provided under California and Federal law and any applicable collective
28  bargaining agreement.

**EXHIBIT A**

37.  Plaintiff would have never agreed to provide such services for Defendant-Employers if she knew that such services rendered her an employee and/or jeopardized her pension and/or retirement benefits. It was only after Defendant RCESD assured Plaintiff that providing such services for Defendant-Employers was not in violation of the PERL that Plaintiff agreed to perform such tasks. In this regard, Ms. Ramirez—touting her prior Human Resources experience—explained on multiple instances that Plaintiff's responsibilities were as a non-employee, independent contractor.

38.  Beginning in March 2015, Defendant-Employers processed Plaintiff's individual timesheets through Defendant-FCSS' Payroll department.

39.  All invoices and/or timesheets submitted by Plaintiff were approved and/or signed each month by Defendant RCESD and/or the Governing Board of Defendant RCESD (through warrant listings).

40.  While performing services for Employer-Defendants, Defendant-Employers at all times misclassified and/or treated Plaintiff as an independent contractor. In this regard, and based on repeated representations made by Defendant RCESD, Plaintiff was continuously led to believe that she at all times was performing services for Defendant-Employers as a non-employee, independent contractor.

41.  On or about July 25, 2017, CalPERS received an ethics complaint alleging that Plaintiff, a retiree, was performing services as an employee of Defendant RCESD. The ethics complaint alleged that Plaintiff was being paid as an employee of Defendant RCESD while still drawing retirement benefits from CalPERS. CalPERS commenced its investigation into Plaintiff's employment status with Defendant-Employers in late July 25, 2017, and put Defendant-Employers on notice of the same.

42.  As part of investigating complaint it had received, CalPERS requested and reviewed information provided by Defendant-Employers from July 2017 through September 2018. As such, even though Defendant-Employers knew they had willfully misclassified Plaintiff since 2013, they became aware of the CalPERS claim that Plaintiff was misclassified in July 2017, and as such, received notice of Plaintiff's claims and causes of action within the applicable statutory periods.

43.  Upon notice of the CalPERS investigation in 2017, Defendant RCESD adamantly informed Plaintiff that the CalPERS investigation would reveal Plaintiff was an independent contractor and that Defendant RCESD "would take care of it" on Plaintiff's behalf. In this regard, Defendant

**EXHIBIT A**

1 RCESD expressly informed Plaintiff that Defendant RCESD's counsel would jointly represent Plaintiff
2 and Defendant RCESD in challenging CalPERS' investigation and any findings with respect to
3 Plaintiff's RCESD employment status.

4     44.    As the above representations reflect, Defendant RCESD at all times made Plaintiff
5 believe she was an independent contractor and that Defendant RCESD would defend and indemnify
6 Plaintiff with respect to CalPERS investigation and any such findings.  Had Defendant RCESD not
7 made such representations and agreed to defend and indemnify Plaintiff, Plaintiff would not have agreed
8 to be jointly represented by Defendant RCESD.  In this regard, without Defendant RCESD's
9 representations, Plaintiff would have retained separate counsel and immediately filed suit against
10 Defendant RCESD.

11     45.    On or about September 25, 2018, CalPERS issued a preliminary adverse determination
12 letter to Plaintiff and Defendant-Employers, which found that, during the period of April 12, 2010 to
13 June 30, 2017, Plaintiff was a common law employee for Employer-Defendants and thus violated
14 Government Code sections 7522.56, 20028, 21220, 21221, 21224, and 21229.  (See Gov. Code, §§
15 7522.56, 20028, 21220, 21221, 21224, 21229.)

16     46.    Government Code section 7522.56, subdivision (b) provides that "[a] retired person shall
17 not serve, be employed, or be employed through a contract directly by . . . a public employer in the same
18 public retirement system from which the retiree receives the benefit without reinstatement from
19 retirement . . . ."  (Gov. Code, § 7522.56, subd. (b).)

20     47.    Government Code section 20028 defines "Employee" as "[a]ny person in the employ of
21 a contracting agency."  (Gov. Code, § 20028.)  Government Code section 20056 defines "Public agency"
22 as "any city, county, district, other local authority or public body of or within" California.  (Gov. Code,
23 § 20056.)  Government Code section 20063 defines "School employer" as:

24     (a) . . . [A] county superintendent of schools, other than the Los Angeles
    County Superintendent of Schools and the San Diego County
25     Superintendent of Schools, that has entered into a contract with the board
    pursuant to Chapter 6 (commencing with Section 20610) and any school
26     district or community college district that was a contracting agency on
    July 1, 1983, excluding that portion of a contract with the Los Angeles
27     City Unified School District and the Los Angeles Community College
    District that pertains to local police officers, as defined in Section 20430,
28     on July 1, 1983, and excluding a school district or a community college

EXHIBIT A

district, as defined in subdivision (i) of Section 20057, that entered into a contract with the board on or after January 1, 1990, and whose employees are school safety members, as defined in Section 20444.

(b) Notwithstanding subdivision (a), "school employer" may not include any county office of education, school district, or community college district that participates in a risk pool.

(Gov. Code, § 20063.)

48. Government Code section 20120 provides that the management and control of CalPERS' system is vested in CalPERS' Governing Board. (Gov. Code, § 20120.) Government Code section 20125 provides that CalPERS' Governing Board "shall determine who are employees and is the sole judge of the conditions under which persons may be admitted to and continue to receive benefits . . . ."

(Gov. Code, § 20125.)

49. Government Code section 20160 provides:

(a) Subject to subdivisions (c) and (d), the board may, in its discretion and upon any terms it deems just, correct the errors or omissions of any active or retired member, or any beneficiary of an active or retired member, provided that all of the following facts exist:

(1) The request, claim, or demand to correct the error or omission is made by the party seeking correction within a reasonable time after discovery of the right to make the correction, which in no case shall exceed six months after discovery of this right.

(2) The error or omission was the result of mistake, inadvertence, surprise, or excusable neglect, as each of those terms is used in Section 473 of the Code of Civil Procedure.

(3) The correction will not provide the party seeking correction with a status, right, or obligation not otherwise available under this part.

Failure by a member or beneficiary to make the inquiry that would be made by a reasonable person in like or similar circumstances does not constitute an "error or omission" correctable under this section.

(b) Subject to subdivisions (c) and (d), the board shall correct all actions taken as a result of errors or omissions of the university, any contracting agency, any state agency or department, or this system.

(c) The duty and power of the board to correct mistakes, as provided in this section, shall terminate upon the expiration of obligations of this system to the party seeking correction of the error or omission, as those obligations are defined by Section 20164.

///

///

**EXHIBIT A**

(d) The party seeking correction of an error or omission pursuant to this section has the burden of presenting documentation or other evidence to the board establishing the right to correction pursuant to subdivisions (a) and (b).

(e) Corrections of errors or omissions pursuant to this section shall be such that the status, rights, and obligations of all parties described in subdivisions (a) and (b) are adjusted to be the same that they would have been if the act that would have been taken, but for the error or omission, was taken at the proper time. However, notwithstanding any of the other provisions of this section, corrections made pursuant to this section shall adjust the status, rights, and obligations of all parties described in subdivisions (a) and (b) as of the time that the correction actually takes place if the board finds any of the following:

(1) That the correction cannot be performed in a retroactive manner.

(2) That even if the correction can be performed in a retroactive manner, the status, rights, and obligations of all of the parties described in subdivisions (a) and (b) cannot be adjusted to be the same that they would have been if the error or omission had not occurred.

(3) That the purposes of this part will not be effectuated if the correction is performed in a retroactive manner.

(Gov. Code, § 20160; see also Gov. Code, § 20163.)

50.   Government Code section 21220 provides:

(a) A person who has been retired under this system, for service or for disability, may not be employed in any capacity thereafter by the state, the university, a school employer, or a contracting agency, unless the employment qualifies for service credit in the University of California Retirement Plan or the State Teachers' Retirement Plan, unless he or she has first been reinstated from retirement pursuant to this chapter, or unless the employment, without reinstatement, is authorized by this article. A retired person whose employment without reinstatement is authorized by this article shall acquire no service credit or retirement rights under this part with respect to the employment.

(b) Any retired member employed in violation of this article shall:

(1) Reimburse this system for any retirement allowance received during the period or periods of employment that are in violation of law.

(2) Pay to this system an amount of money equal to the employee contributions that would otherwise have been paid during the period or periods of unlawful employment, plus interest thereon.

(3) Contribute toward reimbursement of this system for administrative expenses incurred in responding to this situation, to the extent the member is determined by the executive officer to be at fault.

(c) Any public employer that employs a retired member in violation of this article shall:

**EXHIBIT A**

(1) Pay to this system an amount of money equal to employer contributions that would otherwise have been paid for the period or periods of time that the member is employed in violation of this article, plus interest thereon.

(2) Contribute toward reimbursement of this system for administrative expenses incurred in responding to this situation, to the extent the employer is determined by the executive officer of this system to be at fault.

(Gov. Code, § 21220; see also Gov. Code, § 21202 ["A person employed in violation of Section 21220 shall be reinstated to membership . . . on the date on which . . . the unlawful employment occurred."].)

51.   Government Code section 21221, subdivision (h) provides:

Upon interim appointment by the governing body of a contracting agency to a vacant position during recruitment for a permanent appointment and deemed by the governing body to require specialized skills or during an emergency to prevent stoppage of public business. A retired person shall only be appointed once to this vacant position. These appointments, including any made concurrently pursuant to Section 21224 or 21229, shall not exceed a combined total of 960 hours for all employers each fiscal year. The compensation for the interim appointment shall not exceed the maximum monthly base salary paid to other employees performing comparable duties as listed on a publicly available pay schedule for the vacant position divided by 173.333 to equal an hourly rate. A retired person appointed to a vacant position pursuant to this subdivision shall not receive any benefits, incentives, compensation in lieu of benefits, or any other forms of compensation in addition to the hourly rate. A retired annuitant appointed pursuant to this subdivision shall not work more than 960 hours each fiscal year regardless of whether he or she works for one or more employers.

(Gov. Code, § 21221, subd. (h).)

52.   Government Code section 21224, subdivision (a) provides:

A retired person may serve without reinstatement from retirement or loss or interruption of benefits provided by this system upon appointment by the appointing power of a state agency or public agency employer either during an emergency to prevent stoppage of public business or because the retired person has specialized skills needed in performing work of limited duration. These appointments shall not exceed a combined total of 960 hours for all employers each fiscal year. The compensation for the appointment shall not exceed the maximum monthly base salary paid to other employees performing comparable duties as listed on a publicly available pay schedule divided by 173.333 to equal an hourly rate. A retired person appointed pursuant to this section shall not receive any benefit, incentive, compensation in lieu of benefits, or other form of compensation in addition to the hourly pay rate. A retired annuitant appointed pursuant to this section shall not work more than 960 hours each fiscal year regardless of whether he or she works for one or more employers.

**EXHIBIT A**

1  (Gov. Code, § 21224, subd. (a).)

2      53.    Government Code section 21229 provides:

3         (a) A retired person may serve without reinstatement from retirement or
4  loss or interruption of benefits provided by this system upon appointment
by a school employer or by the Trustees of the California State University
5  either during an emergency to prevent stoppage of public business or
because the retired person has specialized skills needed in performing
6  work of limited duration. These appointments shall not exceed a
combined total of 960 hours for all employers each fiscal year. The
7  compensation for the appointment shall not exceed the maximum monthly
base salary paid to other employees performing comparable duties as
8  listed on a publicly available pay schedule divided by 173.333 to equal an
hourly rate. A retired person appointed pursuant to this section shall not
9  receive any benefits, incentives, compensation in lieu of benefits, or other
forms of compensation in addition to the hourly rate. A retired annuitant
10  appointed pursuant to this section shall not work more than 960 hours
each fiscal year regardless of whether he or she works for one or more
11  employers.

12         (b)(1) This section shall not apply to a retired person otherwise eligible to
serve without reinstatement from retirement, if during the 12-month
13  period prior to an appointment described in this section, that retired person
receives unemployment insurance compensation arising out of prior
14  employment subject to this section with the same employer.

15         (2) A retired person who accepts an appointment after receiving
unemployment insurance compensation as described in this subdivision
16  shall terminate that employment on the last day of the current pay period
and shall not be eligible for reappointment subject to this section for a
17  period of 12 months following the last day of employment. The retired
person shall not be subject to Section 21202 or subdivision (b) of Section
18  21220.

19  (Gov. Code, § 21229.)

20      54.    Courts and CalPERS use the common law employment test to determine whether an

21  individual is an "employee" or "independent contractor" under the PERL.  (See *Metropolitan Water*

22  *Dist. v. Superior Court* (2004) 32 Cal.4th 491.)  If an employer has the authority to exercise complete

23  control, whether or not that right is exercised with respect to all details, an employer-employee

24  relationship exists.  Other factors to be taken into consideration are (a) whether or not the one performing

25  services is engaged in a distinct occupation or business; (b) the kind of occupation with reference to

26  whether, in the locality, the work is usually done under the direction of the principal or by a specialist

27  without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the

28  workman supplies the instrumentalities, tools and the place of work for the person doing the work; (e)the

**EXHIBIT A**

1   length of time for which the services are to be performed; (f) the method of payment, whether by time
2   or by the job; and (g) whether or not the parties believe they are creating the relationship of employer-
3   employee. (See *Tieberg v. Unemployment Ins. Bd.* (1970) 2 Cal.3d 943, 949.)

4       55.    With respect to Plaintiff's employment status with Defendant-Employers, CalPERS—
5   employing the common law employment test—found that, beginning April 1, 2015, Plaintiff: (1)
6   provided training to Defendant RCESD school employees; (2) was issued W-2s and an e-mail address
7   from Defendant RCESD; (3) was covered by Defendant RCESD for travel expenses incurred; and (4)
8   served in an at-will capacity under Defendant RCESD. CalPERS also found that Plaintiff provided
9   business/financial services that: (1) overlapped with an existing school position of Defendant RCESD;
10  (2) were integral to Defendant RCESD's operations; and (3) were subject to Defendant RCESD's right
11  to exercise control. CalPERS further found that official Fresno County School report information
12  confirmed the services Plaintiff provided were as an employee of Defendant RCESD.

13      56.    On January 3, 2019, Defendant RCESD and Plaintiff's joint RCESD counsel contested
14  CalPERS' determination that Plaintiff was an employee of Defendant-Employers, on behalf of both
15  Defendant RCESD and Plaintiff.

16      57.    On June 25, 2019, CalPERS, after a thorough investigation and pursuant to the California
17  common law employment test used by the courts to determine "employee" or "independent contractor"
18  status, made a final determination Weil was working as a common law employee for Defendant-
19  Employers from April 1, 2015 to March 31, 2017, and in violation of post-employment retirement rules.
20  CalPERS further determined that Weil was subject to mandatory restatement. This determination
21  resulted in an overpayment of Weil's retirement allowance and obligated Weil to contribute contribution
22  costs for this period. In addition, Defendant-Employers were required to contribute the employer share
23  of cost by reporting the applicable earnings and service information to CalPERS retroactively for the
24  specified period. Weil's reinstatement from service retirement for employment with Defendant-
25  Employers in the position of a misclassified independent contractor was processed and retroactively
26  effective April 1, 2015. As a result, CalPERS sought to collect the overpayment of retirement benefits
27  in the amount of $365,737.60 resulting from her reinstatement from retirement for the period of April
28  1, 2015 through September 30, 2019, Plaintiff's last day of employer with Defendant-Employers.

**EXHIBIT A**

1   CalPERS' June 25, 2019 correspondence concluded by stating Plaintiff had the right to appeal CalPERS'

2   adverse findings "by filing a written appeal with CalPERS . . . within 30 days of the date of this letter .

3   . . ."

4      58.   On or about June 27, 2019, Defendant RCESD and Plaintiff's joint RCESD counsel—on

5   behalf of Plaintiff and Defendant RCESD—timely appealed the June 25, 2019 determination.

6      59.   Since September 24, 2019, CalPERS has terminated and/or withheld Plaintiff's pension

7   and/or retirement benefits. As a result, Plaintiff, now 77 years old, suffered and continues to suffer

8   extreme financial hardship. She was reduced to living off of social security which allotted her at mere

9   $1,500/month. As a result, she could no longer afford her home and as such, ended up having to sell it

10   and move in with her daughter, and use the proceeds to pay daily living expenses and attorney's fees.

11     60.   To her further detriment, on or around November 26, 2019, Defendant RCESD and

12   Plaintiff's joint RCESD counsel informed Plaintiff that Defendant RCESD would no longer defend and

13   indemnify her with respect to CalPERS' adverse determination. In other words, Defendant RCESD was

14   breaching its prior commitment and statutory obligation to defend and indemnify Plaintiff with respect

15   to CalPERS' adverse determination.

16     61.   Following Defendant RCESD's improper abandonment of representation and refusal

17   and/or failure to defend and indemnify Plaintiff, Plaintiff was forced to retain independent counsel with

18   respect to appealing CalPERS' adverse determination. Since November 26, 2019, Plaintiff has therefore

19   incurred legal costs that unequivocally should be borne by Defendant-Employers.

20     62.   In letters dated December 23, 2019 and December 30, 2019, CalPERS acknowledged

21   receipt of Plaintiff's appeal. On April 27, 2020, CalPERS provided a Statement of Issues and a Notice

22   of Hearing, as well as scheduled Plaintiff's administrative appeal hearing for September 30, 2020. On

23   August 26, 2020, the Administrative Law Judge presiding over Plaintiff's administrative appeal hearing

24   continued the administrative appeal hearing to December 7, 2020.   On December 3, 2020, the

25   Administrative Law Judge presiding over Plaintiff's administrative appeal hearing vacated the appeal

26   hearing in lieu of the parties agreeing to participate in a settlement conference.

27     63.   On December 9, 2020, and January 19, 2021, settlement conferences were held.   The

28   presiding Administrative Law Judge, counsel for CalPERS, counsel for Plaintiff, counsel for Defendant

**EXHIBIT A**

1  RCESD, and counsel for Defendant FCSS telephonically attended.

2      64.    Based on: the adverse determination made by CalPERS, that Defendant-Employers

3  willfully misclassified Plaintiff as an independent contractor; and Defendant-Employers' refusal to

4  defend and indemnify her, Plaintiff was required to abandon her appeal and reimburse CalPERS the

5  overpayment of retirement benefits in the amount of $365,737.60 resulting from her employment and

6  thus reinstatement from retirement for the period of April 1, 2015 through September 30, 2019.

7      65.    Due to Defendants' misclassification of Plaintiff as an independent contractor rather than

8  an employee, from April 1, 2015 to September 30, 2019, Plaintiff was denied all employment rights and

9  benefits under California and Federal law and any applicable collective bargaining agreement.

10  **VII.**

11  **FIRST CAUSE OF ACTION**

12  **Breach of Contract**

13  **(Against All Defendants and DOES 1-100)**

14      66.    Plaintiff realleges and incorporates by reference each and every allegation set forth in

15  Paragraphs 1-65, as though fully set forth herein.

16      67.    The services Plaintiff performed for and on behalf of Employer-Defendants were at all

17  times carried out pursuant to valid written contracts. Plaintiff is informed and believes, and thereon

18  alleges, public employment gives rise to certain obligations which are protected by the contract clause

19  of the Constitution, including the right to the payment of wages and benefits that have been earned.

20      68.    In violation of the law, Defendant-Employers misclassified Plaintiff as an independent

21  contractor and thereby omitted and deprived Plaintiff of fundamental contractual employment rights,

22  including the right to be paid all compensation, including employee benefits, earned and accrued, the

23  right to be paid at least the minimum wage for all hours worked, the right to premium overtime wages,

24  the right to mandated meal breaks, the right to mandated rest breaks, the right to premium wages for

25  missed meal and rest breaks, the right to accurate itemized wage statements, the right to minimum call-

26  in/call-back time, scheduled salary increases, longevity compensation, working out of class

27  compensation, the right to health and welfare benefits – including but not limited to, health insurance,

28  dental insurance, and vision care benefits, term life insurance, holiday pay, vacation, personal illness

**EXHIBIT A**

1  and injury leave, personal necessity leave, bereavement leave, no-tell days, family care and medical

2  leave, the right to the prompt payment of full wages within time limits designated by law, timely

3  payment of all wages and benefits owed to Plaintiff upon her resignation and/or termination, failing to

4  pay and/or withhold, as required, state and federal income taxes and/or FICA contributions in connection

5  with Plaintiff's compensation; and the right to workers compensation protection, provided under

6  California and Federal law and any applicable collective bargaining agreement.

7      69.    Except for those obligations which Plaintiff has been prevented or excused from

8  performing or which have been waived by the acts of Defendant-Employers, and each of them, Plaintiff

9  has performed all of the terms, conditions, covenants and obligations on her part to be performed in

10  accordance with the contracts.

11      70.    By virtue of the foregoing, and as a direct and proximate result of Defendant-Employers

12  breaches, Plaintiff has been damaged in an amount in excess of the jurisdictional minimum of this Court

13  of which will be proven according to proof at the time of trial.

14                          **SECOND CAUSE OF ACTION**

15                    **Statutory Indemnity [Labor Code § 2802]**

16                    **(Against All Defendants and DOES 1-100)**

17      71.    Plaintiff realleges and incorporates by reference each and every allegation set forth in

18  Paragraphs 1-65, as though fully set forth herein.

19      72.    Labor Code section 2802 provides in relevant part:

20          (a) An employer shall indemnify his or her employee for all necessary
           expenditures or losses incurred by the employee in direct consequence of
21          the discharge of his or her duties, or of his or her obedience to the
           directions of the employer, even though unlawful, unless the employee,
22          at the time of obeying the directions, believed them to be unlawful.

23          (b) All awards made by a court or by the Division of Labor Standards
           Enforcement for reimbursement of necessary expenditures under this
24          section shall carry interest at the same rate as judgments in civil actions.
           Interest shall accrue from the date on which the employee incurred the
25          necessary expenditure or loss.

26          (c) For purposes of this section, the term "necessary expenditures or
           losses" shall include all reasonable costs, including, but not limited to,
27          attorney's fees incurred by the employee enforcing the rights granted by
           this section.

28

**EXHIBIT A**

1
2
3
4
5

(d) In addition to recovery of penalties under this section in a court action or proceedings pursuant to Section 98, the commissioner may issue a citation against an employer or other person acting on behalf of the employer who violates reimbursement obligations for an amount determined to be due to an employee under this section. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the commissioner shall be the same as those set forth in Section 1197.1. Amounts recovered pursuant to this section shall be paid to the affected employee.

6      73.     Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to

7   September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.

8   All services performed by Plaintiff during the April 1, 2015 to September 30, 2019, period were

9   performed at the request of Defendant-Employers, and each of them.

10     74.     At all relevant times mentioned herein, Plaintiff was the agent and employee of

11  Defendant-Employers, and each of them, and acting pursuant to the authority, instructions, or directions

12  given to Plaintiff by Defendant-Employers, believing that such were proper and lawful.

13     75.     CalPERS' findings stemmed entirely from Plaintiff's employment relationship with

14  Defendant FCSS and Defendant RCESD's and said defendants' willful misclassification of Plaintiff and

15  other unlawful acts and omissions. Plaintiff has incurred, and will continue to incur, necessary

16  expenditures or losses in direct consequence of the discharge of her duties, or of her obedience to the

17  directions of Defendant-Employers, and each of them.

18     76.     Pursuant to Labor Code section 2802, Defendant-Employers, as Plaintiff's employer,

19  must indemnify Plaintiff for "for all necessary expenditures or losses incurred by the employee **in direct**

20  **consequence of the discharge of . . . her duties** . . . ." (Lab. Code, § 2802, subd. (a), emphasis added.)

21  Such indemnification includes, but is not limited to, reimbursing Plaintiff for the costs of Plaintiff's

22  defense as well as any settlement or judgment resulting from CalPERS' investigation into Plaintiff's

23  RCESD employment status. (See *Cassady v. Morgan, Lewis & Bockius LLP* (2006) 145 Cal.App.4th

24  220, 224; *Grissom v. Vons Cos., Inc.* (1991) 1 Cal.App.4th 52, 55.)

25     77.     In violation of Labor Code section 2802, Defendant-Employers, and each of them, have

26  failed to defend and indemnify Plaintiff with respect the necessary expenditures or losses incurred by

27  Plaintiff in connection with CalPERS' investigation into Plaintiff's RCESD employment status.

28     78.     Pursuant to Labor Code section 2802, Plaintiff is entitled to indemnity from Defendant-

**EXHIBIT A**

Employers, and each of them, for all necessary expenditures or losses incurred by Plaintiff resulting from CalPERS' investigation into Plaintiff's employment status with Defendant-Employers, plus reasonable attorneys' fees and costs, and interest at the legal rate.

79.     Accordingly, Defendant-Employers are liable to Plaintiff for all unreimbursed business expenses incurred and unpaid pursuant to Labor Code §2802, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section. Plaintiff has incurred, and will incur, legal expenses, including attorney's fees and costs. Plaintiff is presently unaware of the precise amount of these fees and expenses and prays for leave of this Court to amend the Complaint when the amounts are fully known. Plaintiff is entitled to recover interest, attorney's fees and costs according to proof, including pursuant to Labor Code §§2802(a) and (b).

WHEREFORE, Plaintiff prays for relief as set forth below:

### THIRD CAUSE OF ACTION

### Implied Contractual Indemnity

### (Against All Defendants and DOES 1-100)

80.     Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-65, as though fully set forth herein.

81.     Plaintiff entered into a written contract and/or contract(s) with Defendants-Employers, and each of them, whereby Plaintiff agreed to perform services for and on behalf of, Defendant-Employers.  As implied in the nature of these contracts, Defendant-Employers, and each of them, impliedly agreed to indemnify and hold harmless Plaintiff from any loss, claims, expenses, and liability that Plaintiff might sustain at any time as a consequence of damage, injury, or liability associated with Plaintiff's employment services for and on behalf of, Defendant-Employers.

82.     Plaintiff was listed in Fresno County School report information and issued W-2s. Plaintiff received all assignments and/or responsibilities directly from Defendant-Employers, and each of them.

83.     Plaintiff's liability to CalPERS arises solely from Defendant-Employers' acts or omissions, not because of actual wrongdoing or fault of Plaintiff. CalPERS' findings stemmed entirely from Plaintiff's employment relationship with Defendant FCSS and Defendant RCESD's, their willful

**EXHIBIT A**

misclassification of Plaintiff, and said defendants' other unlawful acts and omissions.

84.     Based on the contractual relationship between Defendant-Employers and Plaintiff, and the above-mentioned breach of contract or negligence, or combination of them, Plaintiff is entitled to total implied contractual indemnity by Defendant-Employers, and each of them, for all liability and/or loss resulting from Defendant-Employers' misclassification of Plaintiff as an independent contractor, plus reasonable attorneys' fees and costs, and interest at the legal rate. Plaintiff is presently unaware of the precise amount of these damages, fees and expenses and prays for leave of this Court to amend the Complaint when the amounts are fully known.

WHEREFORE, Plaintiff prays for relief as set forth below:

## FOURTH CAUSE OF ACTION

### Equitable Indemnity

### (Against All Defendants and DOES 1-100)

85.     Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-65, as though fully set forth herein.

86.     Plaintiff was an employee of Defendants-Employers, whereby Plaintiff agreed to perform services for and on behalf of, Defendant-Employers. Defendants willfully misclassified Plaintiff as an independent contractor, which in turn resulted in her and Defendant-Employers violating PERL. As implied in the nature of the employment relationship, Defendant-Employers, and each of them, impliedly agreed to indemnify and hold harmless Plaintiff from any loss, claims, expenses, and liability that Plaintiff might sustain at any time as a consequence of damage, injury, or liability associated with Plaintiff's employment services for and on behalf of, Defendant-Employers.

87.     Plaintiff was listed in Fresno County School report information and issued W-2s. Plaintiff received all assignments and/or responsibilities directly from Defendant-Employers, and each of them.

88.     Plaintiff's liability to CalPERS arises solely from Defendant-Employers' willful misclassification and other unlawful acts or omissions, not because of actual wrongdoing or fault of Plaintiff.   CalPERS' findings stemmed entirely from Plaintiff's employment relationship with Defendant FCSS and Defendant RCESD's and said defendants' acts and omissions.

**EXHIBIT A**

89.  Because of Plaintiff's contractual relationship with Defendants, or their joint and several liability, or both, and in equity and good conscience, Defendant-Employers, and each of them, are required to indemnify Plaintiff for all liability and/or loss resulting from Defendant-Employers' misclassification of Plaintiff as an independent contractor, plus reasonable attorneys' fees and costs, and interest at the legal rate. Plaintiff is presently unaware of the precise amount of these damages, fees and expenses and prays for leave of this Court to amend the Complaint when the amounts are fully known.

WHEREFORE, Plaintiff prays for relief as set forth below:

## FIFTH CAUSE OF ACTION

### Negligence

### (Against All Defendants and DOES 1-100)

90.  Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-65, as though fully set forth herein.

91.  Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.

92.  Due to the employment relationship between Plaintiff and Defendant-Employers, Defendants, and each of them, owed Plaintiff a duty to use reasonable care, diligence, and judgment in classifying and employing Plaintiff.

93.  Defendants, and each of them, breached this duty to Plaintiff in various respects including, but not limited to: Willfully misclassifying and treating Plaintiff as an independent contractor rather than as an employee and asserting to Plaintiff that it was correct in doing so thereby depriving Plaintiff of fundamental employment rights, including the right to be paid all compensation, including employee benefits, earned and accrued, the right to be paid at least the minimum wage for all hours worked, the right to premium overtime wages, the right to mandated meal breaks, the right to mandated rest breaks, the right to premium wages for missed meal and rest breaks, the right to accurate itemized wage statements, the right to minimum call-in/call-back time, scheduled salary increases, longevity compensation, working out of class compensation, the right to health and welfare benefits – including but not limited to, health insurance, dental insurance, and vision care benefits, term life insurance, holiday pay, vacation, personal illness and injury leave, personal necessity leave, bereavement leave,

**EXHIBIT A**

1 no-tell days, family care and medical leave, the right to the prompt payment of full wages within time
2 limits designated by law, timely payment of all wages and benefits owed to Plaintiff upon her resignation
3 and/or termination, failing to pay and/or withhold, as required, state and federal income taxes and/or
4 FICA contributions in connection with Plaintiff's compensation; and the right to workers compensation
5 protection, provided under California and Federal law and any applicable collective bargaining
6 agreement.

7     94.    But for Defendant-Employers negligence in carrying out its duties as an employer,
8 Plaintiff would not have been deprived of the employment benefits set forth above, she would not have
9 become obligated to pay CalPERS $365,737.60, she would not have lost her retirement benefits, she
10 would not have lost her house, she would not have incurred tax liabilities and penalties and she would
11 not have incurred emotional distress.

12     95.    By virtue of the foregoing, and as a direct and proximate result of Defendant-Employers'
13 negligence, Plaintiff has been damaged in an amount in excess of the jurisdictional minimum of this
14 Court of which will be proven according to proof at the time of trial.

15     WHEREFORE, Plaintiff prays for relief as set forth below:

16       **SIXTH CAUSE OF ACTION**

17 **Failure to Pay Minimum Wages [Lab. Code, IWC Wage Order 4-2001, Ed. Code]**
18 **(Against All Defendants and DOES 1-100)**

19     96.    Plaintiff realleges and incorporates by reference each and every allegation set forth in
20 Paragraphs 1-65, as though fully set forth herein.

21     97.    Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to
22 September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.
23 From April 1, 2015 to September 30, 2019, Defendant-Employers misclassified Plaintiff denying her
24 protections and benefits under the California Labor Code, Education Code any applicable collective
25 bargaining agreement.

26     98.    Labor Code section 1197 makes it unlawful to pay an employee less than the minimum
27 wage, as established by the Industrial Welfare Commission, for each hour worked.

28     99.    Labor Code section 1194 entitles an employee receiving less than the minimum wage to

**EXHIBIT A**

1   recover, in a civil action, the unpaid balance of minimum wages owing, plus interest thereon, reasonable

2   attorneys' fees, and costs of suit.

3      100.   Labor Code section 1194.2 entitles an employee receiving less than the minimum wage

4   to recover liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.

5      101.   Labor Code section 1194 and Section 4 of California Industrial Welfare Commission

6   Order No. 4-2001 applied to Defendant-Employers, and each of them, with respect to Plaintiff's

7   employment.   Section 4 of Wage Order No. 4-2001 requires Defendants, and each of them, to pay

8   Plaintiff minimum wages as follows:

9
>       (A)   Every employer shall pay to each employee wages not less than
>       the following:
10
>       (1)   Any employer who employs 26 or more employees shall pay to
>       each employee wages not less than the following:
11
>       (a)   Ten dollars and fifty cents ($10.50) per hour for all hours worked,
>       effective January 1, 2017; and
12
>       (b)   Eleven dollars ($11.00) per hour for all hours worked, effective
>       January 1, 2018;
13
>       (2)   Any employer who employs 25 or fewer employees shall pay to
>       each employee wages not less than the following:
14
>       (a)   Ten dollars ($10.00) per hour for all hours worked, effective
>       January 1, 2016 through December 31, 2017; and (Ten Dollars and fifty
15
>       cents ($10.50) per hour for all hours worked, effective January 1, 2018.
>       . . .
16
>       (B)   Every employer shall pay to each employee, on the established
>       payday for the period involved, not less than the applicable minimum
17
>       wage for all hours worked in the payroll period, whether the remuneration
>       is measured by time, piece, commission, or otherwise.
18

19      102.   Furthermore, had Plaintiff not been misclassified as an independent contractor by

20   Defendant-Employers, she would have considered a classified employee under the Education Code, and

21   given the benefits and protections of the Collective Bargaining Agreement entered into between

22   Defendant-Employers and California School Employees Association and its Chapter 622, which

23   included payment of minimum wage.

24      103.   The relevant historical minimum wage rates which Defendant-Employers were required

25   to pay Plaintiff throughout her employment are set by statute and the Collective Bargaining Agreement

26   entered into between Defendant-Employers and California School Employees Association and its

27   Chapter 622, which included payment of minimum wage.

28      104.   Plaintiff was employed by and performed work for Defendants, and each of them, in

{8329/004/01197750.DOCX}{8329/004/01197750.DOCX}      24

COMPLAINT FOR: (1) BREACH OF CONTRACT, ETC.; JURY TRIAL DEMANDED

**EXHIBIT A**

1   excess of eight (8) hours in any day; more than twelve (12) hours in any work day; more than forty (40)

2   hours during any workweek; and more than eight (8) hours on the seventh day of the work week.

3   Plaintiff worked hours beyond these limitations without being paid.

4       105.   Despite having worked such hours, Plaintiff was not compensated for all time worked at

5   the statutory and contractual minimum wage rates.

6       106.   Plaintiff is informed and believes, and based thereon alleges, that Defendant-Employers'

7   failure to pay the minimum wage for each hour worked, as described herein, was done willfully.

8       107.   Plaintiff is entitled to recover from Defendant-Employers, and each of them, unpaid

9   minimum wages for all time worked at any time during her employment, together with her reasonable

10  attorneys' fees and costs of suit, statutory interest and penalties.

11      108.   Based on Defendant-Employers' conduct, as alleged herein, Defendant-Employers and

12  Does 1 through 100 are liable to Plaintiff, for unpaid minimum-wage compensation, pursuant to

13  California Labor Code sections 1194 and 1197, and the Wage Orders; liquidated damages in an amount

14  equal to the unpaid wages, plus interest, pursuant to California Labor Code sections 1194.2; and

15  attorneys' fees and costs of suit, pursuant to California Labor Code sections 1194 and 1194.2.

16          WHEREFORE, Plaintiff prays for relief as set forth below:

17                          **SEVENTH CAUSE OF ACTION**

18      **Failure to Pay Wages, Including Overtime Wages [Lab. Code, Ed. Code]**

19                  **(Against All Defendants and DOES 1-100)**

20      109.   Plaintiff realleges and incorporates by reference each and every allegation set forth in

21  Paragraphs 1-65, as though fully set forth herein.

22      110.   Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to

23  September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.

24  From April 1, 2015 to September 30, 2019, Defendant-Employers misclassified Plaintiff denying her

25  protections and benefits under the California Labor Code, Education Code and the applicable collective

26  bargaining agreement, if any.

27      111.   Labor Code sections 510, 1194, and Section 3 of the California Industrial Wage Order

28  No. 4-2001 applied to Defendant-Employers, and each of them, with respect to Plaintiff's employment.

**EXHIBIT A**

112.    The Wage Orders require an employer to pay an employee "one and one half (1 1/2) times such employee's regular rate of pay" for work in excess of 8 hours, but not more than 12 hours, per day, or for work in excess of 40 hours per workweek. In addition, the Wage Orders require an employer to pay an employee "double the employee's regular rate of pay" for all work in excess of 12 hours per day. California Labor Code section 510 similarly requires employers to pay employees "one and one-half times the regular rate of pay" for any work in excess of 8 hours per day or 40 hours per week, and "twice the regular rate of pay" for any work in excess of 12 hours per day.

113.    Furthermore, had Plaintiff not been misclassified as an independent contractor by Defendant-Employers, she would have considered a classified employee under the Education Code, and entitled to overtime pursuant to Education Code section 45128 and given the benefits and protections of the applicable collective bargaining agreement, if any, which included payment of overtime.

114.    Throughout the relevant time period, Plaintiff regularly performed work in excess of 8 hours per day and/or 40 hours per week. Contrary to the overtime provisions of the California Labor Code, the Wage Orders, the Education Code and the applicable collective bargaining agreement, if any, however, Defendant-Employer did not pay Plaintiff overtime compensation for her overtime work. Instead, Defendant-Employers devised a scheme whereby Plaintiff was improperly classified as an independent contractor, and was thus denied compensation for her overtime work.

115.    Based on Defendant-Employers' conduct, as alleged herein, Defendant-Employers and Does 1 through 100 are liable to Plaintiff for her unpaid overtime compensation pursuant to California Labor Code section 510 and 1194,  the Wage Orders, Education Code and the applicable collective bargaining agreement, if any.

WHEREFORE, Plaintiff prays for relief as set forth below:

### EIGHTH CAUSE OF ACTION

**Failure to Pay Overtime Wages [29 U.S.C §§ 201, *et seq.*]**

**(Against All Defendants and DOES 1-100)**

116.    Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-65, as though fully set forth herein.

117.    Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to

**EXHIBIT A**

1  September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.

2  From April 1, 2015 to September 30, 2019, Defendant-Employers misclassified Plaintiff denying her

3  protections and benefits under the overtime wage provisions set forth in the Fair Labor Standards Act,

4  29 U.S.C. sections 201, *et seq.* [the "FLSA"], and the supporting federal regulations, apply to

5  Defendants, and each of them, with respect to Plaintiff's employment.

6      118.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff was not exempt from

7  the overtime requirements of the FLSA.

8      119.   Defendant-Employers, and each of them, failed to pay Plaintiff one and one-half times

9  the full minimum wage for all hours worked in excess of forty (40) hours per workweek.

10      120.   Throughout the relevant time period, Plaintiff regularly performed work in excess of

11  forty (40) hours per week.  Contrary to the overtime provisions of the FLSA, however, Defendant-

12  Employers did not pay Plaintiff overtime compensation for her overtime work.  Instead, Defendant-

13  Employers, and each of them, devised a scheme whereby Plaintiff was improperly classified as an

14  independent contractor, and was thus denied compensation for her overtime work.

15      121.   Defendant-Employers' unlawful conduct was willful and intentional, and Defendant-

16  Employers, and each of them, have not made a good faith effort to comply with the FLSA with respect

17  to the compensation of Plaintiff.

18      122.   As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime

19  compensation in an amount according to proof at the time of trial, and she is entitled to recovery of such

20  amounts, liquidated damages, prejudgment interest, attorneys' fees and costs of suit, and other

21  compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

22      WHEREFORE, Plaintiff prays for relief as set forth below:

23                **NINTH CAUSE OF ACTION**

24       **Failure to Provide Meal Periods [Lab. Code, Ed. Code]**

25           **(Against All Defendants and DOES 1-100)**

26      123.   Plaintiff realleges and incorporates by reference each and every allegation set forth in

27  Paragraphs 1-65, as though fully set forth herein.

28      124.   Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to

**EXHIBIT A**

1   September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.

2   From April 1, 2015 to September 30, 2019, Defendant-Employers misclassified Plaintiff denying her

3   protections and benefits under the California Labor Code, Education Code and the applicable collective

4   bargaining agreement, if any.

5         125.   Labor Code sections 226.7, 512, and Section 11 of the California Industrial Wage Order

6   No. 4-2001 applied to Defendants, and each of them, with respect to Plaintiff's employment.

7         126.   Labor Code section 226.7 provides in pertinent part:

8            (b) An employer shall not require an employee to work during a meal or
9            rest or recovery period mandated pursuant to an applicable statute, or
             applicable regulation, standard, or order of the Industrial Welfare
10           Commission, the Occupational Safety and Health Standards Board, or the
             Division of Occupational Safety and Health.

11           (c) If an employer fails to provide an employee a meal or rest or recovery
             period in accordance with a state law, including, but not limited to, an
12           applicable statute or applicable regulation, standard, or order of the
             Industrial Welfare Commission, the Occupational Safety and Health
13           Standards Board, or the Division of Occupational Safety and Health, the
             employer shall pay the employee one additional hour of pay at the
14           employee's regular rate of compensation for each workday that the meal
             or rest or recovery period is not provided.
15

16           (d) A rest or recovery period mandated pursuant to a state law, including,
             but not limited to, an applicable statute, or applicable regulation, standard,
17           or order of the Industrial Welfare Commission, the Occupational Safety
             and Health Standards Board, or the Division of Occupational Safety and
18           Health, shall be counted as hours worked, for which there shall be no
             deduction from wages. This subdivision is declaratory of existing law.

19           (e) This section shall not apply to an employee who is exempt from meal
             or rest or recovery period requirements pursuant to other state laws,
20           including, but not limited to, a statute or regulation, standard, or order of
             the Industrial Welfare Commission.
21

22         127.   Labor Code section 512, subdivision (a) provides:

23           An employer may not employ an employee for a work period of more than
             five hours per day without providing the employee with a meal period of
24           not less than 30 minutes, except that if the total work period per day of
             the employee is no more than six hours, the meal period may be waived
25           by mutual consent of both the employer and employee. An employer may
             not employ an employee for a work period of more than 10 hours per day
26           without providing the employee with a second meal period of not less than
             30 minutes, except that if the total hours worked is no more than 12 hours,
27           the second meal period may be waived by mutual consent of the employer
             and the employee only if the first meal period was not waived.
28

**EXHIBIT A**

1      128.   Section 11 of the California Industrial Welfare Commission Order 4-2001 states in

2  relevant part:

> (A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during the 30-minute meal period, the meal period shall considered an "on-duty" meal period and counted as time worked. An "on-duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> (B)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

13      129.   At all relevant times mentioned herein, Defendants, and each of them, were required to

14  provide Plaintiff with meal periods as provided by the Labor Code and the Wage Order.

15      130.   Furthermore, had Plaintiff not been misclassified as an independent contractor by

16  Defendant-Employers, she would have considered a classified employee under the Education Code, and

17  entitled to meal breaks pursuant to Education Code section 45180 and given the benefits and protections

18  of the applicable collective bargaining agreement, if any.

19      131.   Defendants, and each of them, required Plaintiff to work more than five (5) hours per day

20  without being given the opportunity to take a thirty (30) minute uninterrupted off-duty meal break during

21  which Plaintiff was relieved of all duty and free to leave the premises.  Furthermore, Defendant-

22  Employers, and each of them, required Plaintiff to work more than ten (10) hours per day without

23  providing Plaintiff a second off-duty meal period of not less than thirty (30) minutes.

24      132.   Defendants, and each of them, failed to compensate Plaintiff for the work performed

25  during statutorily required meal periods that were not provided, and thereby violated Labor Code, Wage

26  Order, Education Code and the applicable collective bargaining agreement, if any.

27      133.   Plaintiff is entitled to recover from Defendants, and each of them, one additional hour of

28  pay at Plaintiff's regular rate of compensation for each workday that a meal period was not provided,

**EXHIBIT A**

1  plus reasonable attorneys' fees and costs of suit, statutory interest and penalties.

2       WHEREFORE, Plaintiff prays for relief as set forth below:

3  **TENTH CAUSE OF ACTION**

4  **Failure to Provide Rest Periods [Lab. Code, § 226.7]**

5  **(Against All Defendants and DOES 1-100)**

6       134.   Plaintiff realleges and incorporates by reference each and every allegation set forth in

7  Paragraphs 1-65, as though fully set forth herein.

8       135.   Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to

9  September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.

10  From April 1, 2015 to September 30, 2019, Defendant-Employers misclassified Plaintiff denying her

11  protections and benefits under the California Labor Code, Wage Order and the applicable collective

12  bargaining agreement, if any.

13       136.   Labor Code section 226.7 and Section 12 of the California Industrial Wage Order No. 4-

14  2001 applied to Defendant-Employers, and each of them, with respect to Plaintiff's employment.

15       137.   Section 12 of the California Industrial Welfare Commission Order 4-2001 provides in

16  relevant part:

17         (A) Every employer shall authorize and permit all employees to take rest
       periods, which insofar as practicable shall be in the middle of each work
18         period. The authorized rest period time shall be based on the total hours
       worked daily at the rate of ten (10) minutes net rest time per four (4) hours
19         or major fraction thereof. However, a rest period need not be authorized
       for employees whose total daily work time is less than three and one-half
20         (3 ½) hours. Authorized rest period time shall be counted as hours worked
       for which there shall be no deduction from wages.
21

22         (B) If an employer fails to provide an employee a rest period in
       accordance with the applicable provisions of this order, the employer shall
23         pay the employee one (1) hour of pay at the employee's regular rate of
       compensation for each workday that the rest period is not provided.

24       138.   As alleged herein, Defendant-Employers have maintained a policy and/or practice

25  whereby Plaintiff, was misclassified as an independent contractor. Consequently, Defendant-Employers

26  systematically failed and/or refused to authorize or permit Plaintiff, to take an uninterrupted rest breaks

27  as guaranteed to them as employees under California Labor Code section 226.7 and the Wage Orders.

28       139.   Furthermore, had Plaintiff not been misclassified as an independent contractor by

**EXHIBIT A**

1  Defendant-Employers, she would have considered a classified employee under the Education Code, and
2  entitled to benefits and protections of the applicable collective bargaining agreement, if any, including
3  rest periods.

4      140.   Defendants, and each of them, failed to compensate Plaintiff for the work performed
5  during required rest periods that were not provided, and thereby violated Labor Code section 226.7 and
6  Section 12 of the California Industrial Welfare Commission Wage Order 4-2001 and the applicable
7  collective bargaining agreement, if any.

8      141.   Pursuant to Labor Code section 226.7, Plaintiff is entitled to recover from Defendants,
9  and each of them, one additional hour of pay at Plaintiff's regular rate of compensation for each workday
10  that a rest period was not provided, plus reasonable attorneys' fees and costs of suit, statutory interest
11  and penalties.

12      WHEREFORE, Plaintiff prays for relief as set forth below:

13  **ELEVENTH CAUSE OF ACTION**

14  **Failure to Provide Accurate Itemized Wage Statements [Lab. Code, §§ 226, 226.3]**

15  **(Against All Defendants and DOES 1-100)**

16      142.   Plaintiff realleges and incorporates by reference each and every allegation set forth in
17  Paragraphs 1-65, as though fully set forth herein.

18      143.   Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to
19  September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.
20  From April 1, 2015 to September 30, 2019, Defendant-Employers misclassified Plaintiff denying her
21  protections and benefits under the California Labor Code, Wage Order and the applicable collective
22  bargaining agreement, if any.

23      144.   Labor Code sections 226 and 226.3 applied to Defendants, and each of them, with respect
24  to Plaintiff's employment. Labor Code section 226, subdivision (a) provides in pertinent part:

25          An employer, semimonthly or at the time of each payment of wages, shall
26  furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing
27  showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units
28  earned and any applicable piece rate if the employee is paid on a piece-

{8329/004/01197750.DOCX}{8329/004/01197750.DOCX}   31
COMPLAINT FOR: (1) BREACH OF CONTRACT, ETC.; JURY TRIAL DEMANDED

**EXHIBIT A**

rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . . The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

145.    At all relevant times mentioned herein, Labor Code section 226, subdivision (a) required employers such as Defendant-Employers, and each of them: (1) to keep an accurate record of the hours worked by Plaintiff; and (2) to prepare and submit to Plaintiff an accurate itemized statement in writing, showing such matters as the gross wages earned, the total hours worked, the net wages earned, and all applicable hourly rates, during the pay period.

146.    Defendant-Employers, and each of them, failed and refused to keep accurate itemized wage statement, *inter alia*, all wages earned by Plaintiff, and to accurately report total hours worked by Plaintiff. Defendant-Employers have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff. By failing to keep adequate records, as required by Labor Code section 226, Defendant-Employers have injured Plaintiff, and made it confusing and difficult to calculate the unpaid wages earned by Plaintiff, including wages, interest, and penalties thereon, for the work she performed for Defendant-Employers.

147.    Pursuant to Labor Code section 226, subdivision (e), Plaintiff is entitled to recover from Defendants-Employers, and each of them, the greater of the actual damages or fifty dollars ($50.00) for the initial violation of Labor Code section 226, subdivision (a), and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00), plus reasonable attorneys' fees and costs of suit.

///

///

///

///

**EXHIBIT A**

1 | WHEREFORE, Plaintiff prays for relief as set forth below:

2 | **TWELFTH CAUSE OF ACTION**

3 | **Failure to Reimburse for Employment-Related Expenses [Lab. Code, § 2802]**

4 | **(Against All Defendants and DOES 1-100)**

5 | 148.    Plaintiff realleges and incorporates by reference each and every allegation set forth in
6 | Paragraphs 1-65, as though fully set forth herein.

7 | 149.    Labor Code section 2802 obligates employers to reimburse employees for all
8 | employment-related expenses, including expenses related to travel, mileage, cell phones, tools, and other
9 | "necessary expenses or losses incurred by the employee in direct consequence of the discharge of his or
10 | her duties." (Lab. Code, § 2802, subd. (a).) Such reimbursement obligation includes, but is not limited
11 | to, reimbursing the employee for the costs of the employee's defense as well as any settlement or
12 | judgment resulting from a third-party action based on conduct within the course and scope of
13 | employment. (See *Cassady*, *supra*, 145 Cal.App.4th at 224; *Grissom*, *supra*, 1 Cal.App.4th at 55.)

14 | 150.    Plaintiff is informed and believes, and thereon alleges, that, from April 1, 2015 to
15 | September 30, 2019, Plaintiff performed services for Defendant-Employers as a common law employee.
16 | From April 1, 2015 to September 30, 2019, Defendant-Employers misclassified Plaintiff denying her
17 | protections and benefits under the California Labor Code, Wage Order and the applicable collective
18 | bargaining agreement, if any.

19 | 151.    Plaintiff is informed and believes, and thereon alleges, that Defendant-Employers, and
20 | each of them, violated Labor Code section 2802 by requiring Plaintiff to incur expenses or losses related
21 | to the performance of her job duties without full reimbursement therefor.

22 | 152.    Plaintiff incurred such reasonable and necessary expenditures or losses in order to
23 | perform her job, and for the benefit of Defendant-Employers, and each of them, but was not fully
24 | reimbursed.

25 | 153.    Plaintiff has sustained damages and losses in the amount of expenses and/or losses
26 | incurred by Plaintiff as required by Defendant-Employers, and each of them, for the necessary discharge
27 | of Plaintiff's duties, less credit for any reimbursement payments received.

28 | 154.    Pursuant to Labor Code section 2802, Plaintiff is entitled to full reimbursement for all

**EXHIBIT A**

necessary expenditures or losses incurred as an employee of Defendant-Employers

WHEREFORE, Plaintiff prays for relief as set forth below:

## THIRTEENTH CAUSE OF ACTION

### Declaratory Relief

### (Against All Defendants)

155.   Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1-65, as though fully set forth herein.

156.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights, interests, and duties with respect to Plaintiff's claim(s) of indemnity.

157.   Plaintiff seeks and requests a judicial determination setting forth the interests, rights, and duties of Plaintiff and Defendants with respect to Plaintiff's claim(s) of indemnity, including, but not limited to, an adjudication and determination that Defendants, and each of them, are obligated to indemnify, protect, defend, and hold Plaintiff harmless from any and all damages, charges, complaints, or other liabilities arising from CalPERS' investigation into Plaintiff's RCESD employment status.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant-Employers, and each of them, jointly and severally, as follows:

### ON THE FIRST AND FIFTH CAUSES OF ACTION

1.   For general and special damages against all Defendants in an amount according to proof at trial;

2.   For costs of suit incurred herein;

3.   For pre-judgment interest at the legal rate from the date Defendants breached their contractual obligations and/or duties through the date of entry of judgment; and

4.   For such other and further relief as the Court may deem just and proper;

### ON THE SECOND, THIRD, AND FOURTH CAUSES OF ACTION

1.   For indemnity, apportionment, and contribution in an amount according to proof at trial;

2.   For general and special damages against all Defendants in an amount according to

**EXHIBIT A**

1 proof at trial;

2       3.     For costs of suit incurred herein; and

3       4.     For such other and further relief as the Court may deem just and proper;

4                 ON THE SIXTH, SEVENTH, EIGHTH, NINTH, TENTH,

5               ELEVENTH AND TWELFTH CAUSES OF ACTION

6       1.     For unpaid employee benefit, minimum wages, overtime wages, double time wages, and

7 premium wages as appropriate and available under each cause of action alleged hereinabove, in an

8 amount according to proof at trial;

9       2.     For compensatory and statutory damages, penalties, and restitution, as appropriate and

10 available under each cause of action alleged herein above, in an amount according to proof at trial;

11       3.     For restitution to Plaintiff and disgorgement from Defendants, and each of them, of all

12 funds unlawfully acquired by Defendants, and each of them, by means of any acts or practices declared

13 by this Court to be violative of California law, including, but not limited to, the Labor Code and

14 applicable Industrial Welfare Commission Orders, Education Code, and any applicable collective

15 bargaining agreement;

16       4.     For all monies converted by Defendants, and each of them, with interest thereon;

17       5.     For liquidated damages, costs, attorneys' fees, and interest as provided in Labor Code

18 section 1194.2 and/or any applicable provision providing for liquidated damages;

19       6.     For pre-judgment and post-judgment interest as allowed by Civil Code section 3287,

20 Labor Code sections 218.6, 1194, 1194.2, and/or any other applicable provision providing for pre-

21 judgment and/or post-judgment interest;

22       7.     For attorneys' fees and costs as allowed by Code of Civil Procedure section 1021.5,

23 Labor Code sections 218.5, 226, 1194, 1194.2, and/or any applicable provision providing for attorneys'

24 fees and costs;

25       8.     For statutory penalties, interests, attorneys' fees and costs as allowed by Labor Code

26 sections 218.5, 226, 1194, 1194.2, and/or any applicable provision providing for statutory penalties

27 and/or interest; and

28       9.     For such other and further relief as the Court may deem just and proper;

**EXHIBIT A**

1

### ON THE THIRTEENTH CAUSE OF ACTION

2        1.     For a judicial determination and adjudication setting forth the interests, rights, and duties

3    of Plaintiff and Defendants with respect to Plaintiff's claim(s) of indemnity, including, but not limited

4    to, a determination and adjudication that Defendants, and each of them, are obligated to indemnify,

5    protect, defend, and hold Plaintiff harmless from any and all damages, charges, complaints, or other

6    liabilities arising from CalPERS' investigation into Plaintiff's RCESD employment status and

7    Defendants' willful misclassification of Plaintiff.

8

9    Dated: February 2, 2021.                      WANGER JONES HELSLEY PC

10

11

12                                                 By: _____
                                                       Scott D. Laird
13                                                     Amanda G. Hebesha
                                                       Benjamin C. West
14                                                     Attorneys for Plaintiff, BRENDA J. WEIL

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{8329/004/01197750.DOCX} {8329/004/01197750.DOCX}          36

COMPLAINT FOR: (1) BREACH OF CONTRACT, ETC.; JURY TRIAL DEMANDED

**EXHIBIT A**

# EXHIBIT "B"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Scott D. Laird #130122 / Amanda G. Hebesha #234294<br>WANGER JONES HELSLEY PC<br>265 E. River Park Circle, Suite 310<br>Fresno, California 93720<br>TELEPHONE NO.: (559) 233-4800   FAX NO.: (559) 233-9330<br>ATTORNEY FOR (Name): Plaintiff, BRENDA J. WEIL | E-FILED<br>2/2/2021 10:02 PM<br>Superior Court of California<br>County of Fresno<br>By: A. Ramos, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **FRESNO**
STREET ADDRESS: 1130 O Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, California 93721
BRANCH NAME: UNLIMITED CIVIL DIVISION

CASE NAME: Weil vs. Raisin City, etc., et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 21CECG00307 |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☒ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): Thirteen (13)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: February 2, 2021
Amanda G. Hebesha
(TYPE OR PRINT NAME) ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT B

CM-010

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT B**



# EXHIBIT "C"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RAISIN CITY ELEMENTARY SCHOOL DISTRICT; FRESNO COUNTY
SUPERINTENDENT OF SCHOOLS; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRENDA J. WEIL, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| E-FILED |
| 2/3/2021 |
| Superior Court of California |
| County of Fresno |
| By: A. Ramos, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 21CECG00307 |
| FRESNO COUNTY SUPERIOR COURT | |
| 1130 O Street | |
| Fresno, California 93721 | |

UNLIMITED CIVIL DIVISION

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott D. Laird #190122 / Amanda G. Hebesha #234214 / Benjamin C. West #322293
WANGER JONES HELSLEY PC                     Tele: (559) 233-4800; Fax: (559) 233-9330
265 E. River Park Circle, Suite 310, Fresno, California 93720

| DATE: | Clerk, by | A. Ramos | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* 2/3/2021 | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   FRESNO COUNTY SUPERINTENDENT
3. ☒ on behalf of *(specify):* OF SCHOOLS

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* 416.50 Public Entity

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | | |
| --- | --- | --- |
| Judicial Council of California | **SUMMONS** | American LegalNet, Inc. |
| SUM-100 [Rev. July 1, 2009]   #8329-004 | | www.FormsWorkflow.com |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT C**

# EXHIBIT "D"

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>2/3/2021<br><br>**Filed by Court** |
| TITLE OF CASE:<br><br>**Brenda Weil vs. Raisin City Elementary School District** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF<br>JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**21CECG00307** |

**To All Parties and their Attorneys of Record: Amanda G. Hebesha**

> This case has been assigned to **D Tyler Tharpe**, Judge  for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **06/10/2021**  at **3:30 PM** in **Department 402** of the court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aid office (*listed in the phone book*).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:   **2/3/2021**_____   Clerk, by   **Ashley Ramos**_____ , Deputy

**EXHIBIT D**

# EXHIBIT "E"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Scott D. Laird, Esq. \| SBN: 190122<br>Wanger Jones Helsley PC<br>265 East River Park Circle, Suite 310  Fresno, CA 93720<br><br>TELEPHONE NO.: (559) 233-4800 \| FAX NO. (559) 233-9330<br>ATTORNEY FOR *(Name):* Plaintiff: BRENDA J. WEIL, an individual | E-FILED<br>3/1/2021 11:39 AM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |

**FRESNO COUNTY SUPERIOR COURT**

STREET ADDRESS: 1130 "O" STREET

MAILING ADDRESS:

CITY AND ZIP CODE: FRESNO, CA 93721

BRANCH NAME: UNLIMITED

| PLAINTIFF:  BRENDA J. WEIL, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT:  RAISIN CITY ELEMENTARY SCHOOL DISTRICT; et al. | 21CECG00307 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|
| | 8329-004 |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other: **Notice of Case Management Conference and Assignment of Judge For All Purposes**
3. a. Party served:
   **FRESNO COUNTY SUPERINTENDENT OF SCHOOLS**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Christopher Lozano - Legal Dept/Authorized to accept**
   **Age: 40-45 Race: White Sex: Male Height: 5"11" Weight: 205 Eyes: Brown Hair: Black**
4. Address where the party was served: **FRESNO COUNTY SUPERINTENDENT OF SCHOOLS**
   **1111 Van Ness**
   **Fresno, CA 93721**
5. I served the party
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **2/19/2021**   (2) at *(time):* **9:42 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/E327507

**EXHIBIT E**

| PETITIONER: **BRENDA J. WEIL, an individual** | CASE NUMBER: |
|---|---|
| RESPONDENT: **RAISIN CITY ELEMENTARY SCHOOL DISTRICT; et al.** | **21CECG00307** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*            (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **FRESNO COUNTY SUPERINTENDENT OF SCHOOLS**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☑ 416.50 (public entity)               ☐ 415.46 (occupant)

                                           ☐ other:

7. **Person who served papers**

  a. Name: **Albert Moles - Eddings Attorney Support Services, Inc.**

  b. Address: **1099 East Champlain Dr., Suite A-102  Fresno, CA 93720**

  c. Telephone number: **(559) 222-2274**

  d. **The fee** for service was: **$ 44.50**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner   ☐ employee   ☑ independent contractor.

      (ii) Registration No.: **63**

      (iii) County: **Madera**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **2/19/2021**

**Eddings Attorney Support Services, Inc.**
**1099 East Champlain Dr., Suite A-102**
**Fresno, CA 93720**
**(559) 222-2274**
**www.Eddings-Online.com**

| **Albert Moles** | ▶     *Albert Moles* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

**EXHIBIT E**

# EXHIBIT "F"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| Scott D. Laird, Esq. \| SBN: 190122<br>Wanger Jones Helsley PC<br>265 East River Park Circle, Suite 310   Fresno, CA 93720<br><br>TELEPHONE NO.: (559) 233-4800 \| FAX NO. (559) 233-9330<br>ATTORNEY FOR *(Name)*: Plaintiff: BRENDA J. WEIL, an individual | **E-FILED**<br>3/1/2021 11:39 AM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |

**FRESNO COUNTY SUPERIOR COURT**

STREET ADDRESS: 1130 "O" STREET

MAILING ADDRESS:

CITY AND ZIP CODE: FRESNO, CA 93721

BRANCH NAME: UNLIMITED

| PLAINTIFF: BRENDA J. WEIL, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT: RAISIN CITY ELEMENTARY SCHOOL DISTRICT; et al. | 21CECG00307 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 8329-004 |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

    a. ☑ Summons

    b. ☑ Complaint

    c. ☑ Alternative Dispute Resolution (ADR) package

    d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*

    e. ☐ Cross-complaint

    f. ☑ other: **Notice of Case Management Conference and Assignment of Judge For All Purposes**

3. a. Party served:

    **RAISIN CITY ELEMENTARY SCHOOL DISTRICT**

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

    **Anna Rasmussen - Supervisor**

    **Age: 40-45 Race: Hisp Sex: Female Height: 5"5" Weight: 150 Eyes: Brown Hair: Brown**

4. Address where the party was served: **RAISIN CITY ELEMENTARY SCHOOL**
    **6425 W. Bowles / PO Box 69**
    **Raisin City, CA 93652**

5. I served the party

    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **2/22/2021**   (2) at *(time):* **11:56 AM**

    b. ☐ **by substituted service.** On *(date):*  at  *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*  **or** ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/E327506

**EXHIBIT F**

| PETITIONER: **BRENDA J. WEIL, an individual** | CASE NUMBER: |
|---|---|
| RESPONDENT: **RAISIN CITY ELEMENTARY SCHOOL DISTRICT; et al.** | **21CECG00307** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **RAISIN CITY ELEMENTARY SCHOOL DISTRICT**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)           ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☑ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                         ☐ other:

7. **Person who served papers**
a. Name: **Albert Moles - Eddings Attorney Support Services, Inc.**
b. Address: **1099 East Champlain Dr., Suite A-102 Fresno, CA 93720**
c. Telephone number: **(559) 222-2274**
d. **The fee** for service was: **$ 27.25**
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner   ☐ employee   ☑ independent contractor.
        (ii) Registration No.: **63**
        (iii) County: **Madera**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **2/22/2021**

**Eddings Attorney Support Services, Inc.**
**1099 East Champlain Dr., Suite A-102**
**Fresno, CA 93720**
**(559) 222-2274**
**www.Eddings-Online.com**

                                                  ▶ *Albert Moles* (signature)

**Albert Moles**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                 (SIGNATURE)

**EXHIBIT F**

## PROOF OF SERVICE

1

2    My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California
93711.  I am employed in Fresno County, California.  I am over the age of 18 years and am not
3    a party to this case.

4    On the date indicated below, I served the foregoing document described as

5
**DEFENDANT RAISIN CITY ELEMENTARY SCHOOL DISTRICT'S NOTICE OF**
6    **REMOVAL OF CIVIL ACTION FROM STATE COURT**

7    on all interested parties in this action by placing a true copy thereof enclosed in sealed
envelopes addressed as follows:
8

9    Scott D. Laird, Esq.                         **Attorney for Plaintiff Brenda J. Weil**
     Amanda G. Hebesha, Esq.
     Benjamin C. West, Esq.
10   Wanger Jones Helsley PC
     265 E. River Park Circle, Ste. 310
11   Fresno, CA 93720
     Ph: (559) 233-4800
12   Fx: (559) 233-9330
     Email:  slaird@wjhattorneys.com
13   Email:  ahebesha@wjhattorneys.com
     Email:  bwest@wjhattorneys.com
14

15   ☒     (BY FIRST CLASS MAIL)I am readily familiar with the business' practice for
16           collection and processing of correspondence for mailing, and that correspondence,
             with postage thereon fully prepaid, will be deposited with the United States Postal
17           Service on the date noted below in the ordinary course of business, at Fresno,
             California.
18

19   ☒     (BY ELECTRONIC TRANSMISSION – by CM/ECF System) Notice of this filing
             will be sent by e-mail to all parties and the above-specified persons by operation of
20           the Court's electronic filing CM/ECF system, which will send electronic notification
             of such filing to all counsel/parties.
21

22   ____   (BY ELECTRONIC TRANSMISSION) I caused the above-referenced document to be sent to the person(s) at the e-mail
             address(es) of the addressee(s) on the date stated thereon.  I did not receive, within a reasonable time after the transmission, any
             electronic message or other indication that the transmission was unsuccessful.  The electric notification address of the person
23           making the service is christine@hatmakerlaw.com.

24       **EXECUTED ON March 24, 2021, at Fresno, California.**

25   ☒     (FEDERAL)I declare that I am employed in the office of a member of the State of
26           this Court at whose direction the service was made.  I declare under penalty of
             perjury under the laws of the United States of America that the foregoing is true and
27           correct.

28
                                        ____/s/ Christine Tejeda_____
                                        CHRISTINE TEJEDA