1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRENDA J. WEIL,

               **Plaintiff,**

    v.

RAISIN CITY ELEMENTARY SCHOOL
DISTRICT, et al.,

              **Defendants.**

CASE NO. 1:21-cv-00500-AWI-EPG

**ORDER ON DEFENDANTS' MOTION
TO DISMISS**

(Doc. No. 5)

      Plaintiff Brenda Weil has alleged that she suffered injury arising from her employment by Defendants Raisin City Elementary School District ("the School District) and Fresno County Superintendent of Schools ("the Superintendent"). Defendants now move to dismiss twelve of Weil's thirteen claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant in part and deny in part Defendants' motion.

## BACKGROUND

      Weil filed her complaint with allegations that Defendants, acting as her joint employers, willfully misclassified her as an independent contractor, which in turn deprived her of employment rights and benefits and caused her damages arising from her required reimbursement of improperly received pension benefits. Doc. No. 1 at 6–55 ("Compl."), ¶¶ 1–2, 4–5, 35. The following factual allegations drawn from the complaint are those that are relevant for resolving Defendants' motion. The Court construes these factual allegations as true. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

      Starting in August 1985, Weil was almost continuously employed by various public school

1 districts operating within Fresno County until her retirement in April 2010.  Id., ¶¶ 24, 27.  During

2 this employment, Weil paid into a pension fund managed by the Board of Administration of the

3 California Public Employees' Retirement System ("CalPERS").  Id., ¶ 25.  Weil became entitled

4 to pension benefits upon her retirement.  Id., ¶ 27.

5       In October 2014, Weil signed a "consulting agreement" with the School District and the

6 School District "induced" Weil to enter into annual agreements of this kind through 2019.  Id.,

7 ¶ 29.  Throughout this period, Defendants explained to Weil that she was working as an

8 independent contractor.  Id., ¶¶ 30, 40.  Yet, in July 2017, CalPERS commenced an investigation

9 into Weil's employment status after receiving an ethics complaint that Weil was being paid as an

10 employee of the School District while still drawing pension benefits.  Id., ¶ 41.  Defendants

11 received notice of this investigation in late July 2017.  Id., ¶¶ 41–42.  The School District

12 informed Weil that the investigation would reveal that she was an independent contractor and that

13 the School District "would take care of it" on her behalf.  Id., ¶ 43.  That is, the School District

14 expressly informed her that it would jointly defend her and itself in challenging the investigation

15 and any findings regarding her employment status.  Id.  On the basis of these representations, Weil

16 believed that the School District would defend and indemnify her and agreed to the joint

17 representation.  Id., ¶ 44.

18       In September 2018, CalPERS issued a preliminary adverse determination to Weil and

19 Defendants, which found that, between April 12, 2010, and June 30, 2017, Weil worked for

20 Defendants as a common-law employee and thus violated numerous California Government Code

21 provisions prohibiting the public employment of a person receiving pension benefits through

22 CalPERS.  Id., ¶¶ 45, 55.  The School District contested the determination on behalf of Weil and

23 itself.  Id., ¶ 56.

24       Then, in June 2019, CalPERS issued a final determination, finding that Weil was working

25 for Defendants as a common-law employee from April 1, 2015, to March 31, 2017, in violation of

26 CalPERS' post-retirement employment rules.  Id., ¶ 57.  On the basis of this finding, CalPERS

27 determined that Weil was subject to mandatory reinstatement as of April 1, 2015, which in turn

28 required her to repay $365,737.60 in overpaid pension benefits.  Id.

The School District initially appealed CalPERS' final determination on behalf of both Weil and itself.  Id., ¶ 58.  But on November 26, 2019, the School District informed Weil that it would no longer defend and indemnify her with respect to the final determination.  Id., ¶ 60.  Weil then retained independent counsel to continue her appeal of the final determination.  Id., ¶ 61.  She was thereafter forced to abandon her appeal and reimburse CalPERS.  Id., ¶ 64.  Since September 24, 2019, CalPERS has terminated or withheld Weil's pension benefits.  Id., ¶ 59.

Before filing her complaint, on December 19, 2019, Weil presented to Defendants a claim under the California Government Claims Act.  Id., ¶¶ 11–12.  On May 1, 2020, the Superintendent rejected her government claim as untimely.  Id., ¶ 16.  The School District did the same on May 14, 2020.  Id., ¶ 16.

Weil filed her complaint in state court on February 2, 2021.  Therein, she set forth thirteen causes of action against Defendants:  (1) breach of contract (¶¶ 66–70); (2) statutory indemnity under California Labor Code § 2802 (¶¶ 71–79); (3) implied contractual indemnity (¶¶ 80–84); (4) equitable indemnity (¶¶ 85–89); (5) negligence (¶¶ 90–95); (6) failure to pay minimum wages, in violation of Labor Code §§ 1194, 1194.2, and 1197, and California Industrial Welfare Commission Order No. 4-2001 ("Wage Order 4") (¶¶ 96–108); (7) failure to pay overtime wages, in violation of Labor Code §§ 510 and 1194, Wage Order 4, and Education Code § 45128 (¶¶ 109–115); (8) failure to pay overtime wages, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (¶¶ 116–122); (9) failure to provide meal periods, in violation of Labor Code §§ 226.7 and 512, Wage Order 4, and Education Code § 45180 (¶¶ 123–133); (10) failure to provide rest periods, in violation of Labor Code § 226.7 and Wage Order 4 (¶¶ 134–141); (11) failure to provide accurate itemized wage statements, in violation of Labor Code § 226 (¶¶ 142–147); (12) failure to reimburse for employment-related expenses, in violation of Labor Code § 2802 (¶¶ 148–154); and (13) declaratory relief (¶¶ 155–157).

Defendants removed the action and filed their dismissal motion, which challenges all of Weil's causes of action except for the Fair Labor Standards Act claim.  Doc. Nos. 1 & 5.  Weil has filed an opposition, to which Defendants have replied.  Doc. Nos. 7 & 8.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121–22 (9th Cir. 2008). To survive a Rule 12(b)(6) motion for failure to allege sufficient facts, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Compliance with this rule ensures that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal marks omitted). Under this standard, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) (internal marks omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. at 663.

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Mollett, 795 F.3d at 1065; Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008). But the Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoted source omitted). Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678; Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962,

969 (9th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  If a motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Henry A. v Willden, 678 F.3d 991, 1005 (9th Cir. 2012) (quoted source and internal marks omitted).

## JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of the government claim that Weil submitted to the County of Fresno pursuant to the California Government Claims Act.  Doc. No. 5-2.  Weil produced the same government claim through a declaration from counsel and supports its consideration by the Court for purposes of ruling on Defendants' motion.  Doc. No. 7-1.  Given this agreement, the Court will take notice of the contents of the government claim, but not the truth of its factual allegations.  Ramachandran v. City of Los Altos, 359 F. Supp. 3d 801, 811–12 (N.D. Cal. 2019); D.K. ex rel. G.M. v. Solano Cty. Office of Educ., 667 F. Supp. 2d 1184, 1189–90 (E.D. Cal. 2009).  Likewise, in so far as its contents are considered, the Court will rely on that document itself and not the parties' restatements of those contents.

## DISCUSSION

Defendants argue that Weil's challenged state-law causes of action must be dismissed because Weil failed to comply with certain procedural requirements of the Government Claims Act.  Defendants also contend that some of these causes of action fail as a matter of law on other grounds as well.  In opposition, Weil concedes that dismissal of the wage statement cause of action is proper,[1] but otherwise contests Defendants' motion across the board.

### A.    Government Claims Act

The Government Claims Act pertains to private suits for money or damages filed against a

---

[1] Weil makes the concession in light of Labor Code § 226(i), which states that the wage statement statute "does not apply to the state, to any city, county, city and county, district, or to any other governmental entity . . . ."  Doc. No. 7 at 24.  Given this statutory language and Weil's concession, the Court will dismiss the eleventh cause of action with prejudice and not further consider it here.

public entity and is regulated by the statutes contained in division 3.6 of the California

Government Code (§ 810 et seq.).  DiCampli-Mintz v. County of Santa Clara, 55 Cal. 4th 983, 989

(2012).  Broadly, "the intent of the Government Claims Act is 'not to expand the rights of

plaintiffs against government entities.  Rather, the intent of the act is to confine potential

governmental liability to rigidly delineated circumstances.'"  Id. at 991 (quoted source omitted).

Consistent with this aim, the Act imposes certain procedural requirements that a party must

comply with before filing an action in court.  See City of Stockton v. Superior Court, 42 Cal. 4th

730, 737–38 (2007).  California Government Code § 945.4 broadly sets forth the Act's claim

presentation requirement and reads in full as follows:

> Except as provided in Sections 946.4 and 946.6, no suit for money or damages may
> be brought against a public entity on a cause of action for which a claim is required
> to be presented in accordance with Chapter 1 (commencing with Section 900) and
> Chapter 2 (commencing with Section 910) of Part 3 of this division until a written
> claim therefor has been presented to the public entity and has been acted upon by
> the board, or has been deemed to have been rejected by the board, in accordance
> with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4.  This requirement is meant to streamline the adverse claims process by

ensuring public entities receive sufficient information to adequately investigate and settle (if

appropriate) claims without litigation.  DiCampli-Mintz, 55 Cal. 4th at 990–91.  Filing a written

claim consistent with this provision "is a condition precedent to the maintenance of any cause of

action against the public entity and is therefore an element that a plaintiff is required to prove in

order to prevail."  Id. at 990 (quoted source omitted); see also Karim-Panahi v. L.A. Police Dep't,

839 F.2d 621, 627 (9th Cir. 1988) (indicating that compliance with the claim presentation

requirement must be affirmatively alleged in federal court).  Moreover, compliance with the claim

presentation requirement is mandatory even if the public entity has actual knowledge of the

circumstances surrounding the claim.  City of Stockton, 42 Cal. 4th at 738.

Defendants' broadest challenge under the Government Claims Act is that all of Weil's

causes of action must be dismissed because the government claim she submitted to Defendants on

December 19, 2019, failed to comply with the claim presentation time limits imposed under

California Government Code § 911.2.  Before reaching that challenge, however, the Court will

resolve the parties' threshold disputes regarding how the Government Claims Act affects two sets

of causes of action:  namely, those pertaining to California Labor Code § 2802 and those pertaining to California wage-and-hour laws.

### 1.    Labor Code § 2802 and the Government Claims Act

Defendants argue that Weil's second and twelfth causes of action must be dismissed because public employees cannot seek relief under California Labor Code § 2802 in light of the Government Claims Act and California case law.

Starting with the Labor Code provision, § 2802 states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."  § 2802(a).  The statute also defines "necessary expenditures or losses" as "reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."  § 2802(c).

Weil bases her second and twelfth causes of action on these provisions.  Specifically, with her second cause of action, Weil alleges that Defendants violated § 2802 by failing to indemnify her in connection with the CalPERS proceeding.  Compl., ¶ 77.  Pursuant to the statute, she seeks indemnity damages in the form of all necessary expenditures and losses associated with her defense against that investigation.  Id., ¶¶ 76–79.  With her twelfth cause of action, Weil alleges that Defendants violated § 2802 by failing to reimburse her for expenses and losses related to her performance of job duties for Defendants' benefit.  Id., ¶ 151.  Weil does not identify specific unreimbursed expenses or amounts in the complaint, but does seek damages in the form of "full reimbursement for all necessary expenditures or losses."  Id., ¶¶ 153–154.  Weil premises both causes of action on her status as an employee of Defendants.  Id., ¶¶ 73–74, 150.

Although there is some overlap amongst their broader allegations, these separate causes of action essentially pursue two distinct forms of recovery:  the second cause of action seeks repayment for both defense costs and liability (i.e., required repayment of overpaid pension benefits) arising from the CalPERS proceeding, and the twelfth cause of action seeks repayment

for employment-related expenses.  In simple terms, the first track is an "indemnification" theory, whereas the second is a "reimbursement" theory.  See Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 562–63 (2007) (distinguishing cases regarding indemnification for legal expenses from cases regarding reimbursement for business expenses).

Defendants now argue that both tracks are foreclosed because § 2802 does not apply to public employers.  Before diving into Defendants' specific arguments, the Court notes that there is little case law addressing the application of § 2802 to public employers.  It also notes that that which exists generally supports Defendants' position.  See In re Work Uniform Cases, 133 Cal. App. 4th 328, 341 & n.12 (2005) (doubting application of § 2802 against public employers).[2]

Turning to Weil's indemnification theory, Defendants point to the California Court of Appeal's decision in Thornton v. California Unemployment Insurance Appeals Board, 204 Cal. App. 4th 1403 (2012).  Therein, the appellate court determined whether a public employee was entitled to reimbursement under § 2802 for attorney's fees and other expenses incurred in a law enforcement investigation where no formal civil action or proceeding was initiated.  Id. at 1408. The court held that no such entitlement could be had because public employees' right to reimbursement of defense costs is governed exclusively by the Government Claims Act.  Id. at 1422–23.  Thornton focused on California Government Code § 995 and § 996.4, which separately impose a duty on public entities to defend their employees in civil actions and proceedings arising from the employment and enable employees to recover defense costs where their employers breach the duty.  Cal. Gov't Code §§ 995, 996.4.  The Thornton court held that, in light of these provisions, "Labor Code section 2802 has no application to public employees seeking reimbursement of defense costs from their employers" because construing § 2802 "as applying to public employees claiming reimbursement of defense costs would render 'superfluous' the

_____

[2] Defendants' position also appears to be supported by California courts' recognition that unless "Labor Code provisions are specifically made applicable to public employers, they only apply to employers in the private sector." Cal. Corr. Peace Officers' Ass'n v. California, 188 Cal. App. 4th 646, 652 (2010) (quoting Johnson v. Arvin-Edison Water Storage Dist., 174 Cal. App. 4th 729, 733 (2009)).  The text of § 2802 is silent on this front, and this statutory silence stands in marked contrast to nearby provisions under the same Labor Code article ("Obligations of Employer") that expressly impose obligations on both private and public employers.  See Cal. Labor Code § 2800.2(b); § 2806(a); § 2807(a); § 2808(a)–(b); § 2809(a).  While noting this distinction, the Court declines to further consider its potential implications here, as Defendants have not challenged Weil's § 2802 causes of action on this specific basis.

1   specific provisions of the Government Claims Act regarding defense of public employees."  204
2   Cal. App. 4th at 1422–23 (quoting <u>L.A. Police Protective League v. City of Los Angeles</u>, 27 Cal.
3   App. 4th 168, 180 (1994)).

4         Given <u>Thornton</u>, the Court finds that Weil's § 2802 causes of action must be dismissed in
5   so far as they seek reimbursement for costs incurred in responding to the CalPERS proceeding.
6   Sections 995 and 996.4 preclude as much, assuming that proceeding was a civil action or
7   proceeding that fell within the scope of those statutes.  The calculus does not change if the
8   CalPERS proceeding was instead an "administrative proceeding," as the Government Claims Act
9   likewise covers that topic by providing public entities with a *permissive* duty to defend their
10  employees in such situations.  Cal. Gov't Code § 995.6.  Either way, Weil's pursuit of
11  reimbursement for legal costs under § 2802 conflicts with the Government Claims Act.  And as
12  <u>Thornton</u> held, when such a conflict arises, the Government Claims Act wins out.

13        Because <u>Thornton</u> dealt only with Government Claims Act provisions concerning defense
14  costs, it does not automatically bar Weil's § 2802 causes of action in so far as they seek
15  reimbursement for liability imposed through the CalPERS proceeding.  Even so, the decision's
16  underlying logic still leads to the same outcome here, as public employers' responsibility for
17  adverse judgments against their employees is addressed elsewhere under the Government Claims
18  Act.  California Government Code § 825 and § 825.2 generally provide that in a claim or action
19  brought against a public employee, the employer must pay any judgment or settlement so long as
20  the claim or action is based on an injury arising out of the scope of employment.  Cal. Gov't Code
21  §§ 825, 825.2; <u>Farmers Ins. Grp. v. County of Santa Clara</u>, 11 Cal. 4th 992, 1001–02 (1995).
22  Thus, to the extent Weil pursues indemnification for underlying liability arising from a claim or
23  action of this kind, <u>Thornton</u>'s logic counsels that the Government Claims Act (and not § 2802)
24  provides the appropriate basis for recovery.  And even if § 825 and § 825.2 are do not apply here
25  because the underlying liability arose from an administrative proceeding as opposed to a civil
26  action, that exclusion from the indemnification provisions represents an intentional choice by the
27  California legislature.  <u>See</u> <u>L.A. Police Protective League</u>, 27 Cal. App. 4th at 577–78 & n.11, 580
28  (addressing legislative history that indicates public employees are intentionally entitled to more

1  limited recourse against their employers with respect to criminal and administrative proceedings).

2  In the face of that legislative decision, the Court sees no reason to green-light continued pursuit of

3  public employer liability through less-specific statutes outside of the Government Claims Act.

4  Rather, in sum, the Court finds that Weil's indemnification theory under § 2802 is precluded

5  because the Government Claims Act provides the exclusive statutory basis for reimbursement of

6  public employees for defense costs and adverse judgments.[3]

7          Thornton also does not automatically apply to bar Weil's reimbursement theory.  That is,

8  Weil's pursuit of reimbursement for employment-related expenses under Labor Code § 2802 is not

9  equally precluded by Government Code § 995 and § 996.4, which are singularly focused on

10  reimbursement for defense costs and adverse judgments.  As noted above, case law regarding

11  public employees' use of § 2802 is sparse, and that is even more true regarding cases involving

12  reimbursement of employment-related expenses.  The most analogous case, however, suggests that

13  this too is not allowed.  See Work Uniform, 133 Cal. App. 4th 328.  In Work Uniform, the court

14  rejected an argument that public employers (including city- and county-level defendants) were

15  obligated under § 2802 to reimburse their employees for costs associated with purchasing and

16  maintaining required work uniforms.  Id. at 338.  To reach that holding, the court first concluded

17  that the employers' payment to employees for uniform expenses constituted a form of employee

18  compensation.  Id. at 337–38.  With this in hand, the court then held that construing § 2802 to

19  require work uniform payments would infringe on the employers' power to prescribe and bargain

20  for the terms of employee compensation under the California Constitution.  Id. at 334–38 (citing

21  Cal. Const. art. XI, §§ 1(b), 4(f), and 5(b)).  The court further rejected the plaintiffs' alternative

22  argument that, notwithstanding the constitution-statute conflict, the § 2802 claim could proceed

23  because wages are a matter of statewide concern.  Id. at 338–40.

24  _____

25  [3] Contrary to Defendants' argument, this conclusion does not similarly apply to Weil's causes of action for implied
    contractual indemnification and equitable indemnification.  Thornton's logic is predicated on a statutory conflict:  that
26  is, § 2802 cannot be used against a public entity because on-point Government Claims Act provisions are more
    specific.  204 Cal. App. 4th at 1420–21.  But the same conflict does not exist when considering non-statutory
27  indemnity causes of action.  In fact, the Government Claims Act expressly acknowledges the existence of possible
    causes of action for equitable indemnity—which includes implied contractual indemnity, Prince v. Pac. Gas & Elec.
28  Co., 45 Cal. 4th 1151, 1157 (2009)—against public entities.  See Cal. Gov't Code § 901; see also Centex Homes v.
    Superior Ct., 214 Cal. App. 4th 1090, 1108 (2013).

1    Although <u>Work Uniform</u> addressed only reimbursement of uniform costs, its underlying

2    logic suggests that all efforts to use § 2802 in this fashion must account for local government

3    employers' constitutional authority to address matters of employee compensation.  Assessing the

4    specific efforts here proves difficult, however, as the complaint does not describe the reimbursable

5    expenses with specificity.  Rather, across a handful of generic allegations, Weil has asserted that

6    she incurred "reasonable and necessary expenditures or losses in order to perform her job."

7    Compl., ¶¶ 151–154.  With these allegations, the Court is unable to ascertain whether the

8    unreimbursed expenses constitute employee compensation akin to the uniform expenses in <u>Work</u>

9    <u>Uniform</u>.  Of even greater importance at the moment, this conclusory and threadbare recitation of

10   the relevant statutory language is insufficient to state a claim.  <u>Iqbal</u>, 556 U.S. at 678; <u>Landers v.</u>

11   <u>Quality Commc'ns, Inc.</u>, 771 F.3d 638, 644 (9th Cir. 2014).  Thus, the Court will dismiss Weil's

12   § 2802 causes of action in so far as they seek reimbursement for non-legal expenses arising from

13   her employment by Defendants.

14

15                      **2.      Wage-and-hour claims and the Government Claims Act**

16       Defendants argue that Weil's wage-and-hour causes of action were not properly presented

17   under the Government Code § 945.4 because Weil did not include the bases for these causes of

18   action in her government claim, as required under California Government Code § 910.  With this

19   argument, Defendants specifically challenge Weil's sixth (minimum wages), seventh (overtime

20   wages), ninth (meal periods), and tenth (rest periods) causes of action.  Weil disagrees with

21   Defendants' theory and contends that the challenged causes of action are exempt from the claim

22   presentation requirement of the Government Claims Act.

23       Section 945.4 requires each cause of action to be presented by a government claim

24   complying with § 910, which itself requires that presented claims show, among other details, the

25   "date, place and other circumstances of the occurrence or transaction which gave rise to the claim

26   asserted," and a "general description of the indebtedness, obligation, injury, damage or loss

27   incurred so far as it may be known at the time of presentation of the claim."  Cal. Gov't Code

28   § 910(c)–(d).  In light of § 910, the factual basis underlying each cause of action in the complaint

1  must have been fairly reflected in a previously submitted government claim.  <u>Stockett v. Ass'n of</u>

2  <u>Cal. Water Agencies Joint Powers Ins. Auth.</u>, 34 Cal. 4th 441, 447 (2004).  Although the claim

3  need not specify each particular act or omission later proved to have caused the injury, a complaint

4  cannot be based on an "entirely different set of facts."  <u>Id.</u> (quoted source omitted).  Likewise, a

5  complaint will be barred if there has been a "complete shift in allegations, usually involving an

6  effort to premise civil liability on acts or omissions committed at different times or by different

7  persons than those described in the claim" or the complaint is not predicated on the same

8  fundamental actions or failures to act by the defendants.  <u>Id.</u> (quoted source omitted).

9        Defendants contend that Weil based her government claim on a theory that CalPERS

10  incorrectly determined that she was an employee, which is the opposite of what the wage-and-hour

11  causes of action seek to do:  namely, impose liability on Defendants because she was an employee.

12  Defendants have a point.  In her government claim, Weil asserted that CalPERS' determination

13  that she was working as an employee was incorrect and that Defendants' failure to indemnify her

14  as to that incorrect determination caused her injury in the amount of $365,737.60 (plus interest,

15  attorney's fees, and costs)—that is, the exact amount of overpaid pension benefits that CalPERS

16  required her to repay.  Doc. No. 5-2 at 5.  In contrast, for her wage-and-hour causes of action,

17  Weil alleges that she was working as a common-law employee and Defendants violated certain

18  rights and protections that she was owed under the California Labor Code and Industrial Welfare

19  Commission Wage Order 4.  She now seeks damages under an assortment of Labor Code

20  provisions to compensate her for Defendants' wage-and-hour violations—that is, amounts in

21  addition to $365,737.60.  Compl., Prayer for Relief at 35.

22        Given this disparity, Weil's noncompliance with § 910, and thus the general claim

23  presentation requirement under § 945.4, seems clear as to the wage-and-hour causes of action.

24  Yet, without conceding as much, Weil argues that she did not have to comply with the claim

25  presentation requirement for purposes of these causes of action as they each fall within the express

26  exemption from that requirement for "[c]laims by public employees for fees, salaries, wages,

27  mileage, or other expenses or allowances."  Cal. Gov't Code § 905(c); <u>see also</u> <u>Cal Sch. Emps.</u>

28  <u>Ass'n v. Governing Bd. of S. Orange Cty. Cmty. Coll. Dist.</u>, 124 Cal. App. 4th 574, 589 (2004)

(explaining that pursuit of unpaid wages based on employee misclassification falls under § 905(c)); <u>Loehr v. Ventura Cty. Cmty. Coll. Dist.</u>, 147 Cal. App. 3d 1071, 1080 (1983) ("Earned but unpaid salary or wages are vested property rights, claims for which may not be properly characterized as actions for monetary damages."). The Court agrees with Weil's response—at least to an extent. The causes of action for minimum wages, overtime wages, meal period, and rest period violations specifically seek the recovery of unpaid wages. <u>See</u> Cal. Labor Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation . . . ."); <u>Murphy v. Kenneth Cole Prods., Inc.</u>, 40 Cal. 4th 1094, 1114 (2007) (describing payments under Labor Code § 226.7 for meal and rest period violations as premium wages intended to compensate employees).[4] Because claims of this kind are exempt from the claim presentation requirement, Defendants' argument regarding Weil's noncompliance with that requirement must be rejected.

The Court also rejects Defendants' argument that Weil cannot seek refuge under § 905(c) because she disputed in her government claim that she was a public employee. While that was the case, this factual circumstance does not appear to matter for application of § 905(c). In her complaint, Weil raised the wage-and-hour causes of actions on allegations that she was acting as an employee of Defendants. On that basis, § 905(c) applies to defeat Defendants' contention that those causes of action must be dismissed for failure to comply with the claim presentation requirement. In other words, to the extent these causes of action seek recovery of unpaid wages, Weil could raise them without ever presenting a government claim. If, as Defendants would have it, the government claim (and not the complaint) was the relevant document for determining application of § 905(c), the exemption would have no practical effect as no government claim is expected to be filed in situations where it applies.

Finally, it must be noted that the Court's ruling on this front is limited to the application of

---

[4] Because the Court is granting Weil a chance to amend her cause of action under § 2802 for the reimbursement of employment-related expenses, it will note here that such a claim would also likely be within the scope of the § 905(c) exemption. As noted above, however, there still exist other obstacles to a viable claim for reimbursement under § 2802 for local government employees.

1  the exemption under § 905(c).  As noted above, nothing in Weil's government claim put

2  Defendants on notice of these causes of action.  The government claim makes no reference to

3  Labor Code violations, much less those provisions regarding minimum wages, overtime wages,

4  meal periods, and rest periods.  Moreover, not only was Weil still contesting CalPERS'

5  determination that she was an employee, she was also seeking damages in the specific amount of

6  CalPERS' repayment demand.  In other words, it cannot be said that Weil described in her

7  government claim the same "indebtedness, obligation, injury, damage or loss incurred" that now

8  undergirds her wage-and-hour causes of action.  § 910(d).  Nor does the complaint base these

9  causes of action on the same circumstances that were described in the government claim.

10  § 910(c).  Rather, the causes of actions seek to impose civil liability based on an "entirely different

11  set of facts" regarding actions and omissions of Defendants.  Stockett, 34 Cal. 4th at 447.  Thus,

12  moving forward (and accounting for the rest of this order), Weil's wage-and-hour causes of action

13  are to be limited to her pursuit of unpaid wages or other recovery within the scope of § 905(c).

14  Beyond that, Weil would be seeking damages for the causes of action that were not presented in

15  her government claim.

16

17  **3.    Time limits under California Government Code § 911.2**

18  This brings matters to Defendants' argument that Weil's causes of action were untimely

19  presented under California Government Code § 911.2.  Based on the analysis above, what remains

20  to be considered for purposes of this argument are Weil's first (breach of contract), third (implied

21  contractual indemnity), fourth (equitable indemnity), fifth (negligence) and thirteenth (declaratory

22  relief) causes of action.  Weil objects to Defendants' challenge on two grounds.  First, Weil asserts

23  that Defendants waived their timeliness argument because they failed to give her notice of any

24  untimeliness, as required by California Government Code § 911.3.  And second, Weil contends

25  that her government claim was timely presented under § 911.2 even if Defendants' timeliness

26  argument was not waived.

27  Section 911.2 provides that "a claim relating to a cause of action for death or injury to

28  person or personal property or growing crops" must be presented within six months after the cause

14

of action accrues, and "a claim relating to any other cause of action" must be presented within one year after the cause of action accrues.  § 911.2(a).  Meanwhile, § 911.3 provides, in relevant part, that public entities shall give certain notice "[w]hen a claim that is required by Section 911.2 to be presented not later than six months after accrual of the cause of action is presented after such time . . . ."  § 911.3(a).  If an entity fails to provide this notice within forty-five days after the claim was presented, it waives any defense as to the time limit for presenting the claim. § 911.3(b).

Turning to Weil's threshold argument regarding § 911.3, Defendants acknowledge they did not provide notice of untimeliness, but also dispute that provision's application here.  Namely, they argue that § 911.3 does not apply because Weil's government claim was not one that was required by § 911.2 to be presented within six months of the accrual of a cause of action.  That is, according to Defendants, none of the various allegations presented in Weil's government claim related to "a cause of action for death or for injury to person or to personal property or growing crops."  § 911.2(a); see also Westcon Constr. Corp. v. County of Sacramento, 152 Cal. App. 4th 183, 199 (2007) (holding that § 911.3 is not applicable to a cause of action that is not subject to the six-month time limit under § 911.2).

Defendants' theory largely checks out, but runs into trouble with Weil's negligence cause of action.[5]  As to that claim, Weil alleges that Defendants breached their duty to use reasonable

---

[5] The Court notes some uncertainty in California case law as to the proper time limit for Weil's equitable indemnity cause of action under § 911.2.  See People ex rel. Dep't of Transp. v. Superior Ct., 26 Cal. 3d 744, 750 (1980).  If a pattern can be drawn from relevant decisions, it is that the applicable time limit is not determined by the equitable indemnity cause of action itself but rather the nature of the underlying cause of action for which indemnification is sought.  For instance, in State of California v. Superior Court, the plaintiffs sued a corporation and individual seeking damages for bodily injury, property damage, and loss of consortium arising out of an automobile accident.  143 Cal. App. 3d 754, 757 (1983).  The court considered the defendants' subsequent cross-complaint for indemnity against the California Department of Highway Patrol and local fire district as "relating to a cause of action . . . for injury to person," such that it was subject to the shorter time limit under § 911.2.  143 Cal. App. 3d at 757.  In contrast, in Centex Homes v. Superior Court, a homeowners' association sued a builder for violations of various statutory building standards in the construction of a condominium building.  214 Cal. App. 4th at 1093–94.  The builder, in turn, sought to file a cross-complaint against the City of San Diego on grounds including equitable indemnity, which the court treated as subject to the one-year time limit under § 911.2.  Id. at 1095–96, 1099 n.9.  It is worth noting that this pattern matches the broader principle that equitable indemnity is a wholly derivative theory of liability.  W. Steamship Lines, Inc. v. San Pedro Peninsula Hosp., 8 Cal. 4th 100, 114–15 (1994).

With this backdrop in mind, the inquiry turns to the equitable indemnity cause of action here.  Following the pattern of the cases discussed above, and based on the allegations in the complaint, CalPERS serves as the plaintiff that initiated a proceeding against Weil for violation of its post-retirement employment rules.  Weil, in turn, sought Defendants' indemnification.  Because CalPERS' prosecution of Weil's violation of pension rules stands as the applicable

care, diligence, and judgment in classifying and employing her.  Compl., ¶¶ 92–93.  She also

alleges that Defendants' negligence in misclassifying and employing her as an independent

contractor caused her to suffer emotional distress and economic damages including the loss of

employment benefits, pension benefits, and a house, as well as the obligation to pay CalPERS

$365,737.60.  Id., ¶ 94.  As pleaded, this cause of action is tort-based as it is a predicated on a duty

independent of any contract between the parties.  See Voth v. Wasco Pub. Util. Dist., 56 Cal. App.

3d 353, 357 (1976).  This plus Weil's pursuit of personal injury damages dictates that the cause of

action was subject to the six-month time limit under § 911.2.[6]  Therefore, in so far as Weil raised

her negligence cause of action in her government claim, Defendants were required to provide

notice of any untimeliness under § 911.3 and their failure to do so would result in a waiver of an

untimeliness defense under § 911.2.  In her government claim, Weil represented that she was

injured by Defendants' negligent acts or omissions, including their failure to indemnify her against

CalPERS' incorrect determination, and sought damages in the exact amount that CalPERS

required her to repay.  Doc. No. 5-2 at 5, 10, 12.  This reveals two things:  First, to the extent

Weil's negligence cause of action pursues damages beyond those sought in her government claim,

it must be dismissed for failure to comply with Government Code § 910.  This tracks the analysis

above regarding the comparison of the government claim and the complaint for purposes of the

wage-and-hour causes of action, and primarily implicates the complaint's apparent pursuit of

---

reference point, it cannot be said that Weil's equitable indemnity claim "relat[es] to a cause of action for death or for injury to person or to personal property or growing crops."  Accordingly, the one-year time limit under § 911.2 applies.  Weil's implied contractual indemnity claim is either processed identically as a form of equitable indemnity or considered a claim based on the contractual relationship between Defendants and Weil.  See Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp., 148 Cal. App. 4th 937, 968 (2007) ("Implied contractual indemnity is a type of equitable indemnity . . . , predicated on the indemnitor's breach of contract with the indemnitee." (internal citation omitted)).  Either way, the claim is subject to the one-year time limit under § 911.2.

[6] The Court rejects Defendants' assertion that Weil's negligence cause of action is subject to the one-year time limit under § 911.2.  For one, Defendants themselves made the opposite case in their original motion, wherein they contended that the six-month time limit applied to Weil's negligence cause of action.  Doc. No. 5 at 10.  Perhaps realizing the effect of this contention given Weil's responsive argument under § 911.3, Defendants changed tunes in their reply brief and asserted that the one-year time limit applies because Weil's prayer for emotional distress damages is parasitic to alleged financial injury.  Doc. No. 8 at 12 n.4.  Even accepting this quick reversal of positions, California law dictates that application of time limits under § 911.2 depends on the nature of the right sued upon and not the form of the pleading or relief demanded.  Voth, 56 Cal. App. 3d at 356.  As pleaded, Weil's negligence cause of action turns on a duty that is independent of a contract.  In that situation, the cause of action sounds in tort.  Id. at 357; see also Willis v. City of Carlsbad, 48 Cal. App. 5th 1104, 1118 n.9 (2020); Baillargeon v. Dep't of Water & Power, 69 Cal. App. 3d 670, 682 (1977).

1  damages for Defendants' negligent deprivation of employment benefits.  Compl., ¶¶ 93–94.[7]

2  Second, to the extent the negligence cause of action matches the government claim, Defendants

3  waived any untimeliness defense under § 911.2 because they failed to provide notice under

4  § 911.3.

5        Resolving the negligence cause of action still leaves an open question regarding the rest of

6  Weil's challenged causes of action.  Nothing in the language of § 911.2 and § 911.3 suggests that

7  distinct claims for relief are to be considered inseparable for purposes of the time limits and notice

8  requirements the statutes impose.  This silence suggests that although a public entity may have to

9  give notice of untimeliness under § 911.3 for one claim that is subject to the six-month time limit

10  under § 911.2, it need not do so for other claims that are subject to the one-year time limit.  In

11  other words, the waiver of a timeliness defense under § 911.3(b) applies only to those claims for

12  which notice under § 911.3(a) was required.  Applying these propositions here, the Court finds

13  that Defendants' may still raise a timeliness defense against Weil's other causes of action, even

14  though they are barred from doing so against the negligence cause of action.

15        Turning to the other causes of action, the Court can once again consolidate matters into

16  two tracks based on the relevant allegations.  Track one consists solely of the breach of contract

17  cause of action.  Track two, on the other hand, consists of the implied contractual indemnity,

18  equitable indemnity, and declaratory relief causes of action.  The Court will address the separate

19  tracks in turn.  Before doing so, the Court notes that because all of these causes of action were

20  subject to a one-year time limit under § 911.2, they needed to have accrued no earlier than one

21  year before Weil presented her government claim on December 19, 2019.  Under § 911.2, a cause

22  of action accrues on the date of accrual that would apply under the statute of limitations applicable

23  to a dispute between private litigants.  Cal. Gov't Code § 901.  One exception to this rule is that a

24  cause of action for equitable indemnity accrues on the date that the party is served with the

25  complaint that gives rise to its equitable indemnity claim against the public entity.  Id.

26

27  _____

28  [7] Unlike with the wage-and-hour causes of actions, the exemption under Government Code § 905(c) does not apply here because the prayed-for negligence damages are not properly characterized as "fees, salaries, wages, mileage, or other expenses and allowances" of a public employee.

1    First up is Weil's cause of action for breach of contract.  To be entitled to damages for

2 breach of contract, a plaintiff must plead and prove the following elements:  (1) the existence of a

3 contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach,

4 and (4) resulting damage to the plaintiff.  <u>Oasis West Realty, LLC v. Goldman</u>, 51 Cal. 4th 811,

5 821 (2011).  A cause of action for breach of contract generally accrues at the time of the

6 defendant's breach.  <u>See</u> <u>Romano v. Rockwell Int'l, Inc.</u>, 14 Cal. 4th 479, 488 (1996).

7    In her complaint, Weil alleges that her contractual relationship with Defendants was

8 premised on "valid written contracts," the Contract Clause of the California Constitution, and "any

9 applicable collective bargaining agreement."  Compl., ¶¶ 67–68.  Elsewhere in the complaint,

10 Weil describes a consulting agreement she entered into with the School District on October 8,

11 2014, and alleges that she entered into "similar purported independent contract agreements" every

12 year thereafter up through 2019.  <u>Id.</u>, ¶ 29.[8]  Under the breach of contract cause of action, Weil

13 alleges that Defendants breached the parties' contractual relationship by misclassifying her as an

14 independent contractor, which in turn caused her damages premised on the deprivation of wages

15 and employment benefits.  <u>Id.</u>, ¶¶ 67–68.

16    Before reaching the untimeliness argument, this unpacking of Weil's pleading again

17 reveals that the complaint does not align with the contents of Weil's government claim.  As

18 described above, the government claim pursued an indemnification theory and sought damages in

19 the exact amount that CalPERS required Weil to repay.  In contrast, the complaint pursues relief

20 under an employment-based theory that was not discussed in the government claim.  Unlike with

21 her negligence cause of action, however, the breach of contract cause of action pursues recovery

22 _____

23 [8] Based on this collection of allegations, the Court rejects Defendants' contentions that the breach of contract cause of action should be dismissed because it is (1) barred by the four-year limitations period under California Code of Civil

24 Procedure § 337 and (2) not applicable against the Superintendent because Weil only ever contracted with the School District.  These theories have some facial plausibility.  But they falter in so far as the parties' contractual relationship

25 is broader than the October 8, 2014 consulting agreement.  Based on Weil's allegations describing other executed agreements, the Court can draw reasonable inferences that that was the case.  At this stage, this defeats Defendants'

26 alternative theories.

27 The Court also declines to consider a purported copy of the October 8, 2014 consulting agreement that is referenced in (but not attached to) Weil's complaint, which Defendants have submitted through a declaration from counsel.  Doc. No. 5-3.  Because the Court refuses to draw Defendants' preferred conclusion that the October 8, 2014 consulting

28 agreement represents the full contractual relationship between the parties, any consideration of a purported copy of that agreement will not produce Defendants' intended result:  namely, dismissal of Weil's breach of contract claim.

that constitutes a public employee's claim for "fees, salaries, wages, mileage, or other expenses and allowances."  That is, the cause of action pursues recovery that fits within the scope of the § 905(c) exemption to the claim presentation requirement of the Government Claims Act.  In this sense, the breach of contract cause of action is similar to the wage-and-hour causes of actions.  As with those causes of action, Weil's breach of contract cause of action did not need to comply with the claim presentation requirement (including the time limits of § 911.2) but only in so far as the cause of action pursues recovery within the scope of § 905(c).  To the extent it goes beyond that exemption, the cause of action must be dismissed because the complaint's allegations were not included in the government claim.  Moreover, nothing in the complaint suggests that Weil *ever* presented a government claim to Defendants that was based on the same breach of contract theory that is found in her pleaded cause of action.  In other words, to the extent the breach of contract cause of action seeks relief beyond § 905(c), it must also be dismissed for failure to comply with the one-year time limit under § 911.2.

Next up are Weil's causes of action for implied contractual indemnity, equitable indemnity, and declaratory relief.  These three causes of action can be considered together because they all share the same accrual date.  Under California law, implied contractual indemnity is considered a form of equitable indemnity such that it is subject to the rules governing equitable indemnity claims.  Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1157, 1165 (2009).  And a declaratory relief action is typically subject to the same limitation period that would apply for an action for relief on the underlying obligation that is sought to be adjudicated.  Snyder v. Cal. Ins. Guarantee Ass'n, 229 Cal. App. 4th 1196, 1208 (2014); United Pac.-Reliance Ins. Co. v. DiDomenico, 173 Cal. App. 3d 673, 676 (1985).  Weil bases her declaratory relief cause of action on the same indemnification theory that the indemnity causes of action are founded on.  That is, in the complaint, Weil seeks a judicial determination as to the interests, rights, and duties of the parties regarding her indemnity claims, including a determination regarding whether Defendants are obligated to indemnify, protect, defend, and hold her harmless for any liability arising from the

1  CalPERS proceeding.  Compl., ¶¶ 156–157.[9]  Meanwhile, Weil's implied and equitable indemnity

2  causes of action are pleaded quite similarly.  Each seeks to recover an amount based on her

3  liability to CalPERS, as well as reasonable attorney's fees, costs, and interests.  Compl., ¶¶ 83–84,

4  88–89.

5          As noted above, the Government Claims Act provides that causes of action for equitable

6  indemnity accrue on the date the party is served with the complaint that contains the cause of

7  action for which indemnity is sought.  Cal. Gov't Code § 901.  According to the complaint, the

8  adverse proceedings for which indemnification is sought commenced in July 2017 when CalPERS

9  began its investigation into Weil's employment status.  Id., ¶ 42.  If that is not the accrual date, it

10  appears that the indemnity claims accrued at least by September 25, 2018, which was when

11  CalPERS issued a preliminary adverse determination to Weil and Defendants that found she

12  worked as a common-law employee in violation of California Government Code provisions.  Id.,

13  ¶ 45.  For either of these dates, the government claim was presented more than one year after the

14  claims accrued.

15          Weil argues that any untimeliness should be excused through application of the equitable

16  doctrines of estoppel and tolling.  The Court can quickly reject the latter proposition.  This

17  argument fails, as the doctrine of equitable tolling cannot be invoked to suspend the time limits

18  under § 911.2 for presenting a government claim.  Willis v. City of Carlsbad, 48 Cal. App. 5th

19  1104, 1121 (2020) (explaining the time limits under § 911.2 are not statutes of limitations to

20  which tolling rules might apply).  On the other hand, "[i]t is well-settled that a public entity may

21  be estopped from asserting the limitations of the claims statute where its agents or employees have

22  prevented or deterred the filing of a timely claim by some affirmative act."  Santos v. L.A. Unified

23  Sch. Dist., 17 Cal. App. 5th 1065, 1075 (2017) (quoted source omitted).  "Estoppel as a bar to a

24

25  _____

[9] Weil contends that the declaratory relief cause of action is exempt because the Government Claims Act only applies
to "claims for money or damages."  See Cal. Gov't Code § 905; Cal. Gov't Code § 945.4 (same).  The Court rejects
this argument.  California courts have explained that a declaratory relief cause of action must be preceded by a

26  government claim if the plaintiff seeks monetary damages that are beyond incidental to any declaratory relief.  Lozada
v. City & Cty. of San Francisco, 145 Cal. App. 4th 1139, 1167–71 (2006); Loehr, 147 Cal. App. 3d at 1081–82.  Far

27  from being merely incidental, monetary relief is the primary purpose of Weil's action.  The declaratory relief
allegations confirm as much, as that cause of action essentially seeks a judicial determination that Defendants are

28  liable to Weil through the indemnity causes of action.  Compl., ¶ 157.  In other words, as pleaded, Weil's request for
declaratory relief is incidental to her request for monetary damages, not the other way around.

public entity's assertion of the defense of noncompliance arises when the plaintiff establishes by a preponderance of the evidence:  (1) the public entity was apprised of the facts, (2) it intended its conduct to be acted upon, (3) plaintiff was ignorant of the true state of facts, and (4) [the plaintiff] relied upon the conduct to his detriment."  Id. at 1076 (quoted source omitted).  "Reliance by the party asserting the estoppel on the conduct of the party to be estopped must have been reasonable under the circumstances."  Id.

In the complaint, Weil lays out an estoppel theory as follows:  In July 2017, upon notice that CalPERS had initiated its investigation into her employment status, the School District "adamantly" and "expressly" informed Weil that (1) the investigation would reveal she was an independent contractor, (2) the School District "would take care of it" on her behalf, and (3) the School District would jointly represent her in challenging the investigation and any findings regarding her employment status.  Compl., ¶¶ 42–43.  Because of this representation, Weil believed that the School District would defend and indemnify her with respect to the CalPERS proceeding.  Id., ¶ 44.  Also because of this representation, Weil agreed to be jointly represented by Defendants and declined to retain independent counsel and immediately file suit against Defendants.  Id., ¶ 44.  Defendants continued to jointly represent themselves and Weil after CalPERS issued its preliminary adverse determination on September 25, 2018, and its final determination on June 25, 2019.  Id., ¶¶ 45, 56–58.  This included Defendants' filing of an appeal from the latter determination.  Id., ¶ 58.  Then, on November 26, 2019, Defendants informed Weil that they would no longer defend and indemnify her with respect to CalPERS' final determination.  Id., ¶ 60.  At that point, Weil was forced to retain independent counsel for purposes of appealing that determination, which resulted in legal costs.  Id., ¶ 61.

Based on these allegations, the Court finds that Weil has sufficiently pleaded a theory of equitable estoppel.  According to the complaint, Defendants provided joint representation to Weil from the start of the CalPERS proceeding and Weil presented a government claim less than a month after Defendants abandoned that representation.  In other words, Weil's delay in presenting a government claim for indemnification was owed entirely to the fact that Defendants were currently indemnifying her.  At this stage, that is enough for the Court to find that the complaint

1    adequately alleges a theory of equitable estoppel that applies to prevent the dismissal of the

2    challenged causes of action on grounds of untimely claim presentation under § 911.2.  See Rand v.

3    Andreatta, 60 Cal. 2d 846, 850 (1964) (allegations that plaintiff relied on representations that she

4    did not need to retain counsel and that all her rights would be protected); Farrell v. Placer County,

5    23 Cal. 2d 624, 627–28 (1944) (allegations that plaintiff relied on representations that she did not

6    need counsel and could wait until she knew the full extent of her injuries before making a claim).

7

8              **B.        Wage and Hour Causes of Action**

9              Defendants argue that Weil's seventh (overtime wages), ninth (meal periods), and tenth

10   (rest periods) causes of actions fail because the underlying Labor Code provisions do not apply to

11   public entities.  Weil defends the causes of action by emphasizing that, in addition to Labor Code

12   provisions, the claims were brought pursuant to California Education Code provisions and any

13   applicable collective bargaining agreement.

14             First, Defendants assert that Weil's claims should be dismissed at least to the extent they

15   are based on Labor Code violations.  The Court agrees.  These three claims are premised at least in

16   part on Labor Code violations:  namely, failure to pay overtime wages, in violation of Labor Code

17   §§ 510 and 1194, and Wage Order 4; failure to provide meal periods or compensation in lieu

18   thereof, in violation of Labor Code §§ 226.7 and 512, and Wage Order 4; and failure to provide

19   rest periods or compensation in lieu thereof, in violation of Labor Code §§ 226.7 and 512, and

20   Wage Order 4.  Wage Order No. 4 expressly excludes public employers from overtime wage, meal

21   period, and rest period requirements.  See Cal. Code Regs., tit. 8, § 11040(1)(B).  And California

22   court have held that these statutes do not apply to public employers.  See Cal. Corr. Peace

23   Officers' Ass'n, 188 Cal. App. 4th at 649 (holding that § 226.7 and § 512 do not apply); Johnson,

24   174 Cal. App. 4th at 735–39 (holding that § 510 and § 512 do not apply).

25             Next, Defendants argue that neither of the cited Education Code provisions that support

26   Weil's seventh and ninth causes of action provides a ground for relief.  Weil brings her overtime

27   wages claim pursuant to California Education Code § 45128, and her meal period claim pursuant

28   to California Education Code § 45180.  Compl., ¶¶ 113, 130.  These statutes are found under

1    Education Code provisions addressing classified employees within elementary and secondary

2    schools.  Cal. Educ. Code §§ 45100–45500.  Neither appears to have served as the basis of a claim

3    for relief that was discussed in a judicial order or opinion.  Section 45128 states that district school

4    boards "shall provide the extent to which, and establish the method by which ordered overtime is

5    compensated."  Cal. Educ. Code § 45128.  The statute further states that "[t]he board shall provide

6    for such compensation or compensatory time off at a rate at least equal to time and one-half the

7    regular rate of pay of the employee designated and authorized to perform the overtime."  Id.

8    Section 45180 defines the terms "differential compensation" and "shift" for purposes of statutes

9    governing differential compensation for classified employees.  Cal. Educ. Code § 45180.  Shift is

10   defined by the statute as "the number of hours worked and shall include a duty-free meal period of

11   not less than one-half hour which, in the case of a seven- or eight-hour shift, shall occur

12   approximately at the midpoint of the shift."  § 45180(b).

13          Weil's allegations involving these statutes are minimal.  Namely, for each cause of action,

14   she alleges that but for her misclassification as an independent contractor, she would have been a

15   classified employee under the Education Code and entitled to the benefits set forth under the

16   respective provision.  Compl., ¶¶ 113, 130.  Yet, as brief as these allegations may be, the Court

17   finds them to be sufficient to withstand Defendants' current challenges.  For one, contrary to

18   Defendants' contention, Weil affirmatively seeks relief under the Education Code for the overtime

19   wages and meal period claims.  Id., ¶¶ 114–115, 132, Prayer for Relief at 35.  Also unpersuasive is

20   Defendants' citation to an Education Code provision that enables school districts to exclude

21   certain positions or classes of positions from overtime compensation for classified employees.

22   See Cal. Educ. Code § 45130.  At this stage, nothing about this separate statute negates or bars

23   Weil's allegation that she was entitled to such compensation under § 45128.  Finally, in so far as

24   Defendants have raised a private-right-of-action argument in their reply brief, they have not

25   provided convincing argument or authority to overcome clear statutory language that school

26   districts shall provide classified employees with certain overtime compensation and duty-free meal

27

28

23

1  periods.[10]  Without as much, the Court concludes that Weil's allegations survive the specific

2  challenges that Defendants have presented here regarding the Education Code provisions.

3          As a final matter, Defendants also take aim at Weil's collective bargaining agreement

4  allegations.  For purposes of each of the challenged causes of action, Weil references her

5  entitlement to the benefits and protections of "the applicable collective bargaining agreement, if

6  any."  Compl., ¶¶ 110, 113–115 (overtime wages); 124, 130, 132 (meal period); 135, 139, 140

7  (rest period).  Similar references are found throughout the complaint.  E.g., id., ¶¶ 1, 36, 65.

8  Although Weil outlines a theory for relief under a specific collective bargaining agreement

9  between Defendants and a labor union for purposes of the minimum wages cause of action (id.,

10 ¶¶ 102–103), these specific allegations are not re-alleged or incorporated by reference under the

11 challenged causes of action nor are allegations of this kind found elsewhere in the complaint.  Id.,

12 ¶¶ 109, 123, 134.  Accordingly, given the overtime wages, meal period, and rest period causes of

13 actions rest only on vague references to speculative collective bargaining agreements, the Court

14 will dismiss these claims on this ground as well.[11]

15

16         **C.     Conclusion**

17         With two exceptions, the Court's dismissal of causes of action in this order will be without

18 prejudice.  First, as to the two exceptions, the Court will dismiss Weil's second (Labor Code

19 § 2802 indemnification) and eleventh (wage statements) causes of action with prejudice.  Weil

20 conceded any defense of the latter in the face of Defendants' instant challenge, and California case

21 law indicates that further amendment of an indemnification claim against a public employer under

22 Labor Code § 2802 would be futile.  For all the other to-be-dismissed causes of action, Weil shall

23 have an opportunity to amend her complaint.  If she chooses to do so, Weil shall account for the

24

25 [10] The Court's ruling on this specific challenge is narrow and this order shall not preclude the parties from more fully
26 returning to this issue as the case proceeds.

27 [11] The Court notes that amendment of Weil's rest period claim—which does not include an Education Code
   allegation—may be futile without ability to rely on the dismissed Labor Code allegations.  See Valles v. Ivy Hill
   Corp., 410 F.3d 1071, 1075–76 (9th Cir. 2005) (discussing the preemption of state-law claims brought to enforce
28 collective bargaining agreements without an independent state-law right).  Even so, the Court will dismiss the claim
   without prejudice, as the parties did not fully account for such possibilities here.

claim-specific bases of dismissal that are addressed above.  If the complaint is not amended,
Weil's causes of action shall proceed consistent with this order.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1.     Defendants' motion to dismiss in part (Doc. No. 5) is GRANTED in part and
        DENIED in part;

        a.      The first (breach of contract), fifth (negligence), sixth (minimum wages),
                seventh (overtime wages), ninth (meal periods), tenth (rest periods), and
                twelfth (§ 2802 reimbursement) causes of action are DISMISSED, in whole
                or in part, without prejudice; and

        b.      The second (§ 2802 indemnification) and eleventh (wage statements) causes
                of action are DISMISSED with prejudice.

2.     Weil is GRANTED leave to file an amended complaint.  If Weil elects to file an
        amended complaint, she must do so within thirty days of service of this order.

IT IS SO ORDERED.

Dated:   September 3, 2021        _____
                                  SENIOR  DISTRICT  JUDGE