**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA J. WEIL,<br><br>      **Plaintiff,**<br><br>      v.<br><br>RAISIN CITY ELEMENTARY SCHOOL DISTRICT, et al.,<br><br>      **Defendants.** | CASE NO. 1:21-cv-00500-AWI-EPG<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS THE FIRST-AMENDED COMPLAINT**<br><br>(Doc. No. 14) |

In this case, Plaintiff Brenda Weil alleges that she suffered injury arising from her employment with Defendants Raisin City Elementary School District and Fresno County Superintendent of Schools. Defendants now move to dismiss seven of Weil's eleven causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant in part and deny in part Defendants' motion.

**BACKGROUND**

Defendants removed this action after Weil filed her complaint in state court on February 2, 2021. Doc. No. 1. This Court later granted in part and denied in part Defendants' motion to dismiss a majority of Weil's complaint under Rule 12(b)(6). Doc. No. 10.[1]

Weil then filed a first-amended complaint. Doc. No. 11 ("FAC"). Therein, she sets forth eleven causes of action: (1) breach of contract (¶¶ 67–73); (2) implied contractual indemnity (¶¶ 74–78); (3) equitable indemnity (¶¶ 79–83); (4) negligence (¶¶ 84–91); (5) failure to pay minimum wages (¶¶ 92–105); (6) failure to pay overtime wages under California law (¶¶ 106–

---

[1] In so doing, the Court provided context for this case based on Weil's allegations in the original complaint. Doc. No. 10 at 1–3. The Court declines to again do that here, and will instead set forth relevant factual allegations below when necessary to resolve the parties' specific disputes.

114); (7) failure to pay overtime wages under federal law (¶¶ 115–121); (8) failure to provide meal periods (¶¶ 122–132); (9) failure to provide rest periods (¶¶ 133–142); (10) failure to reimburse for employment-related expenses (¶¶ 143–152); and (11) declaratory relief (¶¶ 153–155).

Now before the Court is Defendants' motion to dismiss the first, fifth, sixth, seventh, eighth, ninth, and tenth causes of action in the first-amended complaint. Doc. No. 14. Weil has filed an opposition and Defendants have filed a reply. Doc. Nos. 17 & 18.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121–22 (9th Cir. 2008). To survive a Rule 12(b)(6) motion for failure to allege sufficient facts, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Compliance with this rule ensures that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal marks omitted). Under this standard, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) (internal marks omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. at 663.

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015); Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008). But the Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are

merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoted source omitted).  Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678; Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015).  Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  If a motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Henry A. v Willden, 678 F.3d 991, 1005 (9th Cir. 2012) (quoted source and internal marks omitted).

## DISCUSSION

Using three distinct theories, Defendants argue that seven of Weil's claims should be dismissed.  The Court will take these arguments in turn.

### 1.  Pleading under Landers

Defendants first argue that Weil's minimum wages, state and federal overtime wages, meal period, and rest period causes of actions (fifth through ninth) must be dismissed based on insufficient factual pleading under Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014).  The Court will reject this argument as procedurally improper.

Federal Rule of Civil Procedure 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).  Rule 12(h)(2) provides that the defense of "[f]ailure to state a claim upon which relief can be granted . . . may be raised:  (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2).  And Rule

12(h)(3) enables the court to consider a lack of the subject-matter jurisdiction at any time. Fed. R. Civ. P. 12(h)(3). Putting this together, under Rule 12(g)(2) and Rule 12(h)(2), a party that seeks to raise a defense based on a failure to state a claim that was available but omitted from an earlier Rule 12 motion can only do so in a pleading, a Rule 12(c) motion, or at trial. In other words, if a defense of this kind was available to be raised in an initial Rule 12(b)(6) motion to dismiss and the party failed to raise the defense in that motion, the party may not raise the defense in a second Rule 12(b)(6) motion. Hernandez v. City of San Jose, 241 F. Supp. 3d 959, 984–85 (N.D. Cal. 2017), aff'd in part, dismissed in part, 897 F.3d 1125 (9th Cir. 2018); see also Herron v. Best Buy Stores, LP, No. 12-cv-02103-GEB-JFM, 2013 WL 4432019, at *4 (E.D. Cal. Aug. 16, 2013) ("[A] series of [Rule 12(b)(6)] motions should not be permitted because that results in delay and encourages dilatory tactics." (quoted source and internal marks omitted)).

Although Defendants challenged most of these causes of actions in their first motion to dismiss, they did not do so using this specific argument. And yet, they could have. The same is true regarding Weil's federal overtime wages claim, which Defendants did not challenge at all in their original dismissal motion. Although some of these claims were revised in the first-amended complaint, those revisions are not the basis of Defendants' latest challenge. As much is made evident by Defendants' motion, which cites only allegations that have been featured in both iterations of the complaint. Compare Doc. No. 1 at 6–55 ("Compl."), ¶¶ 104, 114, 120, 131, 140, with FAC, ¶¶ 100, 112, 119, 129, 140. In sum, because Defendants could have but did not raise their argument under Landers in their previous Rule 12(b)(6) motion, they will not be allowed to do so here.

### 2. Collective bargaining agreement

Defendants next argue that Weil's breach of contract, minimum wages, state overtime wages, meal period, rest period, and unreimbursed expenses causes of action (first, fifth, sixth, eighth, ninth, tenth) must be dismissed to the extent they are based on allegations regarding an applicable collective bargaining agreement.

The Court previously dismissed some of Weil's claims in so far as they sought relief

through a collective bargaining agreement. Doc. No. 10 at 24. Specifically, the Court explained that Weil's allegations that she was entitled to the benefits and protections of "the applicable collective bargaining agreement, if any" were nothing more than vague references to speculative agreements. Id.

Weil responded by adding factual details throughout the amended complaint regarding a specific collective bargaining agreement. First, Weil describes an agreement between the School District and the California School Employees Association and its Chapter 622 that governed working salaries, working conditions, benefits, and other aspects of workers' compensation and rights for School District employees. FAC, ¶ 28. She then refers to this agreement throughout her claim-specific allegations. Id., ¶¶ 71, 93, 98–99, 108–113, 123, 125–126, 128, 130, 134–141, 145–149, 152. As these and other allegations make clear, Weil seeks to recover damages based on what she would have received under that agreement had she not been misclassified by Defendants as an independent contractor. Id., ¶¶ 66, 98, 111, 128, 139. In essence, Weil is pursuing theories of relief premised on Defendants' breach of the collective bargaining agreement described in the first-amended complaint.

In their motion, Defendants contend that, despite identifying a particular collective bargaining agreement throughout the complaint, Weil has not alleged that she was or could have been covered by this agreement. In so doing, Defendants effectively assert that Weil does not have standing to pursue these theories of relief.

Generally, "[t]o have standing to bring an action for breach of a collective bargaining agreement, a party must be either a member of the collective bargaining unit covered by the agreement or a third party beneficiary of that agreement." Sepulveda v. Pac. Mar. Ass'n, 878 F.2d 1137, 1139 (9th Cir. 1989) (citing Karo v. San Diego Symphony Orchestra Ass'n, 762 F.2d 819, 821 (9th Cir. 1985)). Weil has not alleged that either of these conditions was met here. Rather, she openly acknowledges her status as a non-member of the union who was not covered by the agreement by alleging that, but for Defendants' misclassification, she would have been a covered member. FAC, ¶¶ 1, 66. And nothing in the complaint allows the Court to reasonably infer that she was a third-party beneficiary of the agreement. Applicable here, "[a] third party qualifies as a

5

beneficiary under a contract if the parties intended to benefit the third party and the terms of the contract make that intent evident." Karo, 762 F.2d at 821–22 ("Although the beneficiary need not be named in the contract, he must be a member of a class referred to and identified in it."). Weil does not point to particular terms in the agreement that demonstrate the bargaining parties intended for persons in her position to benefit. Nor has she attached the agreement or other relevant evidence to her pleading, which frustrates any opportunity for the Court to independently draw such an inference on her behalf. Sepulveda, 878 F.2d at 1139 ("In discerning intent, the court may look to evidence outside the four corners of the document, such as the circumstances and negotiations of the parties in making the contract." (quoted source omitted)).[2]

In sum, Weil has not alleged she has standing to pursue theories of relief based on Defendants' breach of the collective bargaining agreement between the School District and the California School Employees Association and its Chapter 622. Moreover, unpacking those theories in this manner also reveals that they are completely preempted under § 301 of the Labor Management Relations Act. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("[T]he Supreme Court has interpreted [§ 301] to compel the complete preemption of state law claims brought to enforce collective bargaining agreements."). In other words, the pleading failure here is secondary to the greater problem that Weil is seeking relief through theories that cannot proceed even if standing were properly alleged. Thus, the Court will dismiss with prejudice the challenged claims in so far as Weil uses them to seek relief for Defendants' breach of the specified collective bargaining agreement. As this is the only remaining basis for Weil's rest period claim, that cause of action will be dismissed in full.

### 3. Labor Code § 2802

Defendants' final argument is that Weil's tenth cause of action for violation of California Labor Code § 2802 must be dismissed because the statute does not apply to public entities.

---

[2] Allegations in the complaint describing Weil's annual independent contractor agreements with the School District also raise considerable doubt that the School District (and the union) would have intended for persons in her position to benefit under the collective bargaining agreement as well. FAC, ¶ 30.

6

To start, the Court recognizes that, despite challenging Weil's claim under § 2802 on related grounds, Defendants did not raise this precise argument in their previous motion to dismiss. In fact, the Court expressly recognized as much in its order on that motion. Doc. No. 10 at 8 n.2. As discussed above, Defendants' raising of that argument here contradicts Rule 12(g)(2). Hernandez, 241 F. Supp. 3d at 984–85; Herron, 2013 WL 4432019, at *4. Even so, the Court will exercise its discretion to consider the issue because judicial economy is best served by addressing the issue now. Green v. ADT, LLC, No. 16-cv-02227-LB, 2016 WL 5339800, at *6 (N.D. Cal. Sept. 23, 2016); Allstate Ins. Co. v. Countrywide Fin. Corp., 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011); Davidson v. Countrywide Home Loans, Inc., No. 09-CV-2694-IEG JMA, 2011 WL 1157569, at *4 (S.D. Cal. Mar. 29, 2011).

Turning to Defendants' challenge, California law recognizes that unless "Labor Code provisions are specifically made applicable to public employers, they only apply to employers in the private sector." Cal. Corr. Peace Officers' Ass'n v. California, 188 Cal. App. 4th 646, 652 (2010) (quoting Johnson v. Arvin-Edison Water Storage Dist., 174 Cal. App. 4th 729, 733 (2009)); see also Pinder v. Emp. Dev. Dep't, 227 F. Supp. 3d 1123, 1152 (E.D. Cal. 2017). As explained in the order on Defendants' previous dismissal motion, the text of § 2802 is silent on this front, and this statutory silence stands in marked contrast to nearby provisions under the same Labor Code article ("Obligations of Employer") that expressly impose obligations on both private and public employers. See Cal. Labor Code § 2800.2(b); § 2806(a); § 2807(a); § 2808(a)–(b); § 2809(a). Weil has not provided—nor has the Court independently discovered—countervailing authority in response to Defendants' position that Weil's claim should be dismissed on this basis. Rather, she only responds that this Court previously rejected the proposition that § 2802 does not apply to public entities. But the Court did no such thing when it instead determined for purposes of an adjacent challenge that Weil's pleading was a threadbare recitation of the relevant statutory language that left the Court unable to determine whether she was improperly seeking reimbursement for employee compensation. Doc. No. 10 at 10–11.[3] Although Weil amended her

---

[3] This conclusion tracked Defendants' argument under In re Work Uniform Cases, 133 Cal. App. 4th 328 (2005), that § 2802 does not apply to public employers. The Court acknowledges that, at first blush, the outcome here appears to

7

§ 2802 claim to account for that potential pitfall (FAC, ¶¶ 143–152), her revised claim does not overcome the absence of express recognition in § 2802 of public employer application.

In sum, the Court will dismiss this claim with prejudice in so far as it is based on § 2802. Given the determination above that this cause of action also cannot rely on the collective bargaining agreement as a separate basis for reimbursement of the expenses, the Court will dismiss Weil's tenth cause of action in full.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. No. 14) is GRANTED in part and DENIED in part;
   a. The first (breach of contract), fifth (minimum wages), sixth (state overtime wages), and eighth (meal period) causes of action are DISMISSED, with prejudice, to the extent they seek recovery through allegations regarding an applicable collective bargaining agreement;
   b. The ninth (rest period) and tenth (§ 2802 reimbursement) causes of action are DISMISSED, with prejudice, in full;
2. Defendants shall file an answer to the first-amended complaint within twenty-one days of service of this order; and
3. Once Defendants have filed an answer, the parties shall promptly contact the magistrate judge for the purpose of setting a scheduling conference date.

IT IS SO ORDERED.

Dated:   December 17, 2021                    _____
                                              SENIOR DISTRICT JUDGE

---

contradict Work Uniform, which itself seemingly left space to bring a § 2802 claim against a local government employer, so long as the claim did not seek matters of employee compensation. Yet, the decision and briefing in Work Uniform do not suggest the precise question here, which notably relies on subsequently issued California case law, was squared for the court's consideration.