UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA J. WEIL,<br><br>    Plaintiff,<br><br>v.<br><br>RAISIN CITY ELEMENTARY SCHOOL DISTRICT, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00500-JLT-EPG<br><br>ORDER APPROVING STIPULATED PROTECTIVE ORDER, IN PART<br><br>(ECF No. 70). |

    This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 70). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties' definition of "confidential information" includes "[a]ny and all material designated by a party to this Action as "CONFIDENTIAL." (*Id.*, p. 3). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue as required by Local Rule 141(c)(1).

    Accordingly, the Court will limit the parties' definition of confidential information to that information which contains:

    a. Personal financial information or records, including but not limited to, all personal identification items such as Social Security numbers, driver's license numbers, healthcare and insurance numbers, employee or employment identification descriptions, classifications of account numbers, computer addresses, names, numbers or accounts,

or any other item that may be used as a means of engaging in the act of identity theft, access to personal financial information or financial privacy;

b. Private personal medical or psychiatric information and records, including patient health insurance claim information and other individually identifiable health information in this matter;

c. Any and all other health information covered under HIPAA, the California Confidentiality of Medical Information Act, and/or the Lanterman-Petris-Short Act[.]

(*Id.*, pp. 2-3)

Accordingly, the Court will approve the parties' stipulation, in part, as revised.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**STIPULATION**

Plaintiff, BRENDA J. WEIL ("Plaintiff"), and Defendants, RAISIN CITY ELEMENTARY SCHOOL DISTRICT ("RCESD") and FRESNO COUNTY SUPERINTENDENT OF SCHOOLS ("FCSS" and collectively with RCESD, "Defendants"), by and through their respective counsel of record, hereby stipulate and agree that this litigation will likely require the disclosure of Plaintiff's private, personal medical records, patient health insurance claim information and other individually identifiable protected and confidential and private health information concerning Plaintiff and Defendants (collectively, the "Parties"), all of which are protected from disclosure under state and federal law, including but not limited to the Federal and California Constitutions, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq.*, California Health & Safety Code § 1280.15, the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*, and the Lanterman-Petris-Short Act, Welfare & Institutions Code § 5000, *et seq.* The Parties hereby stipulate to the following Protective Order:

  2. The term "Action" as used herein shall mean the action styled *Weil v. Raisin City Elementary School District, et al.*, United States District Court for the Eastern District of California, Case No. 1:21-CV-00500-JLT-EPG.

  3. "Confidential Material" is defined for purposes of this Stipulated Protective Order as any type or classification of the Parties and/or Plaintiff's private or personal health information which is designated as "Confidential" in this Action, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, response to request for admission, response to a demand for a Bill of Particulars or otherwise and includes, but is not limited to, the following:

    a. Personal financial information or records, including but not limited to, all personal identification items such as Social Security numbers, driver's license numbers, healthcare and insurance numbers, employee or employment identification descriptions, classifications of account numbers, computer addresses, names, numbers or accounts, or any other item that may be used as a means of engaging in the act of identity theft, access to personal financial information or financial privacy;

    b. Private personal medical or psychiatric information and records, including

patient health insurance claim information and other individually identifiable health information in this matter;

   c. Any and all other health information covered under HIPAA, the California Confidentiality of Medical Information Act, and/or the Lanterman-Petris-Short Act; and

   ~~d. Any and all material designated by a party to this Action as "CONFIDENTIAL."~~

  4. The Parties shall mark all Confidential Material covered by this Order as "CONFIDENTIAL." Thereafter, any party which disagrees with the provisional designation of the document as confidential and protected by this Order shall object, in writing, according to the procedures set forth in this Order.

  5. Confidential Material shall be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. If a party inadvertently produces Confidential Material to another person without marking the material as "CONFIDENTIAL" the party may subsequently send a "Notice of Designation of Documents as Confidential" that identifies the documents to be so designated.

  6. For purposes of conducting this litigation, Confidential Material may be used, copied by, exhibited to, or disclosed to only the following persons or entities:

   a. The Parties to this Action;

   b. The attorneys for the Parties to this Action and their respective employees;

   c. Any person from whom testimony is taken or to be taken in this Action pursuant to a deposition notice or subpoena, except that such person may be shown copies of Confidential Material only during his or her testimony and in preparation therefor, to the extent relevant to such testimony, and may not copy or retain any Confidential Material;

   d. Any person, including the employees of the Parties assisting counsel in the preparation of the case, or any other person who is expressly retained or is being considered for retention by counsel for any of the Parties in this action to assist counsel in this litigation;

   e. Any expert acting for any of the Parties;

   f. Court reporters used in connection with this Action and their employees;

   g. The Court and the clerks of court; and

        h.      The jury, if any, in the trial of this case.

No disclosure shall be made pursuant to subparagraphs (d) and (e) of this paragraph until such person has executed a Confidentiality Agreement to be bound by this Stipulated Protective Order in the form attached hereto as **Exhibit A**. With respect to consultants and/or investigators employed by the Parties to this Action, **Exhibit A** will be fully executed and will be retained by counsel for the party employing the respective consultant or expert.

7.     All persons described in paragraph 5(a) through (h) above are enjoined from disclosing any Confidential Material to any other person, or from using any information obtained therefrom except in conformance with this Stipulated Protective Order.

8.     This Stipulated Protective Order shall apply with equal force to any and all copies, notes, extracts, compilations, summaries and oral recitation of Confidential Material.

9.     A party shall not be obligated to challenge the propriety of a designation of materials as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event any party to this Action objects, at any stage of the proceedings, to the designation of a document or testimony as Confidential Material, the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other Parties, apply to the Court for appropriate relief. The supplying party seeking to maintain the confidentiality of the information shall have the burden of establishing that the document or testimony is entitled to confidential treatment. If an application to the Court is made, the document or testimony shall continue to be treated as confidential until the Court enters an order determining otherwise. Any other dispute concerning the application of this Order shall be heard by the Court upon motion of a party.

10.     The terms of the Stipulated Protective Order shall apply to Confidential Material, identified as confidential, that was previously exchanged between the Parties in this Action and shall supersede any and all prior agreements of confidentiality related thereto.

11.     All new parties hereafter brought into the Action, and their counsel, shall be bound by the terms of this Stipulated Protective Order.

12.     The Parties may amend this Stipulation and Order in writing and may seek to have the amendments entered by the Court as part of this Order.

13. This Stipulation has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Stipulation. Accordingly, none of the Parties hereto shall be entitled to have any provisions of this Stipulation construed against any of the other Parties hereto in accordance with any rule of law, legal decision, or doctrine, such as the doctrine of *contra proferendum* that would require interpretation of any ambiguities in this Stipulation against the party that has drafted it. The provisions of this Stipulation shall be interpreted in a reasonable manner to affect the purposes of the Parties hereto and this Stipulation. This Order and the agreements embodied herein shall survive the termination of this Action and continue in full force and/or effect thereafter.

14. Pursuant to the Health Insurance Portability and Accountability Act of 1996, neither party shall use or disclose protected health information for any purpose other than this Action.

15. Pursuant to the Health Insurance Portability and Accountability Act of 1996, All protected health information shall be returned to the opposing party or destroyed (including all copies made therefrom) at the end of the Action.

16. The Parties stipulate that this Order is intended to and conforms with the requirements of Health Insurance Portability and Accountability Act of 1996, specifically but not limited to 45 C.F.R. 164.512(e)(1)(ii)(B); (e)(1)(iv)(A) and (e)(1)(v).

17. It is expressly recognized and acknowledged that this Stipulation will be circulated among counsel for the Parties in duplicate originals, and it is agreed that counsel may circulate or return their signatures via Facsimile or in electronic form via PDF files, and that those shall constitute original signatures demonstrating counsel's execution and acceptance of this Stipulation on behalf of themselves and their clients.

18. This Stipulation may be executed in a number of counterparts and each counterpart signature shall, when taken with all other signatures, be treated as if executed upon one original of this Stipulation.

**IT IS SO STIPULATED.**

**EXHIBIT A**

<u>CONFIDENTIALITY ACKNOWLEDGMENT</u>

I, _____, declare the following

I have read and understand the Stipulated Protective Order ("Order") in the case captioned *Weil v. Raisin City Elementary School District, et al.*, United States District Court for the Eastern District of California, Case No. 1:21-CV-00500-JLT-EPG (the "Action") to which this Confidentiality Acknowledgment ("Acknowledgment") is attached. I attest to my understanding that access to information designated as Confidential in this proceeding may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Order. By signing this Acknowledgment, I agree to be bound by the terms, conditions and restrictions of the Order even though I may not have executed the stipulation underlying the Order. I hereby submit to the jurisdiction of the Court for the limited purpose of enforcement of this Acknowledgment.

I will comply with all of the provisions of the Order. I will not use or disclose to others any information designated as Confidential pursuant to the Order, except in accordance with the Order, any amendment thereto, and any further Order of the Court, and only for matters in connection with the Action. No later than thirty (30) days after the conclusion of this case, including all appeals and/or challenges to any Orders of the Court, I will destroy and return the Confidential Information, including copies, notes or other transcriptions made therefrom, to the counsel who provided me with such information. If I fail to abide by the terms of this Acknowledgment and Order, I understand that I may be subject to sanctions and/or may be subject to contempt of court proceedings.

I declare under penalty of perjury under the laws of the United States of America and my state of residence that the foregoing is true and correct.

By: _____

**ORDER**

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 70) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated: **October 6, 2023**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE