1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

BRENDA J. WEIL,

Plaintiff,

v.

RAISIN CITY ELEMENTARY SCHOOL
DISTRICT, *et al.*,

Defendants.

Case No. 1:21-cv-00500-JLT-EPG

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL AND REQUEST FOR
SANCTIONS

(ECF No. 74)

12

13

14

15

16

17

18      This case proceeds on Plaintiff Brenda J. Weil's claims for breach of contract, implied

19 contractual indemnity, equitable indemnity, negligence, and various state labor law violations

20 against Defendants Raisin City Elementary School District ("RCESD") and Fresno County

21 Superintendent of Schools ("FCSS"). (ECF Nos. 14, 20). Plaintiff generally alleges that

22 Defendants, acting as her joint employers, willfully misclassified Plaintiff as an independent

23 contractor, which deprived her of employment rights and benefits and resulted in damages when

24 Plaintiff was required to reimburse improperly received pension benefits.

25      Before the Court is Plaintiff's Motion to Compel and Request for Sanctions regarding

26 Outstanding Discovery Issues. (ECF No. 74). For the reasons set forth below, the Court grants in

27 part and denies in part Plaintiff's motion.

28 \\

## I.      LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) governs the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

### A.      Interrogatories

Rule 33(b) permits a party to issue interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(b). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Further, each interrogatory must be answered "fully" and objections "to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4).

### B.      Requests for Production

Rule 34(a) permits a party to request the production or inspection of, among other things, "any designated documents or electronically stored information" within the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). "An objection must state whether any responsive materials are being withheld on the basis of that objection," and "[a]n objection to *part* of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). Further, "[a]s provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit inspection." Fed. R. Civ. P. 34(c).

### C.      Requests for Admission

Rule 36(a) permits a party to issue requests to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: fact, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). Rule 36 further provides:

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of

> knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

### D.    Claims of Privilege

Federal Rule of Civil Procedure 26(b)(5) allows a party to withhold "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material." To claim privilege, the party must:

> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(i)-(ii).

### E.    Motions to Compel

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

Rule 36(a)(6): "The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses."

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

//

//

3

### F.   Sanctions

Federal Rule of Civil Procedure 37(a)(5)(A) generally provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

*Id.* The Federal Rules also provide that, when a party fails to obey an order to provide or permit discovery, including an order under Rule 37(a), then the Court may, among other things, "treat[t] as contempt of court the failure to obey any order[.]" Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

## II.   DISCUSSION

The Court directed Plaintiff to file a single statement of all discovery requests at issue and the current objections and/or responses by Defendants. (ECF No. 82). On December 1, 2023, Plaintiff filed her statement, which represents that the following discovery responses remain in dispute:

> (i)    RCESD's Further Response to Plaintiffs Request for Admissions, Set One, Nos. 21, 28, 30-31, 36, 44-45, 49, 51-53, 55, 61, and 96-101 (served on or around September 27, 2023);
>
> (ii)   RCESD's Supplement to Further Responses to Plaintiffs Request for Admissions, Set One, No. 36 (served on or around November 3, 2023);
>
> (iii)  FCSS' Further Response to Plaintiffs Request for Admissions, Set One, Nos. 21, 28, 30-31, 44-45, 49, 51, 53, 55, 61, and 102-107 (served on or around September 27, 2023);
>
> (iv)   RCESD's Further Responses to Plaintiffs Request for Production of Documents, Set Two, Nos. 130-159 (served on or around November 3, 2023); and
>
> (v)    FCSS' Further Responses to Plaintiffs Request for Production of Documents, Set Two, Nos. 68-69 (served on or around November 3, 2023).

(ECF No. 84, p. 2).

Additionally, Plaintiff's original motion asked for an order compelling Defendants "to

4

produce the non-privileged, improperly withheld documents referenced within the instant Motion and revised statutorily-compliant privilege logs in relation to Plaintiff's Request for Production of Documents, Set One." (ECF No. 74-1, p. 3).

On December 4, 2023, Defendants filed objections to Plaintiff's statement. (ECF No. 85).

The Court reviews each dispute in turn below, including the request at issue, the Defendant's current response, and the Court's order regarding that request.

### A.  Requests for Admission

**RFA, Set One, No. 21:**

> Admit that the document attached hereto as Exhibit "21" and produced in discovery as Bates Stamp Number BW000334 is a genuine copy of the Accounts Payable Hold Notice YOU and/or FCSS issued regarding PLAINTIFF's January 25, 2019 check.

(ECF No. 84, p. 2). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, and subject to the explicit qualification that Responding Party's response is on only its behalf, Responding Party hereby responds for itself and no other party or third party in this action and admits that Exhibit "21" to the Request for Admission is a genuine copy of a document labeled "ACCOUNTS PAYABLE HOLD NOTICE" regarding "District Name" of "Raisin City ESD", "Vendor Name" of "Pacific Rim Business Solutions", and "Check Issue Date" of "01/25/19"."

(*Id.*, p. 2-3). The request sent to Defendant FCSS and Defendant FCSS's current response are substantively identical. (*Id.*, p. 9).

The Court will grant the motion to compel. As discussed above, the Federal Rules of Civil Procedure state that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

Defendants' responses do not comply with these rules. They do not include any admission or a denial. They do not include any reason why the answer cannot be admitted. Instead,

Defendants include a different statement and then admit to their own statement, without explicitly denying the parts of the statement they failed to include.

While the Court does not purport to know the relevant changes and omissions in Defendants' revised statements, some are apparent. Plaintiff's request for admission includes the statement that the document is one that "YOU and/or FCSS issued." Defendants do not address this aspect of the request in their response. Additionally, Plaintiff's request asks for an admission that the document is an "Accounts Payable Hold Notice." Yet Defendants' response merely states that it is "labeled ACCOUNTS PAYABLE HOLD NOTICE," without saying that the document *is* an Accounts Payable Hold Notice. While this change in wording may or may not be material, Defendants' attempt to recharacterize the requests in their responses is improper. Defendants must respond to the request as written, and as required by the Federal Rules.

Plaintiff's motion to compel Defendants to respond to **RFA, Set One, No. 21** is **GRANTED.**

**RFA, Set One, No. 28:**

> Admit that the document attached hereto as Exhibit "28" and produced in discovery as Bates Stamp Numbers BW000354 – BW000355 is a genuine copy of a May 9, 2019 letter from FCSS' General Counsel to Scott N. Kivel regarding FCSS' withholding of PLAINTIFF's pay.

(ECF No. 84, p. 3). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party admits that Exhibit "28" to the Request for Admission is a genuine copy of a May 9, 2019 letter from current and/or former General Counsel of Responding Party to Scott N. Kivel regarding numerous matters, including, as stated by the author of the letter: "I authorized our payroll [sic] department to make payment for Ms. Weil's invoices despite not receiving a final determination from CalPERS and the questionable back-up information."

(*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are substantively identical. (*Id*., pp. 9-10).

For the same reason discussed above, Plaintiff's motion to compel Defendants to respond to **RFA, Set One, No. 28** is **GRANTED.**

**RFA, Set One, No. 30:**

> Admit that the document attached hereto as Exhibit "30" and produced in discovery as Bates Stamp Numbers BW000626 – BW000628 is a genuine copy of W-2s YOU and/or FCSS provided PLAINTIFF for the years of 2015, 2016, and

6

1    2017.

2    (ECF No. 84, p. 3). Defendant RCESD's current response states:

3            Subject to, and without waiving, the objections in the original response which are
             incorporated herein, and subject to the explicit qualification that Responding
4            Party's response is on only its behalf, Responding Party hereby responds for itself
             and no other party or third party in this action and admits that each of the
5            documents comprising Exhibit "30" to the Request for Admission is a genuine
             copy of a W-2, one each for years 2015, 2016, and 2017, and each showing the
6            "Employers name, address and ZIP code" as "Raisin City Elementary, P. O. Box
             69, Raisin City, CA 93632" and the "Employee's first name, initial and last name"
7            as BRENDA J WEIL".

8    (*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are

9    substantively identical. (*Id.*, p. 10).

10           For the same reason discussed above, Plaintiff's motion to compel Defendants to respond

11   to **RFA, Set One, No. 30** is **GRANTED**.

12   **RFA, Set One, No. 31:**

13           Admit that the document attached hereto as Exhibit "31" and produced in
             discovery as Bates Stamp Numbers BW000630 – BW000632 is a genuine copy of
14           Internal Revenue Service Form 1099-MISCs YOU and/or FCSS provided
             PLAINTIFF for the years of 2015, 2016, and 2017.
15
     (ECF No. 84, p. 3). Defendant RCESD's current response states:
16
             Subject to, and without waiving, the objections in the original response which are
17           incorporated herein, and subject to the explicit qualification that Responding
             Party's response is on only its behalf, Responding Party hereby responds for itself
18           and no other party or third party in this action and admits that each of the
             documents comprising Exhibit "31" to the Request for Admission is a genuine
19           copy of an Internal Revenue Service Form 1099-MISC, one each for years 2015,
             2016, and 2017, and each showing the "PAYER'S name, street address, city, state,
20           ZIP code, and telephone no." as "Raisin City Elementary, P. O. Box 69, Raisin
             City, CA 93632, (559) 233-0128" and the "RECIPIENT'S name, street address
21           (including apt. no.), city, state and ZIP code" as "Weil, Brenda J." (other
             information redacted).
22
23   (*Id.*, p. 4). The request sent to Defendant FCSS and Defendant FCSS's current response are

24   substantively identical. (*Id.*, pp. 10-11).

25           For the same reason discussed above, Plaintiff's motion to compel Defendants to respond

26   to **RFA, Set One, No. 31** is **GRANTED**.

27   **RFA, Set One, No. 36 sent to Defendant RCESD:**

28           Admit that, during the period at issue in this ACTION, YOU were responsible for

                                                    7

compensating PLAINTIFF for the services she performed on behalf of YOU.

(ECF No. 84, p. 4). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party responds as follows: Responding Party admits that Responding was responsible for compensating PLAINTIFF for the services she performed on behalf of Responding Party as billed to Responding Party in her time sheets and/or invoices.

(*Id.*)

For the same reason discussed above, Plaintiff's motion to compel RCESD to respond to **RFA, Set One, No. 36** is **GRANTED.**

**RFA, Set One, No. 44:**

> Admit that the California Public Employees' Retirement System ("CalPERS") determined that, during the period of April 1, 2015 to March 31, 2017, PLAINTIFF provided training to RCESD school employees.

(ECF No. 84, p. 4). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party admits that in a letter dated June 25, 2019, from CalPERS to "Brenda Weil", CalPERS stated that she "provided training to RESD school employees."

(*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are identical. (*Id.*, p. 11).

For the same reason discussed above, Plaintiff's motion to compel Defendants to respond to **RFA, Set One, No. 44** is **GRANTED.**

**RFA, Set One, No. 45:**

> Admit that, between April 1, 2015 and September 30, 2019, PLAINTIFF provided training to RCESD school employees.

(ECF No. 84, p. 5). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party responds as follows: Admit, to the extent "PLAINTIFF" means Brenda J. Weil dba Pacific Rim Business Solutions in capacity as an independent contractor.

(*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are identical. (*Id.*, p. 11).

The Court will deny the motion to compel. Plaintiff argues that Defendant should respond without qualification to its Request for Admission especially as to "Plaintiff." However,

Defendants contend that the Admission is properly limited and cites to Plaintiff's deposition testimony indicating that she performed certain tasks in her capacity as Pacific Rim Business Solutions. Defendants have admitted the request with a qualification that is relevant to that admission. Nor does Plaintiff argue otherwise, i.e., that Plaintiff in her personal capacity, and not through Pacific Rim Business Solutions, performed the services described in the request.

Thus, Plaintiff's motion to compel as to **RFA, Set One, No. 45** is **DENIED**.

**RFA, Set One, No. 49:**

> Admit that the California Public Employees' Retirement System ("CalPERS") determined that, during the period of April 1, 2015 to March 31, 2017, YOU issued an email address to PLAINTIFF.

(ECF No. 84, p. 5). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party admits that in a letter dated June 25, 2019, from CalPERS to "Brenda Weil", CalPERS stated that she was issued an email address.

(*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are substantively identical. (*Id.*, p. 11).

The Court finds that Defendants' responses to RFA, Set One, No. 49 are adequate and denies Plaintiff's motion to compel a further response. The Request asks for an admission related to a purported determination by a third party, CalPERS. The Court finds that Defendants response, admitting to what CalPERS said, is adequate.

Thus, Plaintiff's motion to compel as to **RFA, Set One, No. 49** is **DENIED**.

**RFA, Set One, No. 51:**

> Admit that the California Public Employees' Retirement System ("CalPERS") determined that, during the period of April 1, 2015 to March 31, 2017, PLAINTIFF's services for YOU were performed in an "at will" capacity.

(ECF No. 84, p. 5). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, and subject to the explicit qualification that Responding Party's response is on only its behalf, Responding Party hereby responds for itself and no other party or third party in this action as follows: Responding Party admits that in a letter dated June 25, 2019, from CalPERS to "Brenda Weil", CalPERS stated that she "served in an at will capacity under RESD. . . ."

(*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are

1   substantively identical. (*Id.*, p. 12).

2       For the same reason as the prior request, Plaintiff's motion to compel as to **RFA, Set One,**

3   **No. 51** is **DENIED.**

4   **RFA, Set One, No. 52 sent to Defendant RCESD:**

5       Admit that, between April 1, 2015 and September 30, 2019, PLAINTIFF's services
    for YOU and/or FCSS were performed in an "at will" capacity.

6   (ECF No. 84, p. 5). Defendant RCESD's current response states:

7       Subject to, and without waiving, the objections in the original response which are
    incorporated herein, construing "at-will" in the context of the agreement of

8   October 2014 and subsequent similar agreements alleged in the complaint, and
    subject to the explicit qualification that Responding Party's response is on only its

9   behalf, Responding Party hereby responds for itself and no other party or third
    party in this action as follows: Responding Party admits that it could decline to

10  renew agreements, or enter new ones, at the expiration of their respective terms or
    not provide projects to PLAINTIFF, either as BRENDA J. WEIL or Pacific Rim

11  Business Solutions.

12  (*Id.*, p. 6).

13      The Court will grant Plaintiff's motion to compel as to this response. Instead of admitting

14  or denying the request as phrased by Plaintiff, Defendant RCESD has recharacterized the

15  response. Plaintiff is entitled to a clear admission or denial as to whether Plaintiff's services were

16  performed in an "at-will" capacity, and Defendant provides no meaningful objection to this

17  request.

18      Plaintiff's motion to compel as to **RFA, Set One, No. 52** is **GRANTED.**

19  **RFA, Set One, No. 53:**

20      Admit that the California Public Employees' Retirement System ("CalPERS")
    determined that, during the period of April 1, 2015 to March 31, 2017,

21  PLAINTIFF provided business and/or financial services that overlapped with an
    existing school position of RCESD.

22

23  (ECF No. 84, p. 6). Defendant RCESD's current response states:

24      Subject to, and without waiving, the objections in the original response which are
    incorporated herein, Responding Party admits that in a letter dated June 25, 2019,

25  from CalPERS to "Brenda Weil", CalPERS stated that she "provided
    business/financial services that overlapped with an existing school position under

26  RESD."

27  (*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are identical.

28  (*Id.*, p. 12).

The Court finds that Defendants' responses to RFA, Set One, No. 53 are adequate and denies Plaintiff's motion to compel a further response.

Plaintiff's motion to compel as to **RFA, Set One, No. 53** is **DENIED.**

**RFA, Set One, No. 55:**

> Admit that the California Public Employees' Retirement System ("CalPERS") determined that, during the period of April 1, 2015 to March 31, 2017, PLAINTIFF provided business and/or financial services that were integral to YOUR operations.

(ECF No. 84, p. 6). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party admits that in a letter dated June 25, 2019, from CalPERS to "Brenda Weil", CalPERS stated that her "services were integral to RESD business and financial operations."

(*Id.*) The request sent to Defendant FCSS and Defendant FCSS's current response are substantively identical. (*Id.*, p. 12).

The Court finds that Defendants' responses to RFA, Set One, No. 55 are adequate and denies Plaintiff's motion to compel a further response.

Plaintiff's motion to compel as to **RFA, Set One, No. 55** is **DENIED.**

**RFA, Set One, No. 61:**

> Admit that the California Public Employees' Retirement System ("CalPERS") determined that official Fresno County School report information provided by YOU and/or FCSS confirmed the services PLAINTIFF provided YOU during the period of April 1, 2015 to March 31, 2017 were that of a common law employee of RCESD.

(ECF No. 84, pp. 6-7). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party admits that in a letter dated June 25, 2019, from CalPERS to "Brenda Weil", CalPERS stated that, "Official Fresno County School report information confirmed the services you provided were as an employee under RESD (dated July 18, 2017)."

(*Id.*, p. 7). The request sent to Defendant FCSS and Defendant FCSS's current response are substantively identical. (*Id.*, p. 13).

The Court finds that Defendants' responses to RFA, Set One, No. 61 are adequate and denies Plaintiff's motion to compel a further response.

Plaintiff's motion to compel as to **RFA, Set One, No. 61** is **DENIED.**

**RFA, Set One, No. 96 sent to Defendant RCESD:**

> Admit that the services and/or work PLAINTIFF performed for YOU in 2014
> were part of YOUR normal financial and/or business operations.

(ECF No. 84, p. 7). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are
> incorporated herein, and construing PLAINTIFF to include Pacific Rim Business
> Solutions, Responding Party responds as follows: Responding Party admits that
> some services and/or work PLAINTIFF performed for RCESD in 2014, if any,
> were part of RCESD's normal financial and/or business operations but Responding
> Party makes no admission, and is not asked to in the request, to identify which
> services and/or work was part of RCESD's normal financial and/or business
> operations.

(*Id.*)

The Court will grant Plaintiff's motion to compel as to this request. Defendants' response improperly includes limitations to the request, including admitting the relevant fact only as to "some" of the services "if any." Moreover, it's purported limitation that it will make not admission to identify which services were part of RCESD's normal financial and/or business operations is not sensical and only services to suggest in ambiguous way that not all work performed by Plaintiff was part of RCESD's normal financial and/or business operations.

Plaintiff's motion to compel as to **RFA, Set One, No. 96** is **GRANTED.**

**RFA, Set One, No. 97 sent to Defendant RCESD:**

> Admit that the services and/or work PLAINTIFF performed for YOU in 2015
> were part of YOUR normal financial and/or business operations.

(ECF No. 84, p. 7). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are
> incorporated herein, and construing PLAINTIFF to include Pacific Rim Business
> Solutions, Responding Party responds as follows: Responding Party admits that
> some services and/or work PLAINTIFF performed for RCESD in 2015, if any,
> were part of RCESD's normal financial and/or business operations but Responding
> Party makes no admission, and is not asked to in the request, to identify which
> services and/or work was part of RCESD's normal financial and/or business
> operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 97** is **GRANTED.**

//

**RFA, Set One, No. 98 sent to Defendant RCESD:**

> Admit that the services and/or work PLAINTIFF performed for YOU in 2016
> were part of YOUR normal financial and/or business operations.

(ECF No. 84, p. 8). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are
> incorporated herein, and construing PLAINTIFF to include Pacific Rim Business
> Solutions, Responding Party responds as follows: Responding Party admits that
> some services and/or work PLAINTIFF performed for RCESD in 2016, if any,
> were part of RCESD's normal financial and/or business operations but Responding
> Party makes no admission, and is not asked to in the request, to identify which
> services and/or work was part of RCESD's normal financial and/or business
> operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 98** is **GRANTED.**

**RFA, Set One, No. 99 sent to Defendant RCESD:**

> Admit that the services and/or work PLAINTIFF performed for YOU in 2017
> were part of YOUR normal financial and/or business operations.

(ECF No. 84, p. 8). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are
> incorporated herein, and construing PLAINTIFF to include Pacific Rim Business
> Solutions, Responding Party responds as follows: Responding Party admits that
> some services and/or work PLAINTIFF performed for RCESD in 2017, if any,
> were part of RCESD's normal financial and/or business operations but Responding
> Party makes no admission, and is not asked to in the request, to identify which
> services and/or work was part of RCESD's normal financial and/or business
> operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 99** is **GRANTED.**

**RFA, Set One, No. 100 sent to Defendant RCSED:**

> Admit that the services and/or work PLAINTIFF performed for YOU in 2018
> were part of YOUR normal financial and/or business operations.

(ECF No. 84, p. 8). Defendant RCESD's current response states:

> Subject to, and without waiving, the objections in the original response which are
> incorporated herein, and construing PLAINTIFF to include Pacific Rim Business
> Solutions, Responding Party responds as follows: Responding Party admits that
> some services and/or work PLAINTIFF performed for RCESD in 2018, if any,

were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*, pp. 8-9).

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 100** is **GRANTED.**

**RFA, Set One, No. 101 sent to Defendant RCESD:**

Admit that the services and/or work PLAINTIFF performed for YOU in 2019 were part of YOUR normal financial and/or business operations.

(ECF No. 84, p. 9). Defendant RCESD's current response states:

Subject to, and without waiving, the objections in the original response which are incorporated herein, and construing PLAINTIFF to include Pacific Rim Business Solutions, Responding Party responds as follows: Responding Party admits that some services and/or work PLAINTIFF performed for RCESD in 2019, if any, were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 101** is **GRANTED.**

**RFA, Set One, No. 102 sent to Defendant FCSS:**

Admit that the services and/or work PLAINTIFF performed for RCESD in 2014 were part of RCESD's normal financial and/or business operations.

(ECF No. 84, p. 13). Defendant FCSS's current response states:

Subject to, and without waiving, the objections in the original response which are incorporated herein, and construing PLAINTIFF to include Pacific Rim Business Solutions, Responding Party responds as follows: Responding Party admits that some services and/or work PLAINTIFF performed for RCESD in 2014, if any, were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 102** is **GRANTED.**

**RFA, Set One, No. 103 sent to Defendant FCSS:**

> Admit that the services and/or work PLAINTIFF performed for RCESD in 2015 were part of RCESD's normal financial and/or business operations.

(ECF No. 84, p. 13). Defendant FCSS's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, and construing PLAINTIFF to include Pacific Rim Business Solutions, Responding Party responds as follows: Responding Party admits that some services and/or work PLAINTIFF performed for RCESD in 2015, if any, were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*, pp. 13-14).

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 103** is **GRANTED.**

**RFA, Set One, No. 104 sent to Defendant FCSS:**

> Admit that the services and/or work PLAINTIFF performed for RCESD in 2016 were part of RCESD's normal financial and/or business operations.

(ECF No. 84, p. 14). Defendant FCSS's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, and construing PLAINTIFF to include Pacific Rim Business Solutions, Responding Party responds as follows: Responding Party admits that some services and/or work PLAINTIFF performed for RCESD in 2016, if any, were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 104** is **GRANTED.**

**RFA, Set One, No. 105 sent to Defendant FCSS:**

> Admit that the services and/or work PLAINTIFF performed for RCESD in 2017 were part of RCESD's normal financial and/or business operations.

(ECF No. 84, p. 14). Defendant FCSS's current response states:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, and construing PLAINTIFF to include Pacific Rim Business Solutions, Responding Party responds as follows: Responding Party admits that some services and/or work PLAINTIFF performed for RCESD in 2017, if any,

were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 105** is **GRANTED.**

**RFA, Set One, No. 106 sent to Defendant FCSS:**

Admit that the services and/or work PLAINTIFF performed for RCESD in 2018 were part of RCESD's normal financial and/or business operations.

(ECF No. 84, p. 14). Defendant FCSS's current response states:

Subject to, and without waiving, the objections in the original response which are incorporated herein, and construing PLAINTIFF to include Pacific Rim Business Solutions, Responding Party responds as follows: Responding Party admits that some services and/or work PLAINTIFF performed for RCESD in 2018, if any, were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*, pp. 14-15).

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 106** is **GRANTED.**

**RFA, Set One, No. 107 sent to Defendant FCSS:**

Admit that the services and/or work PLAINTIFF performed for RCESD in 2019 were part of RCESD's normal financial and/or business operations.

(ECF No. 84, p. 15). Defendant FCSS's current response states:

Subject to, and without waiving, the objections in the original response which are incorporated herein, and construing PLAINTIFF to include Pacific Rim Business Solutions, Responding Party responds as follows: Responding Party admits that some services and/or work PLAINTIFF performed for RCESD in 2018, if any, were part of RCESD's normal financial and/or business operations but Responding Party makes no admission, and is not asked to in the request, to identify which services and/or work was part of RCESD's normal financial and/or business operations.

(*Id.*)

For the same reasons as discussed above, Plaintiff's motion to compel as to **RFA, Set One, No. 107** is **GRANTED.**

1

### B.     Form of the Privilege Logs

2

Plaintiff contends that the privilege logs provided by Defendants in response to Plaintiff's

3

Request for Production, Set One[1], are deficient. (ECF No. 74-1, p. 11). Specifically, Plaintiff

4

argues that Defendant RCESD's logs for RFP, Set One, Nos. 17, 18, 68, 69, 84, 115, 118, 119,

5

(*id.*, pp. 75-79), and Defendant FCSS's logs for RFP, Set One, Nos. 27, 28, 29, 30, 34, 42 and 53,

6

(*id.*, pp. 125-127) are impermissibly vague and fail to describe or identify the withheld documents

7

in compliance with Federal Rule of Civil Procedure 26(b)(5)(A). (*Id.*)

8

The entries at issue reference categories of documents without providing the date or any

9

document ("No date limitations"), a description of the document ("DOCUMENTS as defined in

10

the request"), a specific subject description ("All confidential communications between counsel

for RCESD and RCESD relating to PLAINTIFF, as that term is defined. All attorney research,

11

analysis, opinion, and consulting with experts, concerning proceedings and/or litigation involving

12

'PLAINTIFF' or the status of PLAINTIFF as an employee or independent contractor."); any

13

author's names ("RCESD attorneys and staff; RCESD superintendent, Board members and

14

employees; expert consultants").

15

Defendants argue in response that their log is sufficient because "the defined terms are

16

impermissible blanket requests and create an unreasonable burden on Responding Party to

17

identify every privileged document." Defendants also claim that "if the production of a

18

document-by-document privilege log would be "unduly burdensome," the requirements of Rule

19

26(b)(5)(A) may be complied with by crafting a privilege log in some other format. Moreover,

20

they argue that the requests do not contain a date cut-off and would therefore include

21

communications to the present.

22

Federal Rule of Civil Procedure 26(b)(5) governs the disclosure requirements when

23

documents are withheld as privileged. That rule states:

24

> When a party withholds information otherwise discoverable by claiming that the
> information is privileged or subject to protection as trial-preparation material, the
> party must:

25

> (i)       Expressly make the claim; and

26

---

27

[1] Copies of the Requests for Production, Set One sent to RCESD and FCSS are attached to Plaintiff's July

28

20, 2023, Informal Discovery Dispute Letter Brief. (ECF No. 53, pp. 36-40, 42-43)

(ii)     Describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Fed. R. Civ. P. 26(b)(5)(A). Moreover, the Advisory Committee Notes to this Rule provides the following guidance:

The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. . . . The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, person, general subject matter, etc., may be appropriate if only a few items are withhold, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.

Fed. R. Civ. P. 26, Advisory Committee's Notes to 1993 Amendments (emphasis added).

As to their first argument, Defendants do not explain why their privilege log entries are justified due to the fact "the defined terms are impermissible blanket requests." Defendants do not point to any such terms, or why those terms exempt them from the requirement of giving a privilege log. After all, Defendants presumably understood the requests sufficiently to gather responsive documents and then exclude them from production on the basis of privilege. Moreover, it appears that the documents concern fairly straightforward and relevant categories of documents concerning "proceedings and/or litigation involving Plaintiff or the status of Plaintiff as an employee or independent contractor."

Nor to the cases cited by Defendants support their position. In the unpublished case of *Herrera v. General Atomics*, No. 21-CV-1632-AJB(BLM), 2022 WL 1343001, at *6 (S.D. Cal., May 3, 2022), the Court declined to compel a privilege log listing of all responsive documents where the definitions would require listing of all communications with attorneys, who were included in the definition of YOU, which "renders the RFPs impermissibly overbroad and creates an unreasonable burden on Defendant to identify every privileged document." However, the Court also held that "Defendant is ordered to reconsider the responsive documents by eliminating the Defendant's attorneys from the definition of 'YOU.' If under this new definition, Defendant is withholding relevant responsive documents on the grounds that they are privileged, Defendant must provide a privilege log identifying those documents to Plaintiff by May 13, 2022." *Id.* at *5.

Here, Defendants have not claimed that the scope of the requests is unreasonable broad or targeted to attorney-communication. Nor do they offer to provide a privilege log on some more limited subset of documents.

Defendants' reliance on the case of *Pizana v. Sanmedica International, LLC*, No. 1:18-cv-00644-DAD-SKO, 2020 WL 6075846, at \*9 (E.D. Cal., Oct. 15, 2020) appears even more misplaced given that, in that case, the Magistrate Judge compelled Plaintiff's motion to compel a privilege log, stating:

> Plaintiff is entitled, however, to the discovery sought by RFP No. 45, which seeks documents pertaining to customer complaints about the Product made during the putative class period. (*See* Doc. 91-3 at 10.) Defendant objected that the request called for documents subject to the attorney-client and work product privileges, and it further responded that it would produce documents responsive to the request. (*See* 91-6 at 19–20.) **Both parties agree that a privilege log is required** but disagree on the timing of the log. Defendant states that although it has begun preparing a privilege log, such preparation is a "time consuming task," as Defendant has identified "more than 7000 documents as attorney-client communications (or potentially privileged communications)." (Doc. 91 at 61.) Plaintiff requests that the Court order production of Defendant's privilege log by a date certain. (*See id*. at 59.) Plaintiff's request is well-taken.
> RFP No. 45 was propounded six months ago—more than enough time to not only begin, but to substantially complete, a privilege log of this size. **Accordingly, Defendant will be required to provide a complete log of all documents responsive to RFP No. 45 but withheld on the basis of privilege within thirty (30) days of the date of this order**. As Defendant indicates in the parties' joint statement that it has produced all non-privileged documents that are responsive to RFP No. 45 (*see* Doc. 91 at 60–61), which Plaintiff does not contest, Plaintiff's motion to compel a further response to that request will be otherwise denied as moot.

Id. at \*9 (emphasis added).

As to Defendants' argument that it would be unreasonably burdensome to list specific documents, Defendants do not provide any support for this position. They do not provide any estimate of the number of documents involved. Nor do they provide any estimate as to the amount of time or burden involved.

While the Court agrees that something other than a document-by-document log could satisfy the requirements of Rule 26, Defendants do not even claim that their log does so. The log's categories are so broad that they do not provide useful information for evaluating the privilege, including, for example, whether the document provides legal advice, or comments on

19

outstanding litigation. The description of the authors and recipients are similarly almost limitless and includes many categories of persons whose communications would not ordinarily be subject to privilege including RCESD "staff," RCESD superintendent, Board members, and employees. The categories lack any date limitation. Thus, while it is conceivably possible that a privilege log could comply with Rule 26 by use of categoric description, this one does not do so.

Defendants' final argument, that the date range runs through the present, is well taken. The Court will not compel further specification regarding any document dated after the filing of the complaint in this litigation because such documents would include voluminous privileged litigation correspondence.

Accordingly, Plaintiff's motion to compel Defendants to provide a revised privilege log for Defendant RCESD's logs for RFP, Set One, Nos. 17, 18, 68, 69, 84, 115, 118, 119 and Defendant FCSS's logs for RFP, Set One, Nos. 27, 28, 29, 30, 34, 42 and 53 is **GRANTED IN PART** as follows: No later than 45 days from the date of this order, Defendants shall supplement their privilege log to provide entries addressing the documents withheld in RFP, Set One, Nos. 17, 18, 68, 69, 84, 115, 118, 119, (*see* ECF No. 74-1, pp. 75-79), and Defendant FCSS's logs for RFP, Set One, Nos. 27, 28, 29, 30, 34, 42 and 53, (*id.*, pp. 125-127), in a form that complies with Federal Rule of Civil Procedure 26(b)(5)(A).[2] However, Defendants need not include entries for any document dates after the date of the complaint in this action, i.e., February 2, 2021.

### C.     Claims of Privilege

As background, the Court held an informal discovery conference regarding Defendants' responses to Plaintiff's Requests for Production, Set One, on July 21, 2023. (ECF Nos. 52, 53, 54). At that conference, the parties indicated there was a dispute regarding documents created

---

[2] A document-by-document list of the withheld documents will fulfill this requirement. Alternatively, entries that are grouped by category may be sufficient so long as they "[d]escribe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Without deciding what precise disclosure would satisfy these rules, such entries would need to include a specific date or date range, a description of the subject matter of the communications sufficiently specific to evaluate whether that subject matter falls under the applicable privilege, and specific names of authors and recipients for each document or group of documents. Defendants are warned, however, that if the applicability of the privilege cannot be determined based on any such privilege log, Defendants may waive the right to claim such privilege as to the referenced documents.

during the time Plaintiff and Defendant RCESD were both represented by the same counsel, Scott Kivel, as part of the underlying CalPERS litigation. The Court did not make a formal ruling regarding the dispute but directed the parties to file a joint discovery statement following meet and confer efforts. (ECF No. 55).

The parties' joint discovery statement outlined the parties' dispute as to documents that were part of Plaintiff's client file when she was represented by Mr. Kivel, including those identified in Defendants' privilege log as PL-RCSD090-0292. (ECF No. 56, pp. 17-23). The Court held a hearing in response to the parties' discovery statement on September 9, 2023. (ECF No. 57). Following the hearing, the Court granted Plaintiff's motion to compel "as to documents identified in Defendants' privilege log as having been created, sent, or received by Mr. Kivel prior to November 26, 2019" and "as to documents identified in Defendants' privilege log as PL-RCSD0290 through PL-RCSD0292." (ECF No. 58). The Court directed Defendants to produce the identified documents by September 22, 2023. (*Id.*)

The Court held another informal dispute conference regarding Plaintiff's deposition of Defendant FCSS's Rule (30(b)(6) witness on September 29, 2023. (ECF Nos. 64, 65, 67). The Court granted Plaintiff permission to file a motion to compel and/or motion for sanctions regarding any outstanding discovery requests. (ECF No. 68).

Plaintiff's instant motion to compel argues that Defendants' privilege logs indicate that Defendants continue to impermissibly withhold responsive documents on the basis of attorney-client privilege, work product, or privacy that were created or transmitted during the time Mr. Kivel jointly represented Plaintiff and Defendant RCESD. (ECF No. 74-1, p. 12). Plaintiff's motion seeks to compel all documents that are either identified in RCESD's privilege log for RFP, Set One, Nos. 75, 83, 94, 95, 96, and 97 as "Scott Kivel representation" and/or created or transmitted during the joint representation period of September 25, 2018 through November 26, 2019 (ECF No. 74-1, p. 13; *see id.*, pp. 75-79 ["RCESD's Privilege Log, RFP, Set One"]). As set forth in Defendant RCESD's privilege log, the documents described as "Scott Kivel representation" are identified as an email string between former RCESD Superintendent Juan R. Sandoval and Mr. Kivel dated September 27-28, 2018. Additionally, Plaintiff seeks to compel a November 27, 2019 email string between Mr. Sandoval and Mr. Kivel regarding "Weil's file" as

1   identified in RCESD's privilege log for RFP, Set One, Nos. 98, 99, 104, and 105. (*Id.*)

2       In opposition, Defendants argue that they have not withheld any documents that they were

3   ordered to produce by the Court's order. (ECF No. 75, p. 14). Defendants contend that Plaintiff's

4   motion should be denied as to the September 2018 email string because Plaintiff has not

5   established an initial date of joint representation and because the retainer agreement between Mrs.

6   Kivel and RCESD is dated October 9, 2018. (*Id.*, pp. 14-15). As for the November 2019 email

7   string, Defendants argue that they were not required to produce the email because it was dated

8   one day after the period of joint representation identified by the Court (i.e., prior to November 26,

9   2019) and because Plaintiff is not included on the email. (*Id.*, p. 15). Defendants also argue that

10  Plaintiff's motion to compel should be denied because each request from Plaintiff's RFP, Set One

11  identified in Defendants' privilege logs was also objected to on other grounds. (*Id.*)

12      However, notwithstanding their arguments as to why they should not be compelled to

13  produce the September 2018 documents or November 27, 2019 email string, Defendants

14  represent that Mr. Kivel produced to Plaintiff additional documents, "includ[ing] all of the

15  specifically identified documents in the privilege log subject to Plaintiff's motion to compel, one

16  of which is also on the privilege log of Kivel documents previously considered by this Court but

17  was not ordered to be produced." (ECF No. 75, p. 13). In reply, Plaintiff seeks the Court's ruling

18  regarding the September 2018 documents and November 27, 2019 emails "with respect to

19  whether such documents were improperly withheld by Defendants or, alternatively, improperly

20  produced by Mr. Kivel and should be destroyed/not used." (ECF No. 78, p. 9).[3]

    ### i.    *September 2018 Emails*

21      The Court finds that the September 27-28, 2018 emails between Mr. Kivel and Mr.

22  Sandoval identified in Defendant RCESD's privilege log as "Scott Kivel Representation" are not

23  privileged under the joint representation exception. *See* Cal. Evid. Code § 962 ("Where two or

24  more clients have retained or consulted a lawyer upon a matter of common interest, none of them,

25  nor the successor in interest in any of them may claim a privilege under this article as to a

26  communication made in the course of that relationship when such communication is offered in a

---

27  [3] Defendants' opposition and Plaintiff's reply indicate that some of the documents produced by Mr. Kivel
    were attorney-client privileged based on an earlier retainer agreement between Mr. Kivel and Defendant
28  RCESD.

civil proceeding between one of such clients (or his successor in interest) and another of such clients (or his successor in interest).").[4] Here, the initial email sent by Mr. Sandoval to Mr. Kivel concerns the joint representation of both Defendant RCESD and Plaintiff in appealing the CalPERS determination. Although Defendants argue that no joint client relationship existed at that time because the retainer agreement was not executed until October 9, 2018, "the joint-client exception contained in section 962 contains no limitation to communications within the scope of the fee agreement. Section 962 does not even require a fee agreement." *Vieste, LLC v. Hill Redwood Development*, No. C009004024 JSW, 2010 WL 4807058, at * 4 (N.D. Cal. Nov 18, 2010). Moreover, the September 27-28, 2018 emails clearly concern the handling of the CalPERS determination on behalf of Defendant RCESD and Plaintiff, i.e., the matter of common interest between Defendant RCESD and Plaintiff. *Cf. Glacier Gen. Assurance Co. v. Super. Ct.*, 95 Cal.App.3d 836, 842 (1979) ("[W]hen an insurer, is required by its contract of insurance, employs counsel to defend its insured, any communication with the lawyer concerning the handling of the claim against the insured, is necessarily a matter of common interest to both the insured and the insurer.").

Accordingly, Plaintiff's motion to compel the production of the September 27-28, 2018 email string between Mr. Kivel and Mr. Sandoval identified in Defendant RCESD's privilege log as "Scott Kivel Representation" and overrule the claim of privilege is **GRANTED**.

### ii.    *November 27, 2019 Emails*

The Court finds that the November 27, 2019 email string between Mr. Kivel and Mr. Sandoval identified in Defendant RCESD's privilege log as "Weil's file" is not privileged under the joint client exception. Although the email post-dates (by one day) the termination of the joint client relationship, the email concerns the joint client relationship and Mr. Kivel's handling of the CalPERS determination on behalf of Defendant RCESD and Plaintiff.

Accordingly, Plaintiff's motion to compel the production of the November 27, 2019 emails string between Mr. Kivel and Mr. Sandoval identified in Defendant RCESD's privilege log as "Weil's file," and overrule the claim of privilege is **GRANTED**.

---

[4] As discussed at the September 8, 2023 informal dispute conference, "all counsel appear to agree that. . . California Evidence Code 962 would apply here." (ECF No. 63, p. 29).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.      Requests for Production, Set Two

The Court will next address Plaintiff's motion to compel as to Defendants' responses to Plaintiff's Requests for Production, Set Two, which contained thirty (30) RFPs sent to Defendant RCESD (RFP Nos. 130-159) and two RFPs sent to Defendant FCSS (RFP Nos. 68-69). (ECF No. 74-1, pp. 158-192).

According to Plaintiff's motion, Defendants provided "objections-only responses to every single Request contained in Plaintiffs' RFP, Set Two" on September 28, 2023, and September 29, 2023. (ECF No. 74-1, p. 2). Plaintiff requested that Defendants provide "provide substantive RFP Set Two discovery responses and documents no later than October 16, 2023." (*Id.*) At the time of filing of the instant motion, Plaintiff had not received any documents or further responses regarding RFP, Set Two. (*Id.*)

Defendants' opposition argues that Plaintiff's motion to compel further response as to RFP, Set Two, is moot because Defendants "served further responses and produced documents" on November 3, 2023. (ECF No. 75, p. 15). Additionally, Defendants generally argue Plaintiff's motion should be denied as Plaintiff has not demonstrated the relevance of the requests for production. (*Id.*, pp. 15-16).

In reply, the declaration of Plaintiff's counsel, Benjamin West, argues that Defendants' further responses to RFP, Set Two "remain incomplete, deficient, evasive, and/or otherwise improper." (ECF No. 78-2, p. 3). According to Mr. West's declaration, the wording of Defendants' responses make it unclear as to whether Defendants have limited their production to only certain types, such as "communications responsive" or "documents responsive" to certain requests or "documents that comprise" the report or specific document identified by certain requests. (*Id.*, pp. 3-4).

The Court will deny Plaintiff's motion to compel as to RFP, Set Two, Nos. 130-159 and RFP, Set Two, Nos. 68-69. Defendants represent that they have served further responses, including documents, on Plaintiff. Defendants' further responses to each request contained in Plaintiff's RFP, Set Two states that Defendants will produce documents that are responsive to the requests. Plaintiff's only argument in reply is that the wording of Defendants' further responses seems to indicate that Defendants may have not provided all responsive documents. However,

1  Plaintiff does not explain how the scope of Defendants' production is insufficient. Absent

2  compelling evidence that responsive documents have been withheld, the Court cannot compel

3  Defendant to produce further responses to requests that have been answered. *See Grossman v.*

4  *Directors Guild of Am., Inc.*, 2018 WL 5914242, at *5 (C.D. Cal. Aug. 22, 2018) (citing *Unilin*

5  *Beheer B.V. v. NSL Trading Corp.*, 2015 WL 12698382, at *5 (C.D. Cal. Feb. 27, 2015) ("A

6  plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a

7  motion to compel.").

8       That said, the Court appreciates that Defendants' production came after Plaintiff had filed

9  its motion to compel. The Court will take the timing of such production into account when

10  evaluating Plaintiff's request for sanctions, below.

11       Accordingly, Plaintiff's motion to compel as to RFP, Set Two, Nos. 130-159 and RFP, Set

Two, Nos. 68-69 is **DENIED** as moot.

12       **E.    Sanctions**

13       Plaintiff seeks $9,150.00 in compensation for her attorney fees and costs associated with

14  the instant motion to compel and underlying discovery disputes. (ECF No. 74-1, pp. 15-18).

15  Plaintiff contends that monetary sanctions are warranted under the Federal Rules of Civil

16  Procedure based on Defendants' refusal to produce responsive documents and unmeritorious

17  objections to discovery. (*Id.*) Defendants argue that monetary sanctions are not warranted as

18  Defendants' objections were justified and because Plaintiff's attorney fee request is unsupported.

19  (ECF No. 75, pp. 16-19). Instead, Defendants argue that they could be awarded their reasonable

20  expenses, including attorney fees and costs, in opposing Plaintiff's motion. (*Id.*, p. 17).

21       Again, Federal Rule of Civil Procedure 37(a)(5) states that "[i]f the motion [to compel

22  disclosure or discovery] is granted—or if the disclosure or requested discovery is provided after

23  the motion was filed—the court must, after giving an opportunity to be heard, require the party or

24  deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

25  both to pay the movant's reasonable expenses incurred in making the motion, including attorney's

26  fees. But the court must not order this payment if . . . the opposing party's nondisclosure,

response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5).

27       As described above, the Court has granted Plaintiff's motion to compel regarding the

28

25

majority of the issues raised. For the reasons stated above, Defendants' position was not substantially justified as to those requests. Moreover, Defendants relied solely on objections as to requests for production, only to produce responsive documents after Plaintiff filed a motion to compel. Despite the multiple informal conferences where the Court attempted to provide guidance to the parties on the scope of discovery, the current motion included several hundred pages of documents, necessitating this lengthy order.

However, the Court appreciates that it did not grant Plaintiff's motion to compel in full. Accordingly, the Court finds that a haircut of 25% is warranted on Plaintiff's request for sanctions.

Accordingly, Plaintiff's motion to compel is **GRANTED IN PART** insofar as the Court will require Defendants and/or their attorneys to pay Plaintiff's reasonable expenses incurred in making the motion, including attorneys' fees, in the amount of $6,862.50 no later than **60 days** from the date of this order.

### III.    CONCLUSION

The Court grants in part and denied in part Plaintiff's motion compel as provided in this order.[5]

Unless otherwise specified in the order, any supplemental production should be provided no later than 30 days from the date of this order.[6]

IT IS SO ORDERED.

Dated:   __January 17, 2024__          /s/ _Erica P. Grosjean_
                                      UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiffs' request leave to bring motion to compel with regard to FCSS's rule 30(b)(6) witnesses and the Duran subpoena is denied without prejudice as unripe. (ECF No. 74-1, pp. 18-21). If Plaintiff wishes for further permission to file a motion to compel, it may submit a motion to do so, no longer than 2 pages, explaining good cause for the delay, which the Court will consider in due course.

[6] If Defendants need additional time to fulfill any of these orders, they shall meet and confer with Plaintiff and attempt to agree on a reasonable extension of time. If such an agreement is reached, the parties may file an appropriate stipulation.