**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA J. WEIL,<br><br>            Plaintiff,<br><br>     v.<br><br>RAISIN CITY ELEMENTARY SCHOOL DISTRICT; FRESNO COUNTY SUPERINTENDENT OF SCHOOLS; and DOES 1 through 100, inclusive,<br><br>            Defendants. | No. 1:21-cv-00500-JLT-EPG<br><br>ORDER GRANTING EX PARTE REQUEST TO STAY<br><br>(Doc. 113) |

This case proceeds on Brenda J. Weil's claims for breach of contract, implied contractual indemnity, equitable indemnity, negligence, and various state labor law violations against Defendants Raisin City Elementary School District ("RCESD") and Fresno County Superintendent of Schools ("FCSS"). (Docs. 11, 20). Plaintiff generally alleges that Defendants acting as her joint employers, willfully misclassified her as an independent contractor, which deprived her of employment rights and benefits and resulted in damages when Plaintiff was required to reimburse improperly received pension benefits. (Doc. 11.)

On January 17, 2024, the assigned magistrate judge issued an order granting in part Plaintiff's motion to compel, ordering Defendants to provide further responses to certain requests for admission and a supplemental privilege log. (*See generally* Doc. 89 ("Discovery Order").)

1

RCESD was also compelled to produce certain emails it identified as privileged. (*Id*. at 20–23.) Defendants were collectively sanctioned $6,862.50. (*Id*. at 26.)

Defendants timely moved for reconsideration of the Discovery Order pursuant to Local Rule 303(c). (Doc. 107.) The motion for reconsideration is fully briefed. In the interim, Defendants have requested that the undersigned stay the deadlines set forth in the Discovery Order until a reasonable time after the motion for reconsideration is resolved. (Doc. 108.)[1] Plaintiff opposes a stay (Doc. 111), and Defendants replied in support of the stay request (Doc. 113).

A motion to stay a magistrate judge's order pending review by the assigned district judge is evaluated under the same standard as a motion to stay pending appeal. *Forrest v. Facebook, Inc*., No. 5:22-CV-03699-EJD, 2023 WL 1931356, at *1 (N.D. Cal. Jan. 18, 2023) (internal citations omitted). The decision to issue a stay is "an exercise of judicial discretion" that "depend[s] upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citation and quotation omitted). Four factors are relevant to the analysis: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434. Courts in the Ninth Circuit apply a "flexible approach" to the four factors. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Though the approach is related to that applied to injunctive relief under *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7 (2008) (affirming continuing viability of the "sliding scale" approach to preliminary injunctions), and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (finding that "serious questions going to the merits" and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction), because there are important differences between a preliminary injunction and a stay pending review, a "flexible approach" is

---

[1] When the stay request was filed, further responses to requests for admission and the allegedly privileged emails were due to be produced by June 12, 2024, while the privilege logs were due June 27, 2024. (*See* Doc. 108 at 5.) To allow the Court a modest amount of time to consider the stay request, the Court has already extended those deadlines by 21 days. (Doc. 110.)

1   even more appropriate in the stay context. *Leiva-Perez*, 640 F.3d at 966; *see also Apple Inc. v.*
2   *Samsung Elecs*. Co., No. 5:11-cv-01846-LHK-PSG, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7,
3   2015) (applying "sliding scale" approach to motion to stay magistrate judge's order).

4       Plaintiff protests that the stay request should be denied because Defendants are unlikely to
5   succeed on the merits of their request for reconsideration and cannot demonstrate they will be
6   harmed by having to comply with the discovery order. (Doc. 111 at 2–4.) At the same time,
7   Plaintiff asserts a stay will prejudice her because she has "attempted to obtain compliant and
8   sufficient discovery responses for years" while "[a]t every stage of the discovery process,
9   Defendants' and their counsel have engaged in unprecedented levels of gamesmanship" including
10  "refusing to produce compliant responses in outright defiance of this Court's orders." (*Id*. at 4.)

11      Though the Court has only reviewed the request for reconsideration preliminarily, it seems
12  unlikely that Defendants will prevail on many of their arguments given the relevant standard of
13  review. Nonetheless, the Court has tentatively identified one exception: it appears that there is a
14  material inconsistency in the way the Discovery Order ruled on Request for Admission No. 44.
15  Specifically, as Defendants point out, despite very similar requests and responses, the Discovery
16  Order granted the motion to compel as to RFA No. 44, but denied it as to RFA Nos. 49, 51, 53,
17  and 61. (*See* Doc. 89 at 8–11; Doc. 107 at 20–21.) Plaintiff responds on this point by simply
18  arguing that "each request is unique and a ruling on one does not compel a ruling on another"
19  (Doc. 112 at 7), yet this does little to explain the apparent facially inconsistency.

20      Moreover, Defendant claims it will be harmed because requiring compliance before the
21  motion for reconsideration can be heard would effectively deprive them of their right to
22  reconsideration. (Doc. 108 at 8.) There is some support for treating this as a relevant form of
23  harm in the present context. *Jones v. PGA Tour, Inc*., No. 22-CV-04486-BLF, 2023 WL 2541326,
24  at *2 (N.D. Cal. Mar. 15, 2023) (finding irreparable harm sufficient to grant stay where
25  enforcement of order before resolution of Rule 72 motion would effectively deny the relief sought
26  in the motion); *Alvarez v. Larose*, No. 3:20-CV-00782-DMS-AHG, 2020 WL 5632659, at *2
27  (S.D. Cal. Sept. 21, 2020) (granting in part motion to stay where immediate enforcement of
28  magistrate judge's order "might preclude the district judge's ability to review Respondents'

anticipated Rule 72 objection, which would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether.").

On the other hand, the Court is sympathetic to Plaintiff's stated concern about discovery delays and her allegations of discovery gamesmanship by the Defense. To that end, despite its overwhelming caseload, the Court will endeavor to rule on the pending motion quickly. As such, a brief delay to allow for resolution of this motion will not cause substantial prejudice to Plaintiff. *See Forrest*, 2023 WL 1931356, at *2 ("At most, a stay would slightly delay Dr. Forrest from receiving supplemental disclosures, and such delay is not substantial harm."). For all these reasons, the request for a stay is **GRANTED**. Upon resolution of the motion for reconsideration, to the extent compliance is still required, relevant deadlines will be set forth in the order on the motion.

IT IS SO ORDERED.

Dated:   **June 27, 2024**

UNITED STATES DISTRICT JUDGE