**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA J. WEIL,<br><br>             Plaintiff,<br><br>      v.<br><br>RAISIN CITY ELEMENTARY SCHOOL DISTRICT, et al.,<br><br>             Defendants. | Case No.: 1: 21-cv-0500 JLT EPG<br><br>ORDER APPROVING IN PART THE PARTIES' STIPULATION TO AMEND THE SCHEDULING ORDER<br><br>(Doc. 109)<br><br>ORDER EXTENDING THE EXPERT DISCOVERY DEADLINE FOR LIMITED PURPOSES AND DENYING THE REQUEST TO EXTEND THE DISPOSITIVE MOTION DEADLINE |

On October 7, 2024, the parties filed a joint stipulation to amend the scheduling order. (Doc. 129.) The parties report: "Defendants' retained expert, Harvey Leiderman, has undergone significant surgery and, as a result, is medically unavailable for a deposition before the close of expert discovery." (*Id.* at 2.) In addition, "Plaintiff's retained expert, Robert Jones, is presently unavailable on any date that the Parties' counsel is available for his expert deposition and anticipates undergoing surgery in November 2024." (*Id.*) Therefore, the parties request to extend the expert discovery deadline from October 25, 2024, to January 29, 2025, for the purpose of taking the depositions of these retained experts. (*Id.* at 2-3.) The parties also request that the dispositive motion filing deadline be extended to March 14, 2025, "because the remaining expert depositions may be pertinent to a potential dispositive motion." (*Id.* at 3.)

It appears there is good cause to extend the expert discovery deadlines for the limited purposes

1

of taking the depositions of Mr. Leiderman and Mr. Jones, given the reported unavailability of the experts and their respective medical procedures.  However, the parties do not explain how the experts' opinions may bear upon any dispositive motion.  The Court declines to speculate, as the parties would have it, that the experts' opinions "may be pertinent" to issues in any dispositive motion.  Moreover, the parties do not address—or even acknowledge—the fact that continuing the dispositive motion deadline would also mandate changing the pre-trial and trial dates in this action to ensure the Court has sufficient time to address the motion, while continuing to operate in a state of judicial emergency with limited resources.  Accordingly, the parties have not demonstrated good cause exists to extend the dispositive motion deadline.

Based upon the foregoing, the Court **ORDERS**:

1. The stipulation to amend the scheduling order (Doc. 129) is **APPROVED IN PART**.
2. The request to extend the expert discovery deadline to January 29, 2025 is **GRANTED, for the limited purpose** of taking the depositions of Robert Jones and Harvey Leiderman.  All other expert discovery **SHALL** be completed by October 25, 2024, as previously ordered.
3. The request to extend the dispositive motion deadline is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:     **October 9, 2024**

UNITED STATES DISTRICT JUDGE