1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA J. WEIL, | No. 1:21-cv-00500-JLT-EPG |
| Plaintiff, | ORDER RE REQUEST FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL |
| v. | |
| RAISIN CITY ELEMENTARY SCHOOL DISTRICT; FRESNO COUNTY SUPERINTENDENT OF SCHOOLS; and DOES 1 through 100, inclusive, | (Doc. 107) |
| Defendants. | |

## I.   INTRODUCTION

This case proceeds on Plaintiff Brenda J. Weil's claims for breach of contract, implied contractual indemnity, equitable indemnity, negligence, and various state labor law violations against Defendants Raisin City Elementary School District ("RCESD") and Fresno County Superintendent of Schools ("FCSS"). (Docs. 11, 20.) Plaintiff generally alleges that Defendants, acting as her joint employers, willfully misclassified Plaintiff as an independent contractor, which deprived her of employment rights and benefits and resulted in damages when Plaintiff was required to reimburse improperly received pension benefits. (Doc. 11.)

On January 17, 2024, the assigned magistrate judge issued an order granting in part Plaintiff's motion to compel, ordering Defendants to provide further responses to certain requests

1

for admission and a supplemental privilege log. (*See generally* Doc. 89 ("Discovery Order").)
RCESD was also compelled to produce certain emails it identified as privileged. (*Id*. at 20–23.)
Defendants were collectively sanctioned $6,862.50. (*Id*. at 26.)

Defendants timely moved for reconsideration of the Discovery Order pursuant to Local
Rule 303(c). (Doc. 107.) Plaintiff opposes the motion. (Doc. 112.) For the reasons set forth
below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## II.   STANDARDS OF DECISION/REVIEW

**A.   Discovery Rules**

The Discovery Order succinctly summarized the general standards applicable to discovery
disputes of this nature, which the Court repeats here for ease of reference:

Federal Rule of Civil Procedure 26(b) governs the scope of
discovery:

Parties may obtain discovery regarding any nonprivileged
matter that is relevant to any party's claim or defense and
proportional to the needs of the case, considering the
importance of the issues at stake in the action, the amount in
controversy, the parties' relative access to relevant
information, the parties' resources, the importance of the
discovery in resolving the issues, and whether the burden or
expense of the proposed discovery outweighs its likely
benefit. Information within this scope of discovery need not
be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

A. Interrogatories

Rule 33(b) permits a party to issue interrogatories "relat[ing] to any
matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P.
33(b). "An interrogatory is not objectionable merely because it asks
for an opinion or contention that relates to fact or the application of
law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Further, each interrogatory
must be answered "fully" and objections "to an interrogatory must
be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4).

B. Requests for Production

Rule 34(a) permits a party to request the production or inspection of,
among other things, "any designated documents or electronically
stored information" within the responding party's possession,
custody, or control. Fed. R. Civ. P. 34(a)(1)(A). "An objection must
state whether any responsive materials are being withheld on the
basis of that objection," and "[a]n objection to part of a request must
specify the part and permit inspection of the rest." Fed. R. Civ. P.

34(b)(2)(C) (emphasis added). Further, "[a]s provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit inspection." Fed. R. Civ. P. 34(c).

C. Requests for Admission

Rule 36(a) permits a party to issue requests to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: fact, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). Rule 36 further provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

D. Claims of Privilege

Federal Rule of Civil Procedure 26(b)(5) allows a party to withhold "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material." To claim privilege, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(Doc. 89 at 2–3 (headings omitted).)

**B.    Motion to Compel**

The Discovery Order also provided the correct general standards applicable to the evaluation of a motion to compel and the imposition of related sanctions:

> Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Sablan v. Dep't of Fin. of Com. of N. Mariana*

3

*Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted). Rule 36(a)(6): "The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses." "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Federal Rule of Civil Procedure 37(a)(5)(A) generally provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. *Id*. The Federal Rules also provide that, when a party fails to obey an order to provide or permit discovery, including an order under Rule 37(a), then the Court may, among other things, "treat[t] as contempt of court the failure to obey any order[.]" Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

(Doc. 89 at 3–4 (headings omitted).)

## C.   Motion for Reconsideration of Magistrate's Pretrial Ruling

When a party seeks reconsideration of a magistrate judge's pretrial ruling, a district judge must apply the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019); *Grimes v. City of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991); L.R. 303(f). The "clearly erroneous" standard applies to the magistrate judge's factual findings and is "significantly deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be left with the definite and firm conviction that the magistrate judge has made a mistake before the district judge may reconsider the magistrate judge's order. *Avalos*, 798 F. Supp. 2d at 1160. "Legal conclusions are reviewable de novo to determine whether they are contrary to law." *Calderon v. Experian Info. Solutions, Inc*., 290 F.R.D. 508, 511 (D. Idaho 2013). "An order is

4

1  contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of

2  procedure." *Id.* (internal quotation and citation omitted).

3  ### III.    DISCUSSION

4  **A.    General Objection**

5    Defendants argue the Discovery Order's rulings on all the disputed RFAs are contrary to

6  law because the magistrate judge did not provide a sufficient "statement of reasons" as required

7  by Local Rule 303(a)[1]. Though the magistrate judge had Defendants' objections to the RFAs

8  before her, she did not specifically address any of those objections. (*See* Doc. 107 at 12–13 (citing

9  Doc. 74-1).) Instead, the Discovery Order addressed Defendants' objections in only one place, in

10  comments relating to the ruling on RFA No. 52, wherein the Discovery Order indicated that

11  "Defendant provides no meaningful objection to this request." (Doc. 107 at 12–13.)

12    This is not a failure to provide a written explanation for the ruling; it is a not uncommon

13  way to concisely reject the objections on their merits. Defendants fail to cite any authority for the

14  proposition that a statement of reasons is insufficient for purposes of Local Rule 303(a) because it

15  does not address objections in a particular way. The motion for reconsideration is **DENIED** on

16  this ground.

17  **B.    RFA Nos. 21, 28, 30, 31 as to RCESD and FCSS**

18    Defendants argue that by granting the motion to compel as to RFA Nos. 21, 28, 30, and

19  31, the Discovery Order was clearly erroneous and contrary to law because those RFAs lacked

20  sufficient clarity. (Doc. 107 at 13.)

21    RFA No. 21 asked Defendants to:

22  > Admit that the document attached hereto as Exhibit "21" and
23  > produced in discovery as Bates Stamp Number BW000334 is a
   > genuine copy of the Accounts Payable Hold Notice YOU and/or
24  > FCSS issued regarding PLAINTIFF's January 25, 2019 check.

25  (Doc. 84 at 2.) Defendant RCESD's response states:

26  ---

[1] Local Rule 303(a) provides: "In accordance with 28 U.S.C. § 636(b)(1), a Magistrate Judge shall hear,
27  conduct such evidentiary hearings as are appropriate in, and determine all general pretrial matters referred
in accordance with L.R. 302. Rulings of the Magistrate Judge <u>shall be in writing with a statement of the</u>
28  <u>reasons therefor</u> and shall be filed and
served on all parties." (Emphasis added.)

1

2

3

4

5

> Subject to, and without waiving, the objections in the original response which are incorporated herein, and subject to the explicit qualification that Responding Party's response is on only its behalf, Responding Party hereby responds for itself and no other party or third party in this action and admits that Exhibit "21" to the Request for Admission is a genuine copy of a document labeled "ACCOUNTS PAYABLE HOLD NOTICE" regarding "District Name" of "Raisin City ESD", "Vendor Name" of "Pacific Rim Business Solutions", and "Check Issue Date" of "01/25/19".

6

(*Id.*, at 2–3).[2]

7

The Discovery Order provided the following reasoning to support granting the motion to

8

compel as to RFA No. 21:

9

10

11

12

13

14

15

> The Court will grant the motion to compel. As discussed above, the Federal Rules of Civil Procedure state that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

16

17

18

> Defendants' responses do not comply with these rules. They do not include any admission or a denial. They do not include any reason why the answer cannot be admitted. Instead, Defendants include a different statement and then admit to their own statement, without explicitly denying the parts of the statement they failed to include.

19

20

21

22

23

24

> While the Court does not purport to know the relevant changes and omissions in Defendants' revised statements, some are apparent. Plaintiff's request for admission includes the statement that the document is one that "YOU and/or FCSS issued." Defendants do not address this aspect of the request in their response. Additionally, Plaintiff's request asks for an admission that the document is an "Accounts Payable Hold Notice." Yet Defendants' response merely states that it is "labeled ACCOUNTS PAYABLE HOLD NOTICE," without saying that the document is an Accounts Payable Hold Notice. While this change in wording may or may not be material, Defendants' attempt to recharacterize the requests in their responses is improper. Defendants must respond to the request as written, and as required by the Federal Rules.

25

(Doc. 89 at 5–6.)

26

Defendants' primary argument for reconsideration of this ruling is that their response

27

28

---

[2] The request sent to Defendant FCSS and Defendant FCSS's response are essentially identical. (Doc. 84 at 9.)

1    provided important clarification of what they assert was a "fundamentally vague and ambiguous"

2    request for admission. (Doc. 107 at 13.) Defendants contend that, though they admitted to the

3    genuineness of the document at issue, they were not required to admit to Plaintiff's

4    characterization of the document as an "Accounts Payable Hold Notice." (*See id*. at 14.) This may

5    be so, but the problem is that Defendants' response did not "specifically deny it or state in detail

6    why the answering party cannot truthfully admit or deny it," but rather recharacterized the

7    request. The Discovery Order properly rejected this approach as noncompliant.

8         The cases cited by the Defense (*see* Doc. 107 at 14–15) on this point are inapposite. *In

9    Est. of Donald J. Bruess ex rel. Bruess v. Blount Int'l, Inc*., No. C09-2055, 2011 WL 2133626, at

10   *3 (N.D. Iowa May 26, 2011), the plaintiff propounded RFAs that utilized the phrase "lawn

11   tractor" but the defendant objected to the phrase and instead use the word "mower" in response

12   and explained why the phrase "lawn tractor" was misleading and implied certain similarities to

13   agricultural equipment. *Id*. The court found the defendant's response "fairly responds to the

14   substance of the request," by clarifying terminology while admitting to the essential facts at issue.

15   *Id.; see also Lakehead Pipe Line Co. v. Am. Home Assur. Co*., 177 F.R.D. 454, 457 (D. Minn.

16   1997) (approving of qualified responses to RFAs that "admitted to the authenticity of the

17   documents, but [ ] objected to the [d]efendants' effort to obtain, by implication, a synoptic

18   characterization of the documents, or a gloss as to their intendment, on the specific ground that

19   the documents speak for themselves"). In contrast, Defendants' response to RFA No. 21 fails to

20   fairly respond to the substance of the request because it admitted only that the document in

21   question was "labeled" a certain way without explaining why that qualification was necessary.

22        Defendants also contend that by including in the RFA the statement "YOU and/or FCSS

23   issued" the Plaintiff rendered the request "obviously compound," an objection Defendants timely

24   raised but the Discovery Order failed to directly address. (Doc. 107 at 16; *see also* Doc. 74-1 at

25   39.) It is true that requests for admissions may not contain compound, conjunctive, or disjunctive

26   (e.g., "and/or") statements. *See U.S. ex rel. Englund v. Los Angeles Cnty*., 235 F.R.D. 675, 684

27   (E.D. Cal. 2006). However, the mere presence of "and/or" language does not end the inquiry. As

28   explained in *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619–21 (S.D.N.Y. 1990), the key

7

1   inquiry is whether a facially "compound" RFA is nonetheless capable of being answered with a

2   simple "yes" or "no." Compound requests that are "capable of separation into distinct

3   components" should be denied or admitted with appropriate designation or qualification by

4   defendant in its response. *Id*. at 621; *see also City of Colton v. Am. Promotional Events, Inc.*,

5   Case No. ED CV 09-01864 PSG (SSx), 2012 WL 13013378, at *3 (C.D. Cal. Jan. 27, 2012)

6   (ordering response to RFA containing "and/or" language to the best of the responding party's

7   ability); *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No.

8   15CV1401-BEN-MDD, 2017 WL 3877731, at *2 (S.D. Cal. Sept. 5, 2017) ("Requests for

9   admission may not contain compound, conjunctive, or disjunctive (e.g., 'and/or') statements.

10  However, a party may not avoid responding based on technicalities. For example, a party who is

11  unable to agree with the exact wording of the request for admission should agree to an alternate

12  wording or stipulation.") (cleaned up).

13       To the extent RFA No. 21 is truly compound, it could have been separated into component

14  parts by segregating the two defendants to which it is addressed. RFA Nos. 30 and 31 contain

15  similar "and/or" references to multiple defendants (*see* Doc. 74-1 at 42–43) and can likewise be

16  separated into component parts.  RFA No. 28 (*id*. at 41) is not even arguably compound. For these

17  reasons, the Court finds no error in the Discovery Order's treatment of the motion to compel as to

18  RFA Nos. 21, 28, 30, and 31 for RCESD. The request for reconsideration is **DENIED** as to these

19  issues.

20  **C.      RFA No. 36 for RCESD**

21       Defendants next argue that the Discovery Order was clearly erroneous as to RFA No. 36

22  for RCESD because RCESD's supplemental response, served after the motion to compel was

23  filed, rendered the issue moot at the time of the ruling on the motion to compel. (Doc. 107 at 17.)

24  Alternatively, the Defense contends the magistrate judge's ruling was clearly erroneous because

25  the ruling is "uncertain." (*Id*. at 17–18.)

26       RFA No. 36 stated:

27           Admit that, during the period at issue in this ACTION, YOU were
             responsible for compensating PLAINTIFF for the services she
28           performed on behalf of YOU.

8

(Doc. 74-1 at 45.) RCESD's initial response was follows:

> In addition to the General Objections, which Responding Party incorporates herein by this reference, Responding Party further objects on the ground the phrase "during the period at issue in this ACTION" is vague, ambiguous, and unintelligible. Responding Party further objects on the grounds the request is vague, ambiguous and unintelligible because of the definition of PLAINTIFF as "BRENDA J. WEIL, a plaintiff in the above-entitled action, and each and every person acting as her agent or representative, or acting under her control or on her behalf." Responding Party further objects on the ground that the remainder of this request fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2) but instead the request presents a number of compound issues within a single request, specifically as a result of the definition of PLAINTIFF.

(*Id.*) RCESD further responded:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party responds as follows: Admit that Responding Party paid PLAINTIFF for all services she performed as evidenced by PLAINTIFF'S timesheets and invoices.

(*Id.*) RCESD later supplemented its response as follows:

> Subject to, and without waiving, the objections in the original response which are incorporated herein, Responding Party responds as follows: Responding Party admits that Responding was responsible for compensating PLAINTIFF for the services she performed on behalf of Responding Party as billed to Responding Party in her time sheets and/or invoices.

(Doc. 84 at 4.)

The Court agrees with Plaintiff (*see* Doc. 112 at 12) that RFA No. 36 does not ask RCESD to admit that it was responsible for compensating Plaintiff for work "as billed." (Doc. 112 at 12.) Rather, the RFA asks RCESD to admit that it is responsible for compensating Plaintiff for the services she performed on behalf of RCESD, regardless of whether Plaintiffs work performed was "billed" or otherwise captured on a submitted time record. (*See id.*) Accordingly, RCESD's supplemental response remained deficient, and the motion was not moot.

The "uncertainty" argument requires some unpacking. The Discovery Order addressed RFA No. 36 by simply stating the motion was granted "for the same reason discussed above." (Doc. 89 at 8.) This same language was used to explain why the motion to compel was granted as to the three preceding RFAs (Nos. 28, 30, 31). (Doc. 89 at 6–7.) Immediately preceding those

1  rulings was the ruling on RFA No. 21 quoted above:

> The Court will grant the motion to compel. As discussed above, the Federal Rules of Civil Procedure state that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).
>
> Defendants' responses do not comply with these rules. They do not include any admission or a denial. They do not include any reason why the answer cannot be admitted. Instead, Defendants include a different statement and then admit to their own statement, without explicitly denying the parts of the statement they failed to include.

(Doc. 89 at 5–6.)

The Court finds the reasoning to be clear: the Discovery Order granted the motion to compel as to RFA No. 36 because RCESD again attempted to change the issue by modifying the statement to which it then admitted. Defendants again challenge the reasoning as erroneous, arguing the supplemental response was simply a qualification:

> [T]he admission again necessitated qualification. Plaintiff wanted an admission regarding blanket "services performed on behalf of" RCESD. RCESD responded with an admission and qualified "services", as it is permitted and expected to do under Rule 36, by specifying those "services [Plaintiff] performed on behalf of Responding Party as billed to Responding Party in her time sheets and/or invoices." Qualification of the response was clearly necessary because RCESD is not responsible to compensate Plaintiff for services for which RCESD was not billed. Without such a qualification, the alternative was to deny, but the response more consistent with the rules was to admit with qualification.

(Doc. 107 at 18.) Defendants further point out that Plaintiff testified at her deposition that she billed RCESD for all her time. (*Id.* (citing Doc. 75-1 at 41).)

The Court is not convinced that the Discovery Order was erroneous as to this issue. As Defendants point out, Plaintiff's deposition, taken in January 2023, which well before the supplemental response to this RFA was served in November 2023 (*see* Doc. 84 at 2), establishes that there is no daylight between the services provided and the services billed to RCESD.

1   Accordingly, there does not seem to be any need for the qualification the Defense asserts is

2   "necessary," and certainly not a need so apparent as to obviate the need for RCESD to provide an

3   explanation for the qualification.  The request for reconsideration is **DENIED** as to RFA No. 36

4   for RCESD.

5   **D.      RFA No. 52 for RCESD**

6           Defendant next moves for reconsideration of the Discovery Order's ruling on RFA No.

7   52, which requested that RCESD:

8               Admit that, between April 1, 2015 and September 30, 2019,
            PLAINTIFF's services for YOU and/or FCSS were performed in an
9           "at will" capacity.

10  (Doc. 74-1 at 51.) RCESD's current response reads:

11              Subject to, and without waiving, the objections in the original
            response which are incorporated herein, construing "at-will" in the
12          context of the agreement of October 2014 and subsequent similar
            agreements alleged in the complaint, and subject to the explicit
13          qualification that Responding Party's response is on only its behalf,
            Responding Party hereby responds for itself and no other party or
14          third party in this action as follows: Responding Party admits that it
            could decline to renew agreements, or enter new ones, at the
15          expiration of their respective terms or not provide projects to
            PLAINTIFF, either as BRENDA J. WEIL or Pacific Rim Business
16          Solutions.

17  (Doc. 84 at 6.)

18          The Discovery Order granted the motion to compel as to this RFA and provided the

19  following reasoning:

20              Instead of admitting or denying the request as phrased by Plaintiff,
            Defendant RCESD has recharacterized the response. Plaintiff is
21          entitled to a clear admission or denial as to whether Plaintiff's
            services were performed in an "at-will" capacity, and Defendant
22          provides no meaningful objection to this request.

23  (Doc. 89 at 10.) Defendants' argument for reconsideration on this RFA is as follows:

24              Here, if Defendants responded with only "admit", it is uncertain what
            this would have admitted and would have opened up the admission
25          for misinterpretation by Plaintiff, which would then ultimately
            necessitate opposition by Defendants. As an example, a simple
26          "admit" without qualification could mean that Defendants admitted
            that at all times between April 1, 2015 and September 30, 2019,
27          Plaintiff's services were performed in an "at will" capacity, or that at
            one or more discrete periods of time between those dates, Plaintiff's
28          services were performed in an "at will" capacity. As another

11

example, a simple "admit" without qualification could mean that Defendants admitted that Plaintiff's services were performed in an "at will" capacity suggestive of some amorphous, common law sense of employment (which could very well be Plaintiff's intent, since Plaintiff now wants to re-characterize her independent contractor status as an employee status long after the fact), despite Defendants contesting her characterization as an employee, since, among other reasons, Plaintiff provided services to RCESD pursuant to a written independent contractor agreement, as explained by Defendants in their opposition to the motion. These are just some of the ambiguities that would inevitably result from a simple "admit" without qualification, and this circumstance flows unavoidably from the fact that the request is itself ambiguous.

Alternatively, a simple "deny" without qualification would ignore the fact that, in the actual context that appears to have been deliberately omitted by Plaintiff in the request, one of the independent contractor agreements that are relevant to this action refers to "at will". As explained in Defendants' opposition, because an agreement refers to "at will", it was necessary, in order to respond accurately, to qualify the response and reference the agreements between Plaintiff and RCESD.

Again, if a request for admission is not simple, direct, unambiguous, and capable of being answered without an explanation, then it necessitates some type of qualification.

(Doc. 107 at 21–22.)

In response, Plaintiff argues that the response given was no response at all because RCESD admitted only that it could decline to renew agreements, or enter new ones, at the expiration of their respective terms or not provide projects to Plaintiff. (Doc. 112 at 13.) This is indeed not the same as admitting (or denying) that Plaintiff's services were performed in an at will capacity.

The Court notes first that an "at-will" employment presupposes that there is an employment relationship as opposed to a contractual one. A relationship based upon contract can be terminated without penalty only based upon the terms of the contract. Conversely, an "at will" employment can be terminated for at the will of either party. The request, which asked the defendant to admit that the plaintiff worked in an "at will capacity" without defining that phrase, was vague and ambiguous.[3] Thus, because the Court finds that the Discovery Order failed to

---

[3] In doing so, the Court recognizes that it would have been a simple matter—and consistent with the law—for the defense to deny the request with the qualification that "at-will capacity" meant that the plaintiff was an "at-will" employee and further deny that the plaintiff was an employee. Answering in the way the defense did and then doubling down in the motion to compel and in this motion for reconsideration took

address the lack of definition for the phrase "at will capacity" in the request, the motion for

reconsideration is **GRANTED** on this issue.

**E.     RFA No. 44 for RCESD**

Defendant raises a similar concern alongside a new one as to the Discovery Order's ruling

on RFA No. 44, which requested that RCESD:

> Admit that the California Public Employees' Retirement System
> ("CalPERS") determined that, during the period of April 1, 2015 to
> March 31, 2017, PLAINTIFF provided training to RCESD school
> employees.

(Doc. 74-1 at 45–46.) RCESD's current response reads:

> Subject to, and without waiving, the objections in the original
> response which are incorporated herein, Responding Party admits
> that in a letter dated June 25, 2019, from CalPERS to "Brenda Weil",
> CalPERS stated that she "provided training to RESD school
> employees."

(Doc. 84 at 4.) The Discovery Order granted the motion to compel as to this RFA "[f]or the same

reason discussed above," (Doc. 89 at 8), another apparent reference to the reasoning provided in

relation to RFA No. 21.

The Defense first argues that applying this reasoning as to RFA No. 44 is erroneous. (Doc.

107 at 19.) More compellingly, they argue that granting the motion as to RFA 44 is inconsistent with

the Discovery Order's contrary ruling as to similar RFA Nos. 49, 51, 53, 55, and 61, all of which

sought similar admissions that CalPERS made various determinations. (*Id.*) Indeed, the Discovery

Order denied the motion as to these similar RFAs on the ground that the requests ask for admissions

related to "purported determination[s] by a third party, CalPERS," and thus that the response is

adequate. (*See* Doc. 89 at 9–11.) Plaintiff responds on this point by simply arguing that "each

request is unique and a ruling on one does not compel a ruling on another" (Doc. 112 at 7), yet

this does little to explain the facially apparent inconsistency between the ruling on RFA No. 44 and

the contrary ruling on similar RFA Nos . 49, 51, 53, 55, and 61. This inconsistency is not explained

and appears most likely to have been caused by a scrivener's error. Under these circumstances,

_____

the proverbial mole hill and built it into Mt. Everest. Civility costs nothing, but the defense response has
cost both sides and the Court—which can scarcely afford to expend its limited judicial resources in this
way as demonstrated by the significant delay in its ability to address this motion.

1    reconsideration on this RFA is appropriate. The motion for reconsideration is **GRANTED** as to RFA

2    No. 44 for RCESD.

3    **F.       RFA Nos. 96-101 for RCESD; RFA Nos. 102-107 for FCSS.**

4            RFA 96 asks RCESD to

5                   Admit that the services and/or work PLAINTIFF performed for YOU
                    in 2014 were part of YOUR normal financial and/or business
6                   operations.

7    (Doc. 84 at 7.) RCESD's Current response is:

8                   Subject to, and without waiving, the objections in the original
                    response which are incorporated herein, and construing PLAINTIFF
9                   to include Pacific Rim Business Solutions, Responding Party
                    responds as follows: Responding Party admits that some services
10                  and/or work PLAINTIFF performed for RCESD in 2014, if any,
                    were part of RCESD's normal financial and/or business operations
11                  but Responding Party makes no admission, and is not asked to in the
                    request, to identify which services and/or work was part of RCESD's
12                  normal financial and/or business operations.

13   (*Id*.) RFA Nos. 97 through 101 and RCESD's responses are identical except they address 2015,

14   2016, 2017, 2018, and 2019. (Doc. 84 at 7–9.) RFA No. 102 for FCSS asks FCSS to:

15                  Admit that the services and/or work PLAINTIFF performed for
                    RCESD in 2014 were part of RCESD's normal financial and/or
16                  business operations.

17   (Doc. 84 at 13.) FCSS' current response is:

18                  Subject to, and without waiving, the objections in the original
                    response which are incorporated herein, and construing PLAINTIFF
19                  to include Pacific Rim Business Solutions, Responding Party
                    responds as follows: Responding Party admits that some services
20                  and/or work PLAINTIFF performed for RCESD in 2014, if any,
                    were part of RCESD's normal financial and/or business operations
21                  but Responding Party makes no admission, and is not asked to in the
                    request, to identify which services and/or work was part of RCESD's
22                  normal financial and/or business operations.

23   (*Id*.) Again, RFAs 103 through 107 and FCSS's responses are substantially identical as to 2015,

24   2016, 2017, 2018, 2019. (Doc. 84 at 13–15.) The Discovery Order granted the motion to compel

25   as to all these RFAs for the following reason:

26                  Defendants' response improperly includes limitations to the request,
                    including admitting the relevant fact only as to "some" of the services
27                  "if any." Moreover, it's purported limitation that it will make no[]
                    admission to identify which services were part of RCESD's normal
28                  financial and/or business operations is not sensical and only serves

1
2

> to suggest in [an] ambiguous way that not all work performed by Plaintiff was part of RCESD's normal financial and/or business operations.

3

(Doc. 89 at 12–14.)

4

Defendants argue in their motion for reconsideration that this ruling was erroneous

5

because it the Discovery Order did not expressly determine that the request was relevant and did

6

not expressly address the Defense's objections. (Doc. 107 at 22–23.)  Though Defendants cite

7

cases that articulate the general principles that only relevant information is discoverable and that

8

the party moving to compel bears the burden of establishing relevance, (Doc. 107 at 23 (citing

9

*United States ex rel. Savage v. CH2M Hill Plateau Remediation Co*., No. 4:14-CV-05002-SMJ,

10

2020 WL 8678015, at *1 (E.D. Wash. Apr. 20, 2020); *Cooper v. Sely*, No. 1:11-CV-00544-AWI,

11

2013 WL 1682243, at *1 (E.D. Cal. Apr. 17, 2013)), they cite nothing to establish that a court

12

commits clear error simply by failing to confirm relevance or directly address objections.

13

Moreover, the Discovery Order indicates that the fact at issue in each RFA is "relevant."

14

Defendant next argues that because Plaintiff never established the relevance of these

15

requests, the burden never shifted to Defendants to justify its objections. (Doc. 107 at 23); *see*

16

*also Kearns v. Loandepot.com*, LLC, No. 8:22-CV-01217 JWH (JDEx), 2023 WL 9375111, at *4

17

(C.D. Cal. Dec. 4, 2023) ("[U]pon a motion to compel discovery, the movant has the initial

18

burden of demonstrating relevance. In turn, the party opposing discovery has the burden of

19

showing that discovery should not be allowed, and also has the burden of clarifying, explaining

20

and supporting its objections with competent evidence."). Relevance under Rule 26(b)(1) is

21

defined broadly*, see Snipes v. United States*, 334 F.R.D. 548, 550 (N.D. Cal. 2020), keeping in

22

mind "the purpose of discovery is to remove surprise from trial preparation so the parties can

23

obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc*., 258

24

F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted). Though the scope of discovery is not

25

without boundaries, *see Kearns,* 2023 WL 9375111, at *2 (citing *Rivera v. NIBCO, Inc*., 364 F.3d

26

1057, 1072 (9th Cir. 2004) (indicating district courts need not condone the use of discovery to

27

engage in "fishing expeditions"), district courts have broad discretion in determining relevancy

28

for discovery purposes. *Id*. To the extent the Discovery Order does not make it sufficiently clear

1   that these RFAs seek relevant information, the Court makes the finding of relevance based on the

2   fact that whether the work Plaintiff performed was part of RCESD's normal financial/business

3   operations bears on whether Plaintiff's liability to CalPERS stemmed from Defendants acts or

4   omissions; whether Defendants had reason to promise to reimburse her for payments she had to

5   make to CalPERS; and other facts that are potentially material to Plaintiff's implied contractual

6   indemnity and equitable indemnity causes of action. (*See generally* Doc. 11 at ¶¶ 74–83.)

7        Finally, Defendants again point to their other objections to these RFAs:

8       Objections include, but are not limited to, that the request is
9   compound and fails to separately set forth each matter for which
     admission is sought, is vague and ambiguous as to "normal financial
     and/or business operations and because PLAINTIFF is defined as
10   'BRENDA J. WEIL, a plaintiff in the above-entitled action, and each
     and every person acting as her agent or representative, or acting
11   under her control or on her behalf.'"

12   (Doc. 107 at 23.) Notably, Defendants did not press these objections in their opposition to the

13   motion to compel. The Court  does not find that the order should be reconsidered because the

14   Magistrate judge did not manufacture these arguments for the defense. Moreover, these

15   objections are without merit. The compound objection is unfounded because, to the extent

16   necessary, a response could be articulated by separating the request into distinct component parts.

17   The objection regarding the term "Plaintiff" being defined in the RFAs as including her agents,

18   representatives, or those acting under her control or on her behalf is likewise unmeritorious.

19   Defendants could have and did respond to many of the RFAs by narrowing the focus of the term

20   "Plaintiff." (*See* Doc. 84 at 6 (RCESD's Current Response to RFA No. 52 providing in part:

21   "Responding Party admits that it could decline to renew agreements, or enter new ones, at the

22   expiration of their respective terms or not provide projects to PLAINTIFF, either as BRENDA J.

23   WEIL or Pacific Rim Business Solutions.").) Thus, the Discovery Order did not clearly err by

24   failing to directly address them.

25        Finally, the Defense suggests that the Discovery Order does not clearly explain why their

26   response is "not sensical."(Doc. 107 at 23.) The Discovery Order could not be more clear. It

27   identified the central problem, namely that the response is qualified by the terms "some" and "if

28   any." (Doc. 89 at 12.) The insertion of the phrase "if any" is particularly problematic as it has the

1    potential to turn a "yes" into a "no" and therefore renders the entire response ambiguous. Thus,

2    the request for reconsideration is **DENIED** as to RFA Nos. 96-101 for RCESD and Nos. 102-107

3    for FCSS.

4    **G.**    **Privilege Log**

5          Defendants next argues that the Discovery Order clearly erred by requiring Defendants to

6    supplement the privilege log they produced in connection with documents withheld in response to

7    RFP, Set One, Nos. 17, 18, 68[4], 69, 84, 115, 118, 119, (*see* Doc. No. 74-1 at 75-79), and

8    Defendant FCSS's logs for RFP, Set One, Nos. 27, 28, 29, 30, 34, 42 and 53, (*id.* at 125-127).

9    (*See* Doc. 89 at 20; Doc. 107 at 25–29.)

10          The Discovery Order's ruling provides the backdrop for this aspect of the motion for

11    reconsideration, so the Court includes it here in its entirety:

12          Plaintiff contends that the privilege logs provided by Defendants in
13          response to Plaintiff's Request for Production, Set One, are deficient.
(ECF No. 74-1, p. 11). Specifically, Plaintiff argues that Defendant
14          RCESD's logs for RFP, Set One, Nos. 17, 18, 68, 69, 84, 115, 118,
119, (*id.*, pp. 75-79), and Defendant FCSS's logs for RFP, Set One,
15          Nos. 27, 28, 29, 30, 34, 42 and 53, (*id.*, pp. 125-127) are
impermissibly vague and fail to describe or identify the withheld
16          documents in compliance with Federal Rule of Civil Procedure
26(b)(5)(A). (*Id.*)

17          The entries at issue reference categories of documents without
18          providing the date or any document ("No date limitations"), a
description of the document ("DOCUMENTS as defined in the
19          request"), a specific subject description ("All confidential
communications between counsel for RCESD and RCESD relating to
20          PLAINTIFF, as that term is defined. All attorney research, analysis,
opinion, and consulting with experts, concerning proceedings and/or
21          litigation involving 'PLAINTIFF' or the status of PLAINTIFF as an
employee or independent contractor."); any author's names ("RCESD
22          attorneys and staff; RCESD superintendent, Board members and
employees; expert consultants").

23          Defendants argue in response that their log is sufficient because "the
24          defined terms are impermissible blanket requests and create an
unreasonable burden on Responding Party to identify every privileged
25          document." Defendants also claim that "if the production of a
document-by-document privilege log would be "unduly burdensome,"

26

27

28

---

[4] By way of example, Request No. 17 to RCESD sought "[a]ny and all DOCUMENTS that RELATE TO PLAINTIFF"; Request No. 18 to RCESD sought "[a]ny and all COMMUNICATIONS that RELATE TO PLAINTIFF"; and "Request No. 68 to RCESD sought "[a]ny and all DOCUMENTS reviewed by YOU regarding the status of PLAINTIFF as an employee or independent contractor for the time period of January 1, 2012 through present." (Doc. 74-1 at 216.)

the requirements of Rule 26(b)(5)(A) may be complied with by crafting a privilege log in some other format. Moreover, they argue that the requests do not contain a date cut-off and would therefore include communications to the present.

Federal Rule of Civil Procedure 26(b)(5) governs the disclosure requirements when documents are withheld as privileged. That rule states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) Expressly make the claim; and
>
> (ii) Describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Fed. R. Civ. P. 26(b)(5)(A). Moreover, the Advisory Committee Notes to this Rule provides the following guidance:

> The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. . . . The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, person, general subject matter, etc., may be appropriate if only a few items are withhold, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.

Fed. R. Civ. P. 26, Advisory Committee's Notes to 1993 Amendments (emphasis added).

As to their first argument, Defendants do not explain why their privilege log entries are justified due to the fact "the defined terms are impermissible blanket requests." Defendants do not point to any such terms, or why those terms exempt them from the requirement of giving a privilege log. After all, Defendants presumably understood the requests sufficiently to gather responsive documents and then exclude them from production on the basis of privilege. Moreover, it appears that the documents concern fairly straightforward and relevant categories of documents concerning "proceedings and/or litigation involving Plaintiff or the status of Plaintiff as an employee or independent contractor."

Nor to the cases cited by Defendants support their position. In the unpublished case of *Herrera v. General Atomics*, No. 21-CV-1632-AJB(BLM), 2022 WL 1343001, at *6 (S.D. Cal., May 3, 2022), the Court declined to compel a privilege log listing of all responsive documents where the definitions would require listing of all communications with attorneys, who were included in the definition of

YOU, which "renders the RFPs impermissibly overbroad and creates an unreasonable burden on Defendant to identify every privileged document." However, the Court also held that "Defendant is ordered to reconsider the responsive documents by eliminating the Defendant's attorneys from the definition of 'YOU.' If under this new definition, Defendant is withholding relevant responsive documents on the grounds that they are privileged, Defendant must provide a privilege log identifying those documents to Plaintiff by May 13, 2022." *Id*. at *5.

Here, Defendants have not claimed that the scope of the requests is unreasonable broad or targeted to attorney-communication. Nor do they offer to provide a privilege log on some more limited subset of documents.

Defendants' reliance on the case of *Pizana v. Sanmedica International, LLC*, No. 1:18-cv-00644-DAD-SKO, 2020 WL 6075846, at *9 (E.D. Cal., Oct. 15, 2020) appears even more misplaced given that, in that case, the Magistrate Judge compelled Plaintiff's motion to compel a privilege log, stating:

> Plaintiff is entitled, however, to the discovery sought by RFP No. 45, which seeks documents pertaining to customer complaints about the Product made during the putative class period. (*See* Doc. 91-3 at 10.) Defendant objected that the request called for documents subject to the attorney-client and work product privileges, and it further responded that it would produce documents responsive to the request. (*See* 91-6 at 19–20.) **Both parties agree that a privilege log is required** but disagree on the timing of the log. Defendant states that although it has begun preparing a privilege log, such preparation is a "time consuming task," as Defendant has identified "more than 7000 documents as attorney-client communications (or potentially privileged communications)." (Doc. 91 at 61.) Plaintiff requests that the Court order production of Defendant's privilege log by a date certain. (*See id*. at 59.) Plaintiff's request is well-taken.
>
> RFP No. 45 was propounded six months ago—more than enough time to not only begin, but to substantially complete, a privilege log of this size. **Accordingly, Defendant will be required to provide a complete log of all documents responsive to RFP No. 45 but withheld on the basis of privilege within thirty (30) days of the date of this order**. As Defendant indicates in the parties' joint statement that it has produced all non-privileged documents that are responsive to RFP No. 45 (*see* Doc. 91 at 60–61), which Plaintiff does not contest, Plaintiff's motion to compel a further response to that request will be otherwise denied as moot.

*Id*. at *9 (emphasis added).

As to Defendants' argument that it would be unreasonably burdensome to list specific documents, Defendants do not provide any support for this position. They do not provide any estimate of the number of documents involved. Nor do they provide any estimate as to the amount

1

of time or burden involved.

2

While the Court agrees that something other than a document-by-document log could satisfy the requirements of Rule 26, Defendants do not even claim that their log does so. The log's categories are so broad that they do not provide useful information for evaluating the privilege, including, for example, whether the document provides legal advice, or comments on outstanding litigation. The description of the authors and recipients are similarly almost limitless and includes many categories of persons whose communications would not ordinarily be subject to privilege including RCESD "staff," RCESD superintendent, Board members, and employees. The categories lack any date limitation. Thus, while it is conceivably possible that a privilege log could comply with Rule 26 by use of categoric description, this one does not do so.

3

4

5

6

7

8

Defendants' final argument, that the date range runs through the present, is well taken. The Court will not compel further specification regarding any document dated after the filing of the complaint in this litigation because such documents would include voluminous privileged litigation correspondence.

9

10

11

Accordingly, Plaintiff's motion to compel Defendants to provide a revised privilege log for Defendant RCESD's logs for RFP, Set One, Nos. 17, 18, 68, 69, 84, 115, 118, 119 and Defendant FCSS's logs for RFP, Set One, Nos. 27, 28, 29, 30, 34, 42 and 53 is **GRANTED IN PART** as follows: No later than 45 days from the date of this order, Defendants shall supplement their privilege log to provide entries addressing the documents withheld in RFP, Set One, Nos. 17, 18, 68, 69, 84, 115, 118, 119, (*see* ECF No. 74-1, pp. 75-79), and Defendant FCSS's logs for RFP, Set One, Nos. 27, 28, 29, 30, 34, 42 and 53, (*id.*, pp. 125-127), in a form that complies with Federal Rule of Civil Procedure 26(b)(5)(A). However, Defendants need not include entries for any document dates after the date of the complaint in this action, i.e., February 2, 2021.

12

13

14

15

16

17

18

19

(Doc. 89 at 17–20.)

20

Defendants' primary argument for reconsideration of this ruling appears to boil down to

21

this: The Defense asserted numerous objections to the RFPs that spawned the privilege log. Those

22

objections were never ruled upon. As a result, Plaintiffs are not entitled to a more detailed

23

privilege log because they are not entitled to a privilege log at all unless and until the Court rules

24

on their objections. (Doc. 107 at 25–26.) In support of this argument, Defendants *cite Labbe' v.*

25

*Dometic Corp.*, No. 2:20-CV-01975 DAD DMC, 2023 WL 3994931, at *3 (E.D. Cal. June 14,

26

2023), in which the court addressed a request for reconsideration of the assigned magistrate

27

judge's determination that the defendant waived its asserted privileges by failing to provide a

28

privilege log. The district court found this to be error noting that "[n]umerous district courts in the

1    Ninth Circuit have held that a producing party need not produce a privilege log until the court

2    resolves its non-privilege objections (e.g., relevance objections)." *Id.* at *4. *Labbe*' is not directly

3    on point because Defendants <u>voluntarily produced a privilege log</u>. Plaintiffs point out that

4    Defendants have not cited any authority to justify their refusal to provide a Rule 26(b)(5)

5    compliant privilege log where they elected to do so.

6          Moreover, the Court is not persuaded by Defendants' suggestion that (1) the magistrate

7    judge was unaware of their objections or (2) that explicit rulings on those objections would

8    materially change the outcome of the privilege log ruling. As the Discovery Order explained:

> After all, Defendants presumably understood the requests sufficiently to gather responsive documents and then exclude them from production on the basis of privilege. Moreover, it appears that the documents concern fairly straightforward and relevant categories of documents concerning "proceedings and/or litigation involving Plaintiff or the status of Plaintiff as an employee or independent contractor."

13   (Doc. 89 at 18.) The motion for reconsideration is **DENIED** as to this issue.

14   **H.**    **Claims of Privilege**

15         Finally, Defendants take issue with the Discovery Order's determination that certain

16   emails were not privileged. Again, the Discovery Order's reasoning provides crucial context:

> As background, the Court held an informal discovery conference regarding Defendants' responses to Plaintiff's Requests for Production, Set One, on July 21, 2023. (ECF Nos. 52, 53, 54). At that conference, the parties indicated there was a dispute regarding documents created during the time Plaintiff and Defendant RCESD were both represented by the same counsel, Scott Kivel, as part of the underlying CalPERS litigation. The Court did not make a formal ruling regarding the dispute but directed the parties to file a joint discovery statement following meet and confer efforts. (ECF No. 55).
>
> The parties' joint discovery statement outlined the parties' dispute as to documents that were part of Plaintiff's client file when she was represented by Mr. Kivel, including those identified in Defendants' privilege log as PL-RCSD090-0292. (ECF No. 56, pp. 17-23). The Court held a hearing in response to the parties' discovery statement on September 9, 2023. (ECF No. 57). Following the hearing, the Court granted Plaintiff's motion to compel "as to documents identified in Defendants' privilege log as having been created, sent, or received by Mr. Kivel prior to November 26, 2019" and "as to documents identified in Defendants' privilege log as PL-RCSD0290 through PL-RCSD0292." (ECF No. 58). The Court directed Defendants to produce the identified documents by September 22, 2023. (*Id.*)

The Court held another informal dispute conference regarding Plaintiff's deposition of Defendant FCSS's Rule (30(b)(6) witness on September 29, 2023. (ECF Nos. 64, 65, 67). The Court granted Plaintiff permission to file a motion to compel and/or motion for sanctions regarding any outstanding discovery requests. (ECF No. 68).

Plaintiff's instant motion to compel argues that Defendants' privilege logs indicate that Defendants continue to impermissibly withhold responsive documents on the basis of attorney-client privilege, work product, or privacy that were created or transmitted during the time Mr. Kivel jointly represented Plaintiff and Defendant RCESD. (ECF No. 74-1, p. 12). Plaintiff's motion seeks to compel all documents that are either identified in RCESD's privilege log for RFP, Set One, Nos. 75, 83, 94, 95, 96, and 97 as "Scott Kivel representation" and/or created or transmitted during the joint representation period of September 25, 2018 through November 26, 2019 (ECF No. 74-1, p. 13; *see id.*, pp. 75-79 ["RCESD's Privilege Log, RFP, Set One"]). As set forth in Defendant RCESD's privilege log, the documents described as "Scott Kivel representation" are identified as an email string between former RCESD Superintendent Juan R. Sandoval and Mr. Kivel dated September 27-28, 2018. Additionally, Plaintiff seeks to compel a November 27, 2019 email string between Mr. Sandoval and Mr. Kivel regarding "Weil's file" as identified in RCESD's privilege log for RFP, Set One, Nos. 98, 99, 104, and 105. (*Id.*)

In opposition, Defendants argue that they have not withheld any documents that they were ordered to produce by the Court's order. (ECF No. 75, p. 14). Defendants contend that Plaintiff's motion should be denied as to the September 2018 email string because Plaintiff has not established an initial date of joint representation and because the retainer agreement between Mrs. Kivel and RCESD is dated October 9, 2018. (*Id.*, pp. 14-15). As for the November 2019 email string, Defendants argue that they were not required to produce the email because it was dated one day after the period of joint representation identified by the Court (i.e., prior to November 26, 2019) and because Plaintiff is not included on the email. (*Id.*, p. 15). Defendants also argue that Plaintiff's motion to compel should be denied because each request from Plaintiff's RFP, Set One identified in Defendants' privilege logs was also objected to on other grounds. (*Id.*)

However, notwithstanding their arguments as to why they should not be compelled to produce the September 2018 documents or November 27, 2019 email string, Defendants represent that Mr. Kivel produced to Plaintiff additional documents, "includ[ing] all of the specifically identified documents in the privilege log subject to Plaintiff's motion to compel, one of which is also on the privilege log of Kivel documents previously considered by this Court but was not ordered to be produced." (ECF No. 75, p. 13). In reply, Plaintiff seeks the Court's ruling regarding the September 2018 documents and November 27, 2019 emails "with respect to whether such documents were improperly withheld by Defendants or, alternatively, improperly produced by Mr. Kivel and should be destroyed/not used." (ECF No. 78, p. 9).[3]

*i. September 2018 Emails*

The Court finds that the September 27-28, 2018 emails between Mr. Kivel and Mr. Sandoval identified in Defendant RCESD's privilege log as "Scott Kivel Representation" are not privileged under the joint representation exception. *See* Cal. Evid. Code § 962 ("Where two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them, nor the successor in interest in any of them may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients (or his successor in interest) and another of such clients (or his successor in interest).").[Fn] Here, the initial email sent by Mr. Sandoval to Mr. Kivel concerns the joint representation of both Defendant RCESD and Plaintiff in appealing the CalPERS determination. Although Defendants argue that no joint client relationship existed at that time because the retainer agreement was not executed until October 9, 2018, "the joint-client exception contained in section 962 contains no limitation to communications within the scope of the fee agreement. Section 962 does not even require a fee agreement." *Vieste, LLC v. Hill Redwood Development*, No. C009004024 JSW, 2010 WL 4807058, at * 4 (N.D. Cal. Nov 18, 2010). Moreover, the September 27-28, 2018 emails clearly concern the handling of the CalPERS determination on behalf of Defendant RCESD and Plaintiff, i.e., the matter of common interest between Defendant RCESD and Plaintiff. *Cf. Glacier Gen. Assurance Co. v. Super. Ct.*, 95 Cal.App.3d 836, 842 (1979) ("[W]hen an insurer, is required by its contract of insurance, employs counsel to defend its insured, any communication with the lawyer concerning the handling of the claim against the insured, is necessarily a matter of common interest to both the insured and the insurer.").

Accordingly, Plaintiff's motion to compel the production of the September 27-28, 2018 email string between Mr. Kivel and Mr. Sandoval identified in Defendant RCESD's privilege log as "Scott Kivel Representation" and overrule the claim of privilege is **GRANTED**.

### ii. November 27, 2019 Emails

The Court finds that the November 27, 2019 email string between Mr. Kivel and Mr. Sandoval identified in Defendant RCESD's privilege log as "Weil's file" is not privileged under the joint client exception. Although the email post-dates (by one day) the termination of the joint client relationship, the email concerns the joint client relationship and Mr. Kivel's handling of the CalPERS determination on behalf of Defendant RCESD and Plaintiff.

Accordingly, Plaintiff's motion to compel the production of the November 27, 2019 emails string between Mr. Kivel and Mr. Sandoval identified in Defendant RCESD's privilege log as "Weil's file," and overrule the claim of privilege is **GRANTED**.

(Doc. 89 at 20–23, footnote omitted.)

Defendants advance several lines of attack against these rulings. The first set of arguments are familiar: they urge the Court to find the Discovery Order "contrary to law" because (1)

23

Plaintiff did not attempt to show the relevance of the requests at issue (2) nor address the non-privilege objections to those requests; and (3) as a result, the Discovery Order did not rule on the objections. (Doc. 107 at 29.) The Court does not find this compelling. Among other things, this disregards the procedure by which the issue was presented to the magistrate judge in the first place. In the joint statement of discovery dispute, the Defense argued primarily that these materials were not discoverable because the joint representation exception did not apply under the circumstances; Defendants did not focus the Court's attention on their other objections. (See Doc. 56 at 20–21.)

Defendants next re-argue the issue of whether Plaintiffs showed the existence of joint representation and whether the documents in question fell within the scope of the joint representation. For the reasons already discussed, this argument lacks merit and the motion is **DENIED** on this basis.

I.      **Sanctions**

Finally, Defendants generically argue that because the Discovery Order was erroneous as to all of the issues discussed above, they are entitled to have the sanctions award vacated. (Doc. 107 at 31.) Because the Court has denied their motion on all but two matters, and finds that the defense has unnecessarily multiplied this matter, vacating or reducing the sanctions award is not warranted. That request is **DENIED**.

IV.      **CONCLUSION AND ORDER**

For the reasons set forth above, the motion for reconsideration **is GRANTED IN PART AND DENIED IN PART**. Specifically, the motion is **GRANTED** as to RFA Nos. 44 and 52 and **DENIED** in all other respects.

IT IS SO ORDERED.

Dated:   __**November 19, 2024**__

_____
UNITED STATES DISTRICT JUDGE