**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA J. WEIL, | Case No. 1:21-cv-00500-JLT-EPG |
| Plaintiff,<br>v. | ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING |
| RAISIN CITY ELEMENTARY SCHOOL DISTRICT; FRESNO COUNTY SUPERINTENDENT OF SCHOOLS; and DOES 1 through 100, inclusive, | |
| Defendants. | |

The Court has completed a detailed review of the record of the case and finds that its decision-making will benefit from supplemental briefing.

**A. First Cause of Action: Breach of Contract**

Plaintiff alleges under the first cause of action that by misclassifying her as an independent contractor, she was deprived of many employment benefits—e.g., overtime wages and health insurance—that were earned but not given to her. (Doc. 11 at ¶¶ 69–71.) If Plaintiff was actually paid for all hours worked in accordance with the terms of the contracts, Defendants would not be liable for unpaid wages under a breach of contract theory.[1]

On the one hand, there is no dispute that Defendants have paid all amounts actually submitted through Plaintiff's timesheets and invoices. (Doc. 145-1 at 6 (undisputed material fact

---

[1] The parties agree that the Consulting Agreements do not contain a written indemnification clause. (Doc. 145-1 at 8.) To the extent Plaintiff claims there is an explicit oral indemnification clause, it could not have been tethered to the Consulting Agreements, all of which expressly disavow non-written representation or agreement. To the extent the promise or agreement to indemnify Plaintiff amounted to a standalone contract that is separate from the Consulting Agreements, it may be an unenforceable, unilateral illusory promise. To the extent that there is an implied contractual indemnification clause, it is addressed above.

1

No. 16).) On the other hand, Plaintiff contends that she "was not compensated for any of the financial work she performed" "during the period of mid-January 2019 through November 2019," (Doc. 155 at 23 (citing AUMF at 106, 171, 173, 175–90)), because "she was instructed" not to bill for her services in light of the then-pending CalPERS appeal, (*see* Doc. 145-1 at 5). This assertion is perplexing because her expert, Mr. Edward Garcia, reports that she received $44,072.29 from RCESD in 2019, according to an IRS Form 1099. (Doc. 134-4 at 521.)

Federal Rules of Civil Procedure 56(f) provides that "[a]fter giving notice and a reasonable time to respond," the Court may "grant the [summary judgment] motion on grounds not raised" by the parties or "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Accordingly, within 21 calendar days of the date of this order, the parties **SHALL** meet and confer before submitting a brief joint statement stating their respective positions on the question of whether Plaintiff was indeed paid for January through November of 2019.

**B. Sixth (State Law) and Seventh (Federal Law) Causes of Action: Overtime Pay**

1. FLRA: Greater Than Forty Hours Per Week

The seventh cause of action alleges that Plaintiff performed services for Defendants as a common law employee but without paying her overtime, as required by the federal Fair Labor Standards Act. (Doc. 11 at ¶¶ 115–21.) "The FLSA requires covered workers to be paid at least 1.5 times their normal rate for all work in excess of forty hours weekly, provided the employer has actual or constructive knowledge that the work is occurring. Employers who violate this requirement are liable for damages in the amount of the unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorney's fee . . . and costs." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1102 (9th Cir. 2018) (internal citations and quotation marks omitted) (alteration in original).

RCESD argues that Plaintiff has failed to establish that RCESD was on notice that she was engaged in overtime work because (i) she worked her own hours without strict supervision and (ii) her bills did not indicate her overtime hours. (Doc. 134-3 at 26.) The Court, however, notes that the timesheet for December 2016 clearly shows that Plaintiff worked 44 hours for the

week of December 12 to 16—specifically, she worked for eight hours each day, except that she worked 12 hours on Wednesday. (Doc. 134-4 at 374.) This timesheet was signed and dated by a supervisor or administrator. (*Id*.) A reasonable jury could infer from the timesheet and the accompanying signature that Defendants had actual or constructive knowledge that Plaintiff, on occasion, worked for more than forty hours per week.

Federal Rule of Civil Procedure 56(f)(2) provides that "[a]fter giving notice and a reasonable time to respond, the court may grant the [summary judgment] motion on grounds not raised" by the parties. Accordingly, within 21 calendar days of the date of this order, the parties **SHALL** meet and confer before submitting a brief joint statement addressing the significance of this finding.

2.   State Law: Greater Than Eight Hours Per Day

The FAC also alleges under the sixth cause of action that Defendants failed to provide overtime pay when she performed work in excess of eight hours per day, in violation of § 45128 of the California Education Code. (Doc. 11 at ¶¶ 106–14.) Defendants respond by engaging in complicated statutory interpretation and arguing that § 45128 does not create a private cause of action. (Doc. 134-3 at 22–24; Doc. 133-1 at 26-27.)

In the interest of judicial efficiency and just resolution of the case, the Court notes that there may be an easier path to address the sixth cause of action—that § 45128 is directed to the regulation of classified positions and employees. For one, the plain text of the statute mentions "classified positions" no fewer than three times. For another, § 45128 is located within Title 2, Division 3, Part 25, Chapter 5 of the education code, which regulates classified employees. Further, § 45100 expressly states that § 45128 shall apply to all classified employees. As such, the Court has substantial doubts as to whether Plaintiff worked as a classified employee, such that she may invoke Education Code Section 45128. *See, e.g.*, Cal. Educ. Code §§ 45100.5, 45101(a), 45103(b)(1–2), 45103(d)(3), 45139(b, h); *Wagner v. Muroc Joint Unified Sch. Dist.*, No. F040773, 2003 WL 22391053, at *8–9 (Cal. Ct. App. Oct. 21, 2003) (unpublished).

The Court recognizes that Defendants have made a similar argument in their joint MJOP, (Doc. 83-1 at 26; *see also* Doc. 88 at 10), and that Plaintiff entirely failed to respond to this

3

argument, (*see generally* Doc. 86). That said, the MJOP has been pending for more than two years, during which the parties have engaged in substantial discoveries. Thus, in the interest of fair and just resolution of this cause of action, within 21 calendar days of the date of this order, the parties **SHALL** meet and confer before submitting a brief joint statement addressing the question of whether Plaintiff was a classified employee, such that she may invoke § 45128.

**CONCLUSION**

Based upon the foregoing, the parties are **DIRECTED** to meet and confer before filing a joint status report responding to the Court's questions as to the first, sixth, and seventh causes of action. These briefs **SHALL NOT** exceed 7 pages.

IT IS SO ORDERED.

Dated:   **April 27, 2026**

UNITED STATES DISTRICT JUDGE